**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

STEPHEN J. and LINDA L. ROGERS,
Husband and Wife, )
)
et. al )
)
)
For Themselves and As Representatives of a )
Class of Similarly Situated Persons, )
)
Plaintiffs, )
)
vs. )
)
THE UNITED STATES OF AMERICA,

Defendant.

**NOTICE OF INDIRECTLY RELATED CASE**
**PURSUANT TO RULE 40.2(b)**

COMES NOW the Plaintiff and, pursuant to Rule 40.2 (b) and files this Notice of Indirectly Related Case. Plaintiff states as follows:

1. Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Rule 40.2 (b), "Whenever it appears to a party that there are two or more cases before the court that present common issues of fact and that transfer, consolidation, or the adoption of a coordinated discovery schedule would significantly promote the efficient administration of justice, the party may file a Notice of Indirectly Related Case(s)."

**_Rogers v. United States_ and _Bird Bay v. United States_ Present Common Issues of Law And Fact on The Issue of The Governments' Liability**

2. The immediate case "(*Rogers v. United States*") is a claim brought pursuant to the Fifth Amendment and the Tucker Act by a number of owners of property in Sarasota County, Florida seeking compensation for the property taken from them when the abandoned Seaboard Airline Railroad easement was converted to interim trail use and preserved for possible reactivation as a railroad corridor under Section 8 (d) of the 1983 amendments to the National Trails System Act, 16 U.S.C. §1247(d) ("Trails Act").

3. The named Plaintiffs in *Rogers v. United States* are principally the owners of residential properties in Sarasota County, Florida and they seek to have the case made a class action pursuant to Rule 23 RCFC.

4. Eight Sarasota County, Florida property owners filed a similar claim for compensation in the case Bird Bay Executive Golf Course, Inc. v. United States 07-426 L. (*Bird Bay v. United States*).

5. The Plaintiffs in *Bird Bay v. United States* do not seek to have the action made a class action but bring the case for compensation in their capacity as individual property owners.

6. Both *Bird Bay* and *Rogers* concern the same approximately 12 mile long railroad right-of-way originally established by the Seaboard Air Line Railway in 1910 and converted to interim trail use and possible railroad reactivation under the Notice of Interim Trail Use ("NITU") issued by the Surface Transportation Board (STB) on April 2, 2004.

7. *Bird Bay* and *Rogers* present common issues of law and fact on the issue of what property interest was held by the Seaboard Air Line Railway (and its successors,

the CSX and Seminole Gulf Railway) in the property that was subject to the abandoned right-of-way under the terms of the relevant easements and under Florida law.

**<u>*Bird Bay v. United States* Presents Unique Issues of Law And Fact on The Valuation Of The Plaintiff's Property Interest Taken By The Government</u>**

8. Much of the property owned by the named Plaintiffs in *Rogers v. United States* is such that it lends itself to valuation through a representative parcel valuation approach similar to that property valuation approach agreed to by the parties and adopted by the Court in the Trails Act cases, *Miller v. United States*, 67 Fed.Cl. 542, Fed.Cl., August 31, 2005 (No. 03-2489L.), *Illig v. United States*, 67 Fed.Cl. 47, Fed.Cl., July 27, 2005 (No. 98-934L) and, *Glosemeyer v. United States*, 45 Fed.Cl. 771, Fed.Cl., January 14, 2000 (No. 93-126L, 93-134L, 98-176L.)

9. The Plaintiffs in *Bird Bay v. United States* are owners of larger tract properties that would need to be individually valued and appraised for purposes of determining compensation and these properties are not appropriate for a representative parcel method of valuation.

**<u>Consolidating *Bird Bay* and *Rogers* on the Common Issue of the Government's Liability Will Serve the Interest Of Cost-Efficient Administration of Justice</u>**

10. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654 (c)(2000) provides that the government's obligation to pay "just compensation to property owners from whom it takes property includes the payment of, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding.

11. The government must also pay delay damages to compensate the property owners for the delay in paying the Plaintiff property owners the value of the property taken by the government.

12. Because of the government's obligation to pay the Plaintiff's costs and expenses of this action and because of the government's obligation to pay interest for the delay between the April 2, 2004 NITU date and the date of final payment, the government has a substantial interest in providing for the quick and cost efficient administration of both *Rogers v. United States* and *Bird Bay v. United States*.

13. The Plaintiffs in both *Rogers v. United States* and *Bird Bay v. United States* have been deprived of their property since April 2, 2004 and have not received "just compensation" for the value of the property that was taken from them on April 2, 2004.

14. The Plaintiffs desire to have this matter resolved in a prompt and cost efficient manner.

15. Providing for the prompt and cost-efficient administration of *Rogers v. United States* and *Bird Bay v. United States* will serve the mutual interest of both the Plaintiff and Defendant and conserve the judicial resources of this Court.

16. Consolidating *Bird Bay v. United States* and *Rogers v. United States* for resolution of the common issues of law and fact related to determination of the legal interest held by the railroad in the plaintiff's property and the government's liability for a taking of the property interest will serve the interest of efficient and cost-effective administration of justice and substantially reduce the cost and expense in both cases and conserve judicial resources.

17. Once liability has been determined on common issues affecting the railroad's interest in the property and the government's liability for a taking should the railroad's interest not have included the right to use the plaintiff's property for an interim public recreational trail or "railbank" the property for possible reactivation as a possible future railroad corridor, it is efficient to for the property owners in *Bird Bay v. United States* to proceed to the valuation stage without incurring the delay or expense of proceeding as part of the *Rogers v United States* class action valuation approach.

WHEREFORE, the Plaintiff requests that, pursuant to RCFC 40.2 (b) that *Bird Bay v. United States* No. 07-426 L and Rogers v. United States 07-273 L be consolidated for resolution of the common issues of law and fact related to determination of: (a) what legal interest the railroad held in the property that was the location of the abandoned right-of-way; and, (b) the government's liability to pay fee property owners "just compensation" for a taking of this property when an easement for interim public recreational trail use and an easement for the possible reactivation as a future railroad corridor was created by operation of the Trails Act. Following such a determination of liability, the Plaintiff request that each case independently proceed to a valuation of the property interest taken from the respective property owners.

Respectfully submitted,

LATHROP & GAGE, L.C.

Date: ____________________ By: ______________________________

Mark F. Hearne, II
The Equitable Building
10 South Broadway, Suite 1300

St. Louis, MO 63102-1708
Telephone: (314) 613-2500
Facsimile: (314) 613-2550

Franklin Square, Suite 1050 East
1300 Eye Street, NW
Washington, D.C. 20005
Telephone: (202) 962-0032
Facsimile: (202) 962-0357

Attorney for Plaintiffs