**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. ROGERS, and<br>LINDA L. ROGERS, and<br>DONALD E. DURAN, and<br>JUDITH DURAN, and<br>DENISE RIZZO, et. al. | ) | Hon. Mary Ellen Coster Williams |
| Plaintiffs, | ) | No. 07-273 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ANSWER**

Now comes the Defendant, United States, and admits, denies and avers as follows:

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of the first unnumbered paragraph of plaintiffs' Complaint. With respect to the third sentence of the first unnumbered paragraph of plaintiffs' Complaint, defendant admits that Seaboard Air Line Railway Company built a railway in the latter half of 1910 along an approximately 12 mile long corridor from Sarasota, Florida to Venice, Florida. Defendant is without knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in the fourth sentence of the first unnumbered paragraph of plaintiffs' Complaint.

The allegations of the first sentence of the second unnumbered paragraph of plaintiffs' Complaint are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied. The allegations of the second sentence of the second unnumbered

paragraph of plaintiffs' complaint are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

The allegations of the third unnumbered paragraph of plaintiffs' Complaint are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

With respect to the first sentence of the fourth unnumbered paragraph of plaintiffs' Complaint, defendant admits that on April 2, 2004, the Surface Transportation Board ("STB") issued a Notice of Interim Trail Use ("NITU") covering a portion of railroad "between milepost SW 892 outside the city limits of the City of Sarasota, FL, and milepost 904.4 near the City of Venice, FL, a distance of approximately 12.43 miles, in Sarasota, FL...." The NITU speaks for itself and is the best evidence of its contents. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of the fourth unnumbered paragraph of plaintiffs' Complaint. The allegations of the third sentence of the fourth unnumbered paragraph of plaintiffs' Complaint are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

The allegations of the fifth unnumbered paragraph of plaintiffs' Complaint are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied. Defendant specifically denies that it has taken plaintiffs' property.

The allegations of the first sentence of the sixth unnumbered paragraph of plaintiffs' Complaint are conclusions of law and/or a characterization of their cause of action, to which no response is required. The allegations of the second sentence of the sixth unnumbered paragraph of plaintiffs' Complaint are conclusions of law and/or a characterization of plaintiffs' demand for

relief to which no response is required.

The seventh unnumbered paragraph of plaintiffs' Complaint is plaintiffs' demand for attorney's fees and expense to which no response is required.

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required. Defendant admits that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court to hear Fifth Amendment takings claims.

2. The allegations contained in paragraph 2 are characterizations of law to which no response is required. To the extent legal provisions are cited in paragraph 2, the allegations are admitted to the extent they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to those documents which are the best evidence of their respective contents.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4.

5. The allegations of paragraph 5 are admitted to the extent they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6. To the extent plaintiffs base these allegations on documents, those document are not attached and said documents speak for themselves and are the best evidence of their contents.

7. Defendant admits that on December 15, 2003, Seminole Gulf Railway, L.P. ("SGLR") filed with the STB a petition under 49 U.S.C. § 10502 for exemption from the provisions of 49 U.S.C. § 10903 to abandon a portion of it Venice Branch between milepost SW 892 outside the city limits of the City of Sarasota, Florida, and milepost 904.4 near the city of Venice, Florida, a distance of approximately 12.43 miles, in Sarasota County, Florida. The remaining allegations of paragraph 7 are admitted to the extent they are consistent with the provisions of the petition cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

8. The allegations of paragraph 8 are admitted to the extent they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

9. Admitted.

10. Defendant admits that on April 2, 2004, the STB issued a NITU covering a portion of railroad "between milepost SW 892 outside the city limits of the City of Sarasota, FL, and milepost 904.4 near the City of Venice, FL, a distance of approximately 12.43 miles, in Sarasota, FL...." The NITU speaks for itself and is the best evidence of its contents.

11. The allegations of paragraph 11 are admitted to the extent they are consistent with the provisions of the NITU cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12.

13. Defendant admits that on October 14, 2004, Sarasota County was granted its request to

extend the NITU negotiating period to December 28, 2004.

14. Defendant admits the allegations of the first sentence of paragraph 14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17. Defendant admits that the Trust for Public Land is a national, nonprofit, land conservation organization. Defendant admits that the Trust for Public Land is not a railroad and is not authorized by the STB to operate a railroad.

18. Defendant admits that Sarasota County, Florida is not authorized by the STB to operate a railroad.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

20. The allegations of paragraph 20 are admitted to the extent they are consistent with the provisions of the National Trail Systems Act Amendment of 1983, 16 U.S.C. § 1247(d) ("Trails Act"), cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21.

22. The allegations of paragraph 22 are admitted to the extent they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required.

