**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. and LINDA L. ROGERS, Husband and Wife, | ) | |
| et. al | ) | Hon. Mary Ellen Coster Williams |
| For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) | No. 07-273 L |
| Plaintiffs, | ) | |
| vs. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | | |

**PLAINTIFFS' MOTION FOR CLASS NOTIFICATION AND PROPOSED SCHEDULING ORDER**

COME NOW Plaintiffs, pursuant to the Rules of the Court of Federal Claims, hereby submit the following Motion for Class Notification and Proposed Scheduling Order.

## I. INTRODUCTION

1. Plaintiffs filed a Motion for Class Certification on August 21, 2007 (Docket No. 12), which is pending before this Court.

2. "Defendant has reviewed plaintiffs' motion and memorandum and, based on prior precedent that has found class certification to be appropriate in "rails-to-trails" takings cases, does not oppose the granting of that motion." (Defendant's Response to Plaintiffs' Motion to Certify Class Action, Docket No. 13).

3. In order to expedite this matter, Plaintiffs are filing this Motion for Class Notification

and Proposed Scheduling Order, which is patterned after the class notification and scheduling orders agreed to by the Defendant and ordered by the Court in similar Trails Act taking claims. *See Miller v. U.S.* (No. 03-2489L); *Illig v. U.S.* (No. 98-934L).

4. In support of this Motion, Plaintiffs have attached the following documents for the Court's review: (1) Proposed Entry of Appearance (Exhibit 1), (2) Proposed document titled "Important Legal Notice of Pendancy of Class Action" (Exhibit 2).

## II. PROPOSED SCHEDULING ORDER

5. Class Counsel has retained Commonwealth Title Company, which has completed a review of the land title records of the Sarasota County Recorder of Deeds' Office and the Sarasota County Property Appraiser's Office to identify those individuals or entities that, on April 2, 2004 owned an interest in the property abutting or underlying the 12.43 mile railroad right-of-way which was subject to the Notice of Interim Trail Use or Abandonment ("NITU") issued by the Surface Transportation Board ("STB") on April 2, 2004. Class Counsel shall prepare a written list ("List of Potential Property Owners") with:

(i) the name of the respective individual or entity,

(ii) the current or last known address of the individual or entity, and

(iii) the "Parcel ID" assigned to the property by the Sarasota County Appraiser's Office if available (and if not available, other identification or description) of the real property owned by the individual or entity.

The List of Potential Class Members shall be filed with the Court on or before **October 25, 2007**.

6. On or before **October 22, 2007**, Class Counsel shall mail the Notice, in the form approved by the Court (Exhibit 2), by First Class Mail, postage paid, together with a blank Entry of Appearance form (Exhibit 1) and return envelope addressed to Class Counsel, to each individual or entity identified on the List of Potential Class Members.

7. A copy of the Notice shall be published two times in the Sarasota Herald-Tribune newspaper, once during the week of **October 29, 2007**, and a second time during the week of **November 5, 2007**.

8. The cost of obtaining the List of Potential Class Members and the mailing and publication shall be borne by the Plaintiffs, but shall be considered costs pursuant to Subchapter III of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§4651-4655.

9. On or before **November 19, 2007**, Class Counsel shall file with this Court an affidavit certifying that the mailing and publication has been made as provided for herein.

10. On or before **January 11, 2008**, Class Counsel shall file an "Index," which shall assign a separate claim number to every property for which an Entry of Appearance was filed. The claim numbers should be assigned such that the properties identified in the Entry of Appearance are numerically organized from one end of the railroad corridor to the other.

11. On or before **January 11, 2008**, Class Counsel shall file a "Claim Book," which shall be organized according to claim number. The Claim Book shall include all information provided in the Entries of Appearance.

If Class Counsel believes an Entry of Appearance does not include all required information, Class Counsel shall so notify the prospective class member and suggest that he/she correct such deficiencies. No additional claims or class members, other than those identified in the Entry of Appearance Claim Book and index, shall be added after **January 11, 2008**, unless the Court determines that good cause is shown for such addition.

12. Counsel for the United States shall have until **March 14, 2008**, to challenge the eligibility of any prospective class member by filing an objection to any class member based upon the Entry of Appearance and documents included with the class member's Entry. These objections will be limited to those objections that can be determined upon a review of the Entries of Appearance and attached documents only. Such objections, if any, shall be served on counsel for the class, which shall, in turn, forward the objection to the disputed class member by certified mail, return receipt requested.

13. After **March 14, 2008**, the Court shall hold a status conference to determine further proceedings.

Respectfully submitted,

LATHROP & GAGE, L.C.

Mark F. (Thor) Hearne, II
Lindsay S.C. Brinton (admission pending)
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
(314) 613-2500
(314) 613-2550 (fax)
Thornet@ix.netcom.com

Counsel for Plaintiffs