# In the United States Court of Federal Claims

No. 98-934L

(Filed February 14, 2000)

******************************

SARAH ILLIG, for herself and as representative of a class of similarly represented persons,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

******************************

---------------

ORDER ON CLASS CERTIFICATION

---------------

Pending is plaintiff's motion to certify this as a class action. The class would consist, according to plaintiff, of "all other landowners in the State of Missouri whose property has been taken or damaged as a result of the conversion of the Missouri Pacific Railroad n/k/a Union Pacific Railroad right of way to a public use trail pursuant to the National Trails Act 16 U.S.C. § 1247(d)." The Government contends that a class is not necessary to allow efficient resolution of the claim. It points to the denial of a national class in *Swisher v. United States*, 1999 WL 1072262 (D. Kan. 1999).

The court has considered the briefing and concludes that a class action is the most appropriate means of efficiently resolving this dispute. Rule 23, FRCP, permits class certification. No criteria are set out in the rule, other than that the court will "determine in each case whether a class action may be maintained and under what terms and conditions." As a practice, the court utilizes the requirements set out in Federal Rule of Civil Procedure 23.

EXHIBIT

tabbies

2

The takings allegations in the complaint are premised on the conversion of a 6.2 mile long corridor of the Missouri Pacific Railroad in southern St. Louis County, Missouri, into a recreational trail. This is referred to as the "Carondelet Branch." It is not clear to the court whether the asserted class–all other landowners in the State of Missouri whose property has been taken or damaged as a result of the conversion of the Missouri Pacific Railroad n/k/a Union Pacific Railroad right of way to a public use trail–would potentially bring in more individuals than a class limited to landowners along the Carondolet Branch. The court notes also that a suit is currently pending by another Carondelet Branch landowner, the City of Grantwood Village. *See Moore, et al. v. United States*, Nos. 93-126L, 93-134L, and 98-176L (Jan. 14, 2000). Summary judgment on liability has already been found against the United States in that proceeding, on issues other than those related to title.

In a similar action, *Moore v. United States*, 41 Fed. Cl. 394 (1998), we certified an opt-in class consisting of landowners in Missouri "whose property is burdened by the Katy Trail." The Katy Trail replaced the railroad easement previously held in connection with the Machens-Sedalia stretch of the Missouri-Kansas-Texas Railroad.

As in *Moore*, class certification is appropriate. The class of affected persons is large, but manageable. It is asserted that there are between 100 and 250 landowners who might join. There are common questions of law. The allegation is that actions of the federal government common to all the class members had the effect of an uncompensated taking. Indeed, that issue may already have been decided insofar as liability is concerned. The efficiency of deciding the legal issues surrounding liability in a class context far outweighs the possibility of particularized proofs as to title and damages. The claims of the plaintiff are typical of the entire class, in that, once title is established, the unique circumstances of particular landowners would not appear to bear on liability. The Government is alleged to have acted, in the administration of the National Trails Act, in a way common to all the class members. As explained in *Moore*, the peculiar shape of the tracts of land involved suggest that damages may not be substantial with respect to any single plaintiff. 41 Fed. Cl. at 400. A class action may be the only practical way for many of the landowners to receive a net recovery. The Government has not argued that the plaintiff and her counsel will not adequately protect the interests of the class.

In sum, a class seems warranted and the Government has not seriously argued the contrary. It does point out, however, that a nationwide class of landowners whose property has been affected by the National Trails Act was

landowners whose property has been affected by the National Trails Act was denied in *Swisher v. United States*. As plaintiff notes, however, there is a large difference between a nationwide class and a state/railroad-based class in these types of proceedings. A class that embraces more than one state implicates potentially very different law as to property rights. A class that embraces more than one railroad implicates potentially different government action causing the taking.

The court is satisfied that an opt-in class should be certified. That class is limited to landowners along the Carondelet Branch of the Missouri Pacific Railroad whose land is now burdened by a recreational trail. The court agrees with defendant that the process of notifying the potential class members and having them opt in should include the filing of sufficient proofs to presumptively establish ownership at the time of the alleged taking (December 30, 1992). The parties are directed to consult and propose, jointly if possible, a method and a schedule for identifying and closing the class. The parties shall make their proposals in a joint status report to be filed on or before March 17, 2000. By the same date, defendant shall file its answer.

ERIC G. BRUGGINK
Judge