**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et. al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Hon. Mary Ellen Coster Williams |
| | ) | |
| v. | ) | |
| | ) | No. 07-273 L |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO APPROVE PROPOSED SCHEDULE**
**AND**
**DEFENDANT'S MOTION TO APPROVE PROPOSED CLASS CERTIFICATION ORDER, PROPOSED LEGAL NOTICE, AND PROPOSED ENTRY OF APPEARANCE**
**AND**
**DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED PRETRIAL ORDER AND PLAINTIFFS' PROPOSED ORDERS FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

I. Procedural Background . . . . 4

II. The Court Should Adopt the United States' Proposed Case Management Schedule . . . . 8

A. The Class Certification and Class Closing Process Should Occur Prior to Liability Briefing . . . . 8

B. The Parties Appear to Be in Agreement With Regard to the Timing of Class Notification and Closing . . . . 11

III. The Court Should Adopt the United States' Proposed Class Certification Order, Proposed Legal Notice, and Proposed Entry of Appearance . . . . 12

A. The Class Certification Order . . . . 12

B. The Legal Notice . . . . 12

C. The Entry of Appearance . . . . 13

IV. CONCLUSION . . . . 13

# TABLE OF AUTHORITIES

**Federal Rules**

RCFC 16(a)(3) . . . . . . . . . . 10

RCFC 16(b)(2) . . . . . . . . . . 10

RCFC 23(c)(1)(A) . . . . . . . . . . 8

RCFC 23(d)(1) . . . . . . . . . . 9

RCFC 23(d)(2) . . . . . . . . . . 11

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et. al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Hon. Mary Ellen Coster Williams |
| | ) | |
| v. | ) | |
| | ) | No. 07-273 L |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO APPROVE PROPOSED SCHEDULE**
**AND**
**DEFENDANT'S MOTION TO APPROVE**
**PROPOSED CLASS CERTIFICATION ORDER, PROPOSED LEGAL NOTICE, AND PROPOSED ENTRY OF APPEARANCE**
**AND**
**DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED PRETRIAL ORDER AND PLAINTIFFS' PROPOSED ORDERS FOR CLASS CERTIFICATION**

The following pleading, which is submitted in accordance with the Court's instructions during and after an October 18, 2007 telephonic status conference, is intended to accomplish two goals. First, the United States requests that the Court approve the attached proposed scheduling order. See Exhibit 1. Second, the United States requests that the Court approve the attached proposed class certification order (Exhibit 2), the attached proposed legal notice (Exhibits 3 and 4), and the attached proposed entry of appearance (Exhibits 5 and 6). In addition to submitting these proposed documents, the United States responds to Plaintiffs' Proposed Pretrial Order, filed October 17, 2007 (Doc. No. 19), Plaintiffs' Proposed Pretrial Order for Class Certification, filed October 22, 2007 (Doc. No. 20), and Plaintiffs' Second Proposed Pretrial Order for Class Certification, filed October 23, 2007 (Doc. No. 21).

The United States first submits a proposed schedule for this matter. See Exhibit 1.

Plaintiffs' counter-proposal is attached as pages 9-11 of Attachment 1 to Plaintiffs' Proposed Pretrial Order for Class Certification, filed October 22, 2007 (Doc. No. 20). As discussed below, the only substantive difference between the parties' proposed schedules concerns the timing of the filing of liability-related dispositive motions. Although not discussed in Plaintiffs' recent filings, Plaintiffs' counsel has previously stated Plaintiffs' intent to file a motion for partial summary judgment with respect to certain plaintiffs before potential class members have been notified about this case, and well before the Court closes the class. See, e.g., Joint Preliminary Status Report, filed Oct. 9, 2007 (Doc. No. 18). The parties discussed Plaintiffs' counsel's proposal with the Court in an off-the-record hearing on October 18, 2007.[1/] The United States opposes Plaintiffs' stated intention and proposes a schedule that contemplates the filing of summary judgment briefs after class has closed. The United States' proposed schedule is the most efficient way to handle this matter, is consistent with the schedules adopted in similar cases before this Court and is the appropriate way of proceeding in a case where plaintiffs seek class certification.

