22/ 119

KNOW ALL MEN BY THESE PRESENTS, that the undersigned POTTER PALMER, JR. and PAULINE K. PALMER, his wife, of Chicago, Illinois, for and in consideration of the sum of One Dollar and other good and valuable considerations this day to them in hand paid, the receipt whereof is hereby acknowledged, do hereby remise, release and forever quitclaim unto the SEABOARD AIR LINE RAILWAY, a corporation of the State of Virginia and other States, a right - of - way for railroad purposes over and across the following described parcel of land, lying and being in the County of Manatee, State of Florida;

A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of Seaboard Air Line Railway as located across the lands owned by the said grantors herein in the SW¼ of the SW¼ of Section 30, Township 38 South, Range 19 East, Manatee County, Florida, said center line being described as follows: Beginning at a point on the west line of the SW¼ of the SW¼ of Section 30, Township 38 South, Range 19 East, 490 feet, more or less, north of the southwest corner thereof; running thence South 12° 11' East a distance of 500 feet, more or less, to a point on the south line of said SW¼ of SW¼ of Section 30, distant 110 feet, more or less, east of the southwest corner thereof. Said strip contains 1.15 acres, more or less. TO HAVE AND TO HOLD the said premises unto the said Seaboard Air Line Railway, its successors and assigns, and to its or their own proper use, benefit and behoof forever, for railroad purposes.

THIS conveyance is made upon the express condition, however, that if the Seaboard Air Line Railway shall not construct upon said land and commence operation thereon within one year from the date hereof, a line of railroad, or if at any time thereafter the said Seaboard Air Line Railway shall abandon said land for railroad purposes, then the above described piece and parcel of land shall ipso facto revert to and again become the property of the undersigned, their heirs, administrators and assigns. IN WITNESS WHEREOF, the said Potter Palmer, Jr., and Pauline K. Palmer his wife, have hereunto set their hands and seals this November tenth A. D. 1910

Signed, sealed and delivered in our presence:

POTTER PALMER (SEAL)

PAULINE K. PALMER (SEAL)

Adrian C. Honore'

H. H. Honore'

STATE OF ILLINOIS )

COUNTY OF COOK.)

I hereby certify that on this 10th day of November A. D. 1910, before me, a Notary Public for the State and County aforesaid, personally came Potter Palmer, Jr., and Pauline K. Palmer, his wife, who are well known to me and known to me to be the persons described in and who executed the foregoing instrument, and severally acknowledged that they executed the same for the uses and purposes therein mentioned

EXHIBIT

A

120

and the said Pauline K. Palmer, the wife of the said Potter Palmer, Jr., upon an examination taken and made by me separate and apart from her said husband acknowledged that she made herself a party to the said instrument for the purpose of renouncing and relinquishing her dower and right of dower in and to the lands, tenements and hereditaments therein described and thereby granted and released, and that such relinquishment of dower was made by her freely and voluntarily, and without any compulsion, apprehension, fear or constraint of or from her said husband. WITNESS my hand and official seal the day and year above written.

M. C. BAINBRIDGE
Notary Public.

My commission expires May 18, 1911.

(NOTARIAL SEAL)

The foregoing is a true copy of the original instrument, which was filed for record the 12th day of November, A. D. 1910 and recorded the 22nd day of Dec., A. D. 1910.

[illegible]

Clerk.

KNOW ALL MEN BY THESE PRESENTS, That the undersigned, ADRIAN C. HONORE, a bachelor of Chicago, Illinois, for and in consideration of the sum of one dollar ($1.00) and other good and valuable considerations this day to him in hand paid, the receipt whereof is hereby acknowledged, does hereby remise, release and forever quit claim unto the SEABOARD AIR LINE RAILWAY, a corporation of the State of Virginia and other States, a right of way for railroad purposes over and across the following described parcels of land, lying and being in the County of Manatee, and State of Florida:

(1) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in Sections three (3) and ten (10), Township thirty-seven (37) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the north line of the northwest quarter of the northeast quarter of Section three (3), Township thirty-seven (37) South, Range eighteen (18) east, seven hundred and twenty-four (724) feet west of the northeast corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, nine thousand eight hundred and fourteen (9814) feet, more or less, across said Section three (3), and crossing the south line of said section at a point eight hundred and eighty-eight (888) feet west of the southeast corner thereof, and across the East one-half of the northeast quarter and the northeast quarter of the southeast quarter of Section ten (10), Township thirty-seven (37) south, Range eighteen (18) East, and crossing the south line of said northeast quarter of the southeast quarter of Section ten (10) at a point thirty-three (33) feet west of the southeast corner thereof, and across the S.E. 1/4 of the S.E. 1/4 of said Section ten (10) to a point on the east line thereof. The said strip of land contains twenty-two and five-tenths (22.5) acres, more or less.