24. The allegations of paragraph 24 are admitted to the extent they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27.

28. The allegations of paragraph 28 are admitted to the extent they are consistent with the provisions of the document cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents. In all other respects, the allegations of paragraph 28 are conclusions of law to which no response it required.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in paragraph 30.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37.

38. The allegations contained in paragraph 38 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40.

41. The allegations contained in paragraph 41 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43.

44. The allegations contained in paragraph 44 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations in paragraph 49.

50. The allegations contained in paragraph 50 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52.

53. The allegations contained in paragraph 53 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55.

56. The allegations contained in paragraph 56 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58.

59. The allegations contained in paragraph 59 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61.

62. The allegations contained in paragraph 62 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64.

65. The allegations contained in paragraph 65 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67.

68. The allegations contained in paragraph 68 are conclusions of law to which no response is

required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

69. The Untied States admits that it has been made defendant in the above captioned matter.

70. Paragraph 70 is a characterization of plaintiffs' complaint, to which no response is required.

71. The allegations contained in the first sentence of paragraph 71 are conclusions of law to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 71.

72. The allegations contained in paragraph 72 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

73. The allegations contained in paragraph 73 are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

74. The allegations contained in paragraph 74 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74.

75. The allegations contained in paragraph 75 are conclusions of law to which no response is required.

76. The allegations contained in paragraph 76 are conclusions of law to which no response is required.

77. The allegations contained in paragraph 77 are conclusions of law to which no response is

required.

78. The allegations contained in paragraph 78 are conclusions of law to which no response is required. To the extent this allegations relies on language quoted from an easement, defendant respectfully refers the Court to that easement which speaks for itself and is the best evidence of its contents.

79. The allegations contained in paragraph 79 are conclusions of law to which no response is required.

80. The allegations of paragraph 80 are admitted to the extent they are consistent with the provisions of the Trails Act cited therein, and the Court is respectfully referred to the Trails Act which speaks for itself and is the best evidence of its contents.

81. The allegations contained in paragraph 81 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81.

82. The allegations contained in paragraph 82 are conclusions of law to which no response is required. To the extent matters of fact are alleged, defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82.

83. The allegations contained in paragraph 83 are conclusions of law to which no response is required.

84. The allegations contained in paragraph 84 are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied.

85. The allegations contained in paragraph 85 are conclusions of law to which no response is required.

86. The allegations contained in paragraph 86 are conclusions of law to which no response is required.

87. Defendant admits that is has not instituted condemnation proceedings against any of the named plaintiffs and further admits that it has not offered to pay any of the named plaintiffs for the property they allege to have been taken from them. Defendant specifically denies that it has taken property from plaintiffs.

88. Paragraph 88 merely realleges paragraphs 1-87; therefore no response is required.

89. The allegation contained in paragraph 89 are conclusions of law to which no response is required.

90. The allegations of paragraph 90 are admitted to the extent they are consistent with the provisions of the Fifth Amendment, cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

91. The allegations contained in paragraph 91 are conclusions of law to which no response is required.

92. The allegations contained in paragraph 92 are conclusions of law to which no response is required.

93. The allegations contained in paragraph 93 are conclusions of law to which no response is required.

94. The allegations of paragraph 94 are admitted to the extent they are consistent with the provisions of the Tucker Act, 28 U.S.C. § 1491(a), cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

95. The allegations of paragraph 95 are admitted to the extent they are consistent with the

provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c), cited therein, and the Court is respectfully referred to that document which is the best evidence of its contents.

96. The allegations contained in paragraph 96 are conclusions of law to which no response is required. To the extent matters of fact are alleged, they are denied. Defendant specifically denies it has taken plaintiffs' property.

## Specific Relief Requested

1. Paragraph 1 is plaintiffs' demand for relief to which no response is required.

2. Paragraph 2 continues plaintiffs' demand for relief to which no response is required.

3. Paragraph 3 continues plaintiffs' demand for relief to which no response is required.

4. Paragraph 4 continues plaintiffs' demand for relief to which no response is required.

5. Paragraph 5 continues plaintiffs' demand for relief to which no response is required.

WHEREFORE, defendant requests that this Court dismiss this action, deny in all respects the relief sought by plaintiffs, enter judgment for the defendant, and grant defendant such other relief as the Court may deem just and proper.

All allegations of the complaint that have not been specifically admitted, denied or otherwise answered are hereby denied.

## AFFIRMATIVE DEFENSE

1. The complaint fails to state a claim upon which relief can be granted.

Respectfully submitted this 6th day of August, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Of Counsel:

William Shapiro
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice

Evelyn Kitay
Surface Transportation Board
Washington, DC