If the Court intends to grant Plaintiffs' Motion to Certify Class (Doc. No. 12), the United States requests that the Court approve the attached proposed class certification order, legal notice, and entry of appearance. See Ex. 2, 3, 5 (respectively). Plaintiffs' counter-proposals are attached to their October 22 filing. See Pls.' Oct. 22 filing at Attachment 1 (Plaintiffs' proposed

---

[1/] Counsel for the United States understands that Plaintiffs' counsel contacted the Court *ex parte* on October 18 in order to schedule a discussion of its October 17th filing. Counsel for the United States participated in the conference call on October 18, after having less than twenty-four hours to review Plaintiffs' submission. After spending the time to review the October 17th filing, Defendant was met with wholly different class certification related filings by Plaintiffs on October 22 and 23.

Order for Class Certification); id. at Ex. 1 (Plaintiffs' proposed Legal Notice of Pendancy of Class Action); id. at Ex. 2 (Plaintiffs' proposed Entry of Appearance).

The United States notes that this briefing likely could have been avoided had Plaintiffs' counsel chosen to coordinate with counsel for the United States. In fact, by mid-September, the parties had made significant progress in putting together a tentative schedule for class notification and closing. As part of those discussions, Plaintiffs were supposed to provide the United States with proposed class notification and appearance forms prior to the filing of the Joint Preliminary Status Report. However, the United States did not receive the proposed versions of these documents until Plaintiffs filed them with the Court on October 17th. As a result of Plaintiffs' counsel's failure to coordinate, the United States has been forced to submit counter proposals, which will result in additional work for all counsel and the Court. Plaintiffs' counsel has now made three unilateral filings (on October 17, October 22, and October 23), in direct conflict with the instructions the Court gave the parties during the October 18 telephonic status conference. Plaintiffs' approach to the management of this case has resulted in gross inefficiencies, and should not be countenanced by this Court in future proceedings.

Regarding the merits of Plaintiffs' proposals, there are certainly many areas where the parties agree. Had Plaintiffs' counsel elected to coordinate with counsel for the United States, it is likely that the parties could have agreed on a joint proposal. Opting instead to forge ahead by filing unnecessarily confusing and inconsistent pleadings, Plaintiffs' ineffective management of this case necessitates the filing of this brief, and submission of counter proposals. The United States hopes that future proceedings in this matter will not be hampered by such unilateral actions by Plaintiffs' counsel.

In fact, recent developments demonstrate that the parties could have agreed on a joint filing, which would have resulted in a far more efficient process. On October 29, counsel for the United States provided counsel for Plaintiffs drafts of the proposed class certification order (Exhibit 2), the proposed schedule (Exhibit 1), the proposed legal notice (Exhibits 3) and the proposed entry of appearance (Exhibits 5). With the exception of one key point of dispute, it is Defendants understanding that Plaintiffs agreed with the substance and form of Defendant's counter proposals.[2/]

For the reasons discussed below, the Court should adopt the United States' proposed Order on Class Certification (Exhibit 2), the United States' proposed schedule (Exhibit 1), the United States' proposed notice (Exhibit 3), and the United States' proposed Entry of Appearance (Exhibit 5).

## I. Procedural Background

Six individuals filed this matter on May 1, 2007, alleging a violation of the Fifth Amendment resulting from the Surface Transportation Board's issuance of a Notice of Interim Trail Use ("NITU") on April 2, 2004. See Compl., dated May 1, 2007 (Doc. No. 1). These plaintiffs brought this claim "in their individual capacity as property owners whose land has been taken by the federal government and also as a class action as representative parties on behalf of themselves and all other similarly situated landowners who own property in Sarasota County, Florida subject to the NITU." Compl. ¶ 40. Plaintiffs filed an amended complaint on June 26, 2007, which listed additional plaintiffs. See Am. Compl., filed June 26, 2007 (Doc. No. 6).

[2/] Based on the parties' recent communications, we understand that Plaintiffs will agree with the government's counter proposals except with respect to the timing for the filing of liability-related briefs.

Plaintiffs in the Amended Complaint also stated that they intended to bring this matter as a class action. See Am. Compl. ¶ 70.

After the United States answered the Amended Complaint on August 6, 2007, Plaintiffs filed a Motion to Certify a Class Action. See Mot. to Certify Class, dated Aug. 21, 2007 (Doc. No. 12). In their Motion to Certify a Class Action, Plaintiffs noted that Plaintiffs' counsel had also brought a separate lawsuit – Bird Bay Executive Golf Course v. United States, No. 07-426 – and filed a Notice of Indirectly Related Case pursuant to Rule 40.2(b) of the Rules of the Court of Federal Claims. See Am. Comp. n.4. Plaintiffs stated that "it is likely that interest of judicial efficiency would be served by consolidated Bird Bay and this case for briefing and decision on common legal issues." Id. On October 31, plaintiffs filed a motion for partial summary judgment in Bird Bay. The Joint Preliminary Status Report has not yet been filed with the Court in that matter, and the question of consolidating that matter with Rogers remains unresolved. Due in part to this looming question, Judge Bush struck the Bird Bay plaintiffs partial summary judgment motion on November 2, 2007. See 07-426, Docket No. 15.