(2) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in Sections fourteen (14), twenty-three (23), twenty-six (26) and thirty-five (35) Township thirty-seven (37) South, Range eighteen (18) East, and Sections two (2), one (1) and twelve (12), Township thirty-eight (38) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the North line of the northwest quarter of the northwest quarter of Section fourteen (14), Township thirty-seven (37) south, Range eighteen (18) East, two hundred and fifty-two (252) feet east of the northwest corner thereof; running thence in a straight line South twelve (12) degrees, eleven (11) minutes East, thirty-five thousand

EXHIBIT B

one hundred and eighty (35,180) feet, more or less, across Sections fourteen (14), twenty-three (23), twenty-six (26) and thirty-five (35), Township thirty-seven (37) South, Range eighteen (18) East, and Sections two (2), one (1) and twelve (12), Township thirty-eight (38) South, Range eighteen (18) East, crossing the South line of the southeast quarter of the southwest quarter of Section twelve (12) at a point six hundred eighty-eight (688) feet west of the southeast corner thereof. Said strip of land contains _____ acres, more or less.

(3) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in the southeast quarter of Section thirteen (13), Section twenty-four (24) and the northeast quarter of the northeast quarter of Section twenty-five (25), Township thirty-eight (38) south, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the west line of the northwest quarter of the southeast quarter of Section thirteen (13), Township thirty-eight (38) South, Range eighteen (18) East, five hundred and sixty (560) feet, more or less, south of the northwest corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, eight thousand nine hundred and twenty-five (8925) feet, more or less, across the southeast quarter of Section thirteen (13) Section twenty-four (24), and the northeast quarterof the northeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, to a point on the south line of the said northeast quarter of the northeast quarter of Section twenty-five (25), distant five hundred sixty-five (565) feet, more or less, east of the southwest corner thereof. Said strip of land contains twenty and five tenths (20.5) acres, more or less.

(4) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway, as located across lands, owned by the grantor herein in the northeast quarter of the southeast quarter and the northeast quarter of the southeast quarter of the southeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the north line of the northeast quarter of the southeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, four hundred and sixty-seven (467) feet west of the northeast corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, a distance of two thousand and fifteen (2015) feet, more or less, to a point on the south line of the northeast quarter of the southeast quarter of the southeast quarter of Section twenty-five (25), distant forty-five (45) feet,more or less, west of the southeast corner thereof. Said strip of land contains four and six-tenths (4.6) acres, more or less.

TO HAVE AND TO HOLD the said premises unto the said Seaboard Air Line Railway, its successors and assigns and to its or their own proper use, benefit and behoof forever for railroad purposes.

This conveyance is made upon the express condition, however that if the Seaboard Air Line Railway shall not construct upon said land and commence the operation thereon with one year of the date hereof of a line of railroad, or, if at any time thereafter the said Seaboard Air Line Railway shall abandon said land for railroad purposes then the above described pieces and parcels of land shall ipso facto revert to and again become the property of the undersigned, his heirs, administrators and assigns.

IN TESTIMONY WHEREOF the undersigned has hereunto set his hand and seal this 5th day of November, A.D. 1910.

Adrian C. Honoré (SEAL)

WITNESSES:

Parke C. Archer

[illegible signature]

State of Illinois, )
) ss.
County of Cook. )

I hereby certify that on this 5th day of November, A.D. 1910, before me, the undersigned authority, personally appeared in the State and County aforesaid, the said Adrian C. Honore, a bachelor, personally known to me to be the individual described in and who executed the above written deed of conveyance, and for himself, acknowledged that he signed, sealed and delivered the said deed freely and voluntarily and for the uses and purposes therein stated.

IN WITNESS WHEREOF I have hereunto set my hand and affixed my Notarial Seal the day and year above written.

Frederick C. Hack

My Notarial Commission expires on the 28th day of December A.D. 1913. Notary Public in and for County of Cook, State of Illinois.

QUITCLAIM DEED. Marshall & Bruce Co., Stationers, Nashville, Tenn.

*THIS INDENTURE, Made this* 21st *day of* June *A.D. 19*01
*between* Sarah O. Webber (Widow)

*of the County of* Manatee *and State of* Florida
*part*y *of the first part, and* The Seabord Air Line Railway a corporation organized under the laws of the State of ~~*of the County of*~~ Virginia ~~*and State of*~~ and other States
*part*y *of the second part,*

*Witnesseth, That the said part*y *of the first part, for and in consideration of the sum of* One dollar and other valuable consideration ~~*Dollars,*~~ *in hand paid by the said part*y *of the second part, the receipt whereof is hereby acknowledged, ha*s *remised, released and quit-claimed, and by these presents do remise, release and quit-claim unto the said part*y *of the second part, and* its successors ~~*heirs*~~ *and assigns forever,* for railroad purposes. *all the right, title, interest, claim and demand which the said part*y *of the first part ha*s *in and to the following described lot......piece......or parcel......of land, to wit:* A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across lands owned by the said party of the first part in the S.E.¼ of the N.W.¼ of Section 13 Township 38 South, Range 18 East, Manatee County Florida. Said center line being described as follows: Beginning at point on the North line of the S.E.¼ of the N.W.¼ of Section 13, Township 38 South, Range 18 East 405 feet, more or less, West of the Northeast corner thereof, running thence South 12° 11' East, across the S.E.¼ of the N.W.¼ of said Section 13, a distance of 1350 feet, more or less, to a point on the South line of the S.E.¼ of the N.W.¼ of said Section 13, distant 125 feet, more or less, West of the Southeast corner thereof. Said strip of land contains 3.1 acres, more or less.