On September 7, 2007, the United States filed a Response to Plaintiffs' Motion for Class Certification, stating that it did not oppose the granting of Plaintiffs' motion. See Resp. to Mot. to Certify Class, dated Sept. 7, 2007 (Doc. No. 13).

The parties filed a Joint Preliminary Status Report on October 9, 2007 (Doc. No. 18). In that filing, Plaintiffs suggested that they be permitted to file a motion for summary judgment "before closing the class and before determining the damages for any such taking." Id. at 4. Under this proposal, Plaintiffs suggested that they would move for partial summary judgment with respect to the named plaintiffs no later than October 19, 2007 (a date that has, of course,

already passed). See id. at 5. While the proposed motion for partial summary judgment was pending, Plaintiffs suggested that the Court certify a class pursuant to Rule 23 of the Rules of the Court of Federal Claims and that the parties proceed with class notice. Under this proposal, then, liability would be partially resolved before the Court closed the class and before the United States has an opportunity to know the number or identity of the class members or the nature of their specific property interests. As discussed below, the United States opposes this proposal.

On October 17, 2007, Plaintiffs filed a Motion for Class Notification and Proposed Scheduling Order (Doc. No. 19). In that filing, Plaintiffs suggested that class notice be mailed to potential class members on October 22, 2007 (a date that has already passed). Plaintiffs' counsel did not provide a draft of this pleading to the United States before submitting it to the Court.

Following the telephonic status conference with the Court on October 18, Plaintiffs filed a Proposed Order for Class Certification on October 22 (Doc. No. 20) (the "October 22 filing"). Although Plaintiffs' counsel provided an initial draft copy of this document to counsel for the United States late in the day on October 18, Plaintiffs filed a heavily revised draft of this pleading on October 22 without waiting for the United States' response to the original draft. Due to their scheduling needs, Plaintiffs requested that the United States provide them with comments on the October 18 proposal by October 19. The United States explained to Plaintiffs that other previously scheduled work commitments precluded a response by October 19 or October 22.

Attachment 1 to Plaintiffs' October 22 filing is a document titled "Plaintiffs' Proposed Order for Class Certification." Although that proposed order is mentioned only in passing in Plaintiffs' accompanying pleading, it appears that the purpose of Plaintiffs' October 22 filing is

to obtain approval of that proposed order. Attachment 1 also includes a proposed schedule for class notification. See id. at 9-11. Exhibit 1 to Plaintiffs' October 22 filing is a proposed Legal Notice to potential class members; Exhibit 2 is a draft "Entry of Appearance."

On October 23, Plaintiffs filed a Second Proposed Order for Class Certification (Doc. No. 21) (the "October 23 filing"). The text of the October 23 pleading is identical to the text of the October 22 filing (indeed, the Certificate of Service is October 22), but the exhibits include only orders from two previous "Rails to Trails" takings cases, Miller v. United States, No. 03-2489 (Fed.Cl. 2003) and Illig v. United States, No. 98-934 (Fed.Cl. 1998). Plaintiffs' October 23 filing does not attach a revised Proposed Order or a proposed Entry of Appearance.

Regarding Plaintiffs' proposed schedule, Plaintiffs' October 22 and October 23 filings both refer to Plaintiffs' October 17 Motion for Class Notification and Proposed Scheduling Order (which, as discussed above, suggested a class notice date that has already passed). See Pls.' Proposed Order for Class Cert. at ¶ 3; Pls.' Second Proposed Order for Class Cert. at ¶ 3. The United States understands that Plaintiffs currently intend to request the following: (1) that the Court sign the Plaintiffs' Proposed Order for Class Certification (Attachment 1 to Plaintiffs' October 22 filing); (2) that the Court approve the Plaintiffs' Proposed Legal Notice (Exhibit 1 to Plaintiffs' October 22 filing); (3) that the Court approve the Plaintiffs' Proposed Entry of Appearance (Exhibit 2 to Plaintiffs' October 22 filing); and (4) that the Court adopt the dates set forth at pages 9-11 of Attachment 1 to Plaintiffs' October 22 filing.