It is understood and agreed that if the said premises shall hereafter be abandoned by the said party of the second part its successors or assigns for railroad purposes in that event the said premises shall ipso facto revert to the party of the first part whereas executors, administrators and assigns

*To Have and to Hold the same, ~~together with all~~ and singular the ~~appurtenances thereunto belonging,~~ or in anywise thereunto appertaining, and all the estate, right, title, interest and claim whatever, of the said part*y *of the first part, either in law or equity, to the only proper use, benefit and behoof of the said part*y *of the second part,* its successors undersigns ~~*heirs and assigns forever.*~~ for railroad purposes.

*In Witness Whereof, the said part*y *of the first part ha*s *hereunto set* her *hand......and seal......the day and year first above written.*

Signed, sealed, and delivered in presence of

R. Beales — Sarah O Webber (Seal.)

Jno. D. Campbell — (Seal.)

EXHIBIT C

**STATE OF FLORIDA,**
County of Manatee } ss.

*I HEREBY CERTIFY, That* Sarah O. Webber

*whose name* is *signed to the foregoing deed, and who* is *personally known to me, came before me this day and acknowledged that* she *executed the same for the purposes therein expressed, and as* her *free act and deed, and the said ............ upon an examination made separate and apart from her said husband, acknowledged before me that she executed the same for the purpose of relinquishing her dower and right of dower in and to the lands therein described, and that she did the same freely and voluntarily, and without any compulsion, constraint, apprehension or fear of or from her said husband.*

*WITNESS my hand and seal this* 24 *day of* June *A.D. 190*1

My Commission Expires Jan 1912

Jno D. Campbell
Notary Public

THIS DEED, Made this 5th..day of September 1910, between the H.M.FRAZEE AND WIFE, parties of the first part, and Seaboard Air Line Railway, party of the second part,

WITNESSETH, That for and in consideration of the sum of Two hundred 00/100 Dollars ($200.00) in hand paid, the receipt whereof is hereby acknowledged, and other valuable considerations, sell and convey unto the party of the second part, all their right, title and interest, of any nature whatsoever, in and to the following property, to-wit:

All those certain pieces or parcels of land lying and being in the County of Manatee and State of Florida, and being described as follows:

A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of Seaboard Air Line Railway as located across lands owned by the said parties of the first part in the SW 1/4 of the NW 1/4 of the NW 1/4 of Section 31, Township 38 South, Range 19 East, Manatee county, Florida. Said center line being described as follows:

Beginning at a point on the north line of the SW 1/4 of the NW 1/4 of the NW 1/4 of Section 31, Township 38 South, Range 19 East, 245 feet, more or less, east of the northwest corner thereof; running thence south 12° 11' East, a distance of 650 feet, more or less, to a point on the south line of the SW 1/4 of the NW 1/4 of the NW 1/4 of said Section 31, distant 385 feet, more or less, east of the southwest corner thereof.

Said strip of land contains 1.5 acres, more or less.

TOGETHER WITH all and singular the tenements, heriditaments and appurtenances thereunto belonging or appertaining, and every right, title or interest, legal or equitable, of the said parties of the first part.

IN TESTIMONY WHEREOF, Witness the following signatures and seals.

H. M. Frazee (Seal)

Bertie H. Frazee (Seal)

Witnesses

R L Johnson

L J Stalnaker

EXHIBIT D

State of Florida } ss
of
Manatee

I Hereby certify that on the..6th..day of September A.D. 1910, before me the undersigned authority, personally appeared in the county and State aforesaid, H. M. Frazer ...........and Bertie H. Frazer....his wife, personally known to me to be the individuals described in and who as parties of the first part executed the above written deed of conveyance and each for himself and herself acknowledged that they signed, sealed and delivered the said deed freely and voluntarily and for the purposes therein stated, and afterwards on the same day and at the same place, the said Bertie H. Frazer wife of the said H. M. Frazer ................on an examination taken and made by me separately and apart from her said husband, acknowledged for herself that she executed said deed for the purpose of forever selling, transferring, conveying, renouncing and relinquishing all her dower and right of dower and all her right title and interest in and to the lands described in and conveyed by said deed of conveyance and that she executed such deed of conveyancefor such purposes freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her said husband.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written

J. B. Chaplin Jr

Notary Public in and for the State of Florida...., County...... of. Manatee...

My commission expires:
Oct. 17th. 1911