Although Plaintiffs' first proposed filing date (of October 19) has already passed, and despite the fact that Plaintiffs' proposed schedule does not propose a new date, the United States understands that Plaintiff may still wish to file a motion for partial summary judgment with

respect to certain plaintiffs before the Court closes this class (and perhaps before the Court even issues a decision on Plaintiffs' Motion for Class Certification) and before the Court has had an opportunity to determine whether this case should be consolidated with Bird Bay. For the reasons stated below this course of action should not be allowed.

## II. The Court Should Adopt the United States' Proposed Case Management Schedule

### A. The Class Certification and Class Closing Process Should Occur Prior to Liability Briefing.

The United States' proposed Scheduling Order is attached as Exhibit 1 to this pleading. Plaintiffs' counter proposal is attached at pages 9-11 of Attachment 1 to Plaintiffs' October 22 filing. The parties' proposals are consistent, with two exceptions. First, the proposals differs as to the timing of liability-related dispositive motions. Specifically, the parties disagree as to whether the Court should entertain Plaintiffs' motion for partial summary judgment now – prior to the closing of the class – or, instead, after the class closes. For the reasons set forth below, the Court should adopt the latter approach, and approve the United States' proposed Scheduling Order.

While the parties agree that this case ultimately can be resolved by summary judgment motions, the Rules of the Court of Federal Claims contemplate an early evaluation of a class certification motion "[w]hen a person sues or is sued as a representative of a class . . . ." RCFC 23(c)(1)(A). RCFC 23(c)(1)(A) further provides "the court must – at an early practicable time – determine by order whether to certify the action as a class action." (emphasis added). If the Court grants the motion, the parties should then provide notice to potential class members, potential class members should be afforded an opportunity to opt-into the class, and the Court should close the class. Once the class has closed and the parties know the identity of the class

members, the parties will be able to determine what, if any, discovery is necessary, and determine the contours of any dispositive motions. Plaintiffs filed this matter as a class action and have sought class certification status; there is no "practicable" reason to delay resolution of that issue or the closure of the proposed class if that motion is granted.

This is the identical procedure followed in similar Rails-to-Trails takings class actions in this Court. In each of the cases cited by Plaintiffs – Illig, Miller, and Moore – plaintiffs' counsel first moved for class certification, class was defined and certified, notice was transmitted, and individuals were provided an opportunity to join into the class before the question of liability was briefed. See Illig v. United States, No. 98-934 at Doc. Nos. 42-60 (Docket Sheet attached as Exhibit 7); see also Miller v. United States, No. 03-02489, at Doc. Nos. 11, 20, 21, 25, 27-32, 44 (showing that motion for class certification was filed, the class was defined, potential members were notified, and a book indexing the claims was prepared, prior to motions for summary judgment) (Docket Sheet attached as Exhibit 8); Moore v. United States, No. 93-134 at Doc. Nos. 4, 47, 51, 54, 56, 74, 75) (showing that motion for class certification was filed, the class was defined, and potential class members were notified prior to motions for summary judgment) (Docket Sheet attached as Exhibit 9).

Second, waiting until the class closes prior to filing motions for summary judgment avoids multiple rounds of liability-related summary judgment briefing. The Rules of this Court specifically require the Court to adopt "appropriate orders [to] determin[e] the course of proceedings or prescrib[e] measures to prevent undue repetition or complication in the presentation of evidence or argument." RCFC 23(d)(1). Moving forward with liability determination with respect to only some of the potential class members will likely result in

undue repetition and complication in a case of this type. The property interests, if any, held by the named Plaintiffs may be different from the property interests of other potential members in the proposed class. If the parties were to move forward with liability-related briefing now, as Plaintiffs propose, the parties would be required to engage in multiple rounds of summary judgment briefing – first, with regard to the named plaintiffs and later, with regard to other class members whose factual circumstances differ from the claims of the named plaintiffs.

The United States' proposed approach also provides the United States an opportunity to consider whether it is even necessary to file summary judgment briefs on the issue of liability, or whether some liability-related issues can be resolved by negotiation. For example, in Miller, by waiting until after class closed before engaging in liability-related briefing, the parties limited summary judgment briefing to two claims (out of approximately 100 total claims). Permitting Plaintiffs to file a premature motion for partial summary judgment would eliminate any possibility of such an efficient resolution.

Third, Plaintiffs' proposal to file their summary judgment motion at this early date would cause further inefficiency by requiring the filing of briefing before any documents have been exchanged and before the United States has had an opportunity to engage in any liability-related discovery. If Plaintiffs' proposed schedule is adopted, the government will be forced to brief liability issues without having an opportunity to learn who is asserting claims against it or what particular property interests are claimed by potential class members in this case. Such a course of action is not the most efficient procedure. See, e.g., RCFC 16(a)(3) (stating that the court may use its discretion in managing its docket to "discourag[e] wasteful pretrial activities."); RCFC 16(b)(2) (giving the court discretion to set the time for the filing of motions).

Finally, moving forward with liability-related briefing before class closes raises due process concerns with respect to unnamed class members. Because the class has not closed, Plaintiffs' counsel only represents the named plaintiffs, not the potential class members. Under Plaintiffs' proposed course of action, now unnamed class members would be permitted to join this lawsuit during (or perhaps after) the conclusion of liability-related briefing. Class members would have no ability to join the class (much less, meaningfully participate) until after initiation of summary judgment briefing. Such a procedure in this case would run afoul of this Court's notice requirement pursuant to Rule 23. See RCFC 23(d)(2) (requiring the Court to notify potential class members in such a manner so as to ensure, among other things, that class members are able to "signify whether they consider the representation fair and adequate").

**B. The Parties Appear to Be in Agreement With Regard to the Timing of Class Notification and Closing**

Aside from providing for an appropriate schedule for the filing of liability related briefs, the parties' proposed scheduling orders do not differ in any significant respect. Rather, the proposed schedule proposed by the United States in this filing merely moves back by seven days each deadline proposed by plaintiffs in their October 22 filing. This was done to accommodate for the time that the United States has been forced to expend in composing counter proposals to Plaintiffs' unilateral filings of October 17, 22 and 23.

## III. The Court Should Adopt the United States' Proposed Class Certification Order, Proposed Legal Notice, and Proposed Entry of Appearance

### A. The Class Certification Order

During the October 18 telephone conference, the Court requested that the parties submit a draft Class Certification Order for the Court's consideration. The United States had hoped that the parties could submit a joint proposal for the Court's consideration, but Plaintiffs' counsel opted to file its own proposal without meaningfully attempting to coordinate with counsel for the United States.

The United States' proposed Class Certification Order is attached as Exhibit 2 to this pleading. There are many similarities between the parties' counter proposals. The United States' submission is superior, however, because it addresses the elements of Rule 23 more comprehensively, more logically, and more accurately than Plaintiffs' submission.

While it is not necessary to provide a point-by-point discussion of the differences between the two proposals, the United States notes one important distinction is that Plaintiffs' suggested definition of the class is incorrect, and should not be endorsed by this Court. Because the United States' proposal is a more accurate discussion of the requirements of Rule 23, the Court should adopt the United States' proposal.

### B. The Legal Notice

The parties agree that class counsel must provide notice to potential class members in accordance with Rule 23(c)(2)(B). The United States' proposed notice is attached as Exhibit 3 to this pleading. The United States' proposal includes several changes to Plaintiffs' counter proposal, which is included as Exhibit 1 to Plaintiffs' October 22 filing. Exhibit 4 to this pleading shows the United States' proposal with modifications to Plaintiffs' counter-proposal

shown. These changes are attempts to correct errors in Plaintiffs' submission and to make the notice more understandable to non-attorneys.

### C. The Entry of Appearance

The parties agree that individuals must submit a completed, signed Entry of Appearance before they can be said to have opted-in to this action. The United States' proposed entry of appearance is attached as Exhibit 5 to this pleading. The United States' proposal includes the several changes to Plaintiffs' counter proposal, which is included as Exhibit 2 to Plaintiffs' October 22 filing. Exhibit 6 to this pleading is the United States' proposal with modifications to Plaintiffs' counter-proposal shown. These changes are efforts to correct errors in Plaintiffs' submission and to ensure that the class members submit all the necessary information.

## IV. CONCLUSION

WHEREFORE, for the reasons discussed above, the Court should adopt the United States' proposed schedule (Exhibit 1), the United States' proposed Order on Class Certification (Exhibit 2), the United States' proposed notice (Exhibit 3), and the United States' proposed Entry of Appearance (Exhibit 5).

Ronald J. Tenpas
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
William Shapiro
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Of Counsel:

Evelyn Kitay
Surface Transportation Board
Washington, DC