**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et. al. Plaintiffs, | ) | Hon. Mary Ellen Coster Williams |
| v. | ) | No. 07-273 L |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE OR,**
**IN THE ALTERNATIVE, TO STAY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**AND**
**OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the United States of America, hereby moves to strike Plaintiffs' Motion for Partial Summary Judgment, filed Nov. 2, 2007 (Docket No. 23) ("Plaintiffs' Motion for Summary Judgment"), Plaintiffs' Proposed Findings of Uncontroverted Fact, filed Nov. 2, 2007 (Docket No. 24) ("Proposed Findings"), and Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment, filed Nov. 4, 2007 (Docket No. 25) ("Plaintiffs' Memorandum"). As discussed in the United States' Motion to Approve Proposed Schedule, filed November 2, 2007 (Docket No. 22) ("November 2 Motion"), the most efficient way to resolve this case is to defer liability-related briefing until after the Court has an opportunity to consider and rule upon Plaintiffs' Motion for Class Certification (Docket No. 12), and after the Court closes the proposed class. <u>See</u> United States' Motion at 8-11.

In addition, this Court has not yet determined whether to consolidate this matter with

Bird Bay Executive Golf Course v. United States, No. 07-426, a proposal that Plaintiffs had themselves made in their First Amended Complaint. See Am. Comp. n. 4 (stating that "it is likely that interest of judicial efficiency would be served by consolidating Bird Bay and this case for briefing and decision on common legal issues").[1/] The Court should strike Plaintiffs' pleadings as untimely because these filings are made before the Court has had an opportunity to resolve the United States' Motion and before the Court has had a chance to resolve the consolidation question.

It must be noted that Plaintiffs' Motion for Summary Judgment and 63-page Memorandum are identical in all material respects to Plaintiffs' Motion for Partial Summary Judgment and 59-page Memorandum, which were filed on November 1, 2007, in Bird Bay. The Bird Bay pleadings were summarily struck by Judge Bush on November 2, 2007, for a variety of errors. See Ex. 1. Plaintiffs have made no effort to fix those errors here, and have instead compounded the confusion and inefficiencies in these two cases by submitting an identical, premature dispositive motion in a second case. It is difficult to imagine a more inefficient approach to litigation than the one Plaintiffs' counsel has pursued to date in these cases.

If the Court is not inclined to strike Plaintiffs' premature pleadings, the United States respectfully requests that the Court stay briefing on Plaintiffs' Motion for Summary Judgment until the Court resolves Defendant's November 2 Motion.

The United States also responds to Plaintiffs' Request for Leave to File Memorandum of Law in Support of Motion for Partial Summary Judgment (Docket No. 26) ("Plaintiffs' Motion

---

[1/] Bird Bay was transferred to this Court by an order dated November 7, 2007, in accordance with Rules 40.2(a)(3) and 40.1(b) of the Rules of the Court of Federal Claims ("RCFC").

for Leave"). Plaintiffs' Motion for Leave requests post hoc permission to file their overly-long Memorandum, and also requests that the Court add Lindsay S.C. Brinton as "counsel of record in this matter, in addition to Mark F. (Thor) Hearne, II." For the reasons discussed below, the United States opposes both requests.

## I. BACKGROUND

A summary of the procedural background of this matter is set forth at pages 4 to 8 of the November 2 Motion. In that pleading, the United States submitted a proposed schedule for the Court's consideration, together with a supporting argument. The United States also submitted a proposed Class Certification Order, Class Notice, and Entry of Appearance. The government stressed that the briefing "likely could have been avoided had Plaintiffs' counsel chosen to coordinate with counsel for the United States" and that the parties could likely have agreed on a joint proposal had Plaintiffs approached this case in a more disciplined manner. Id. at 3-4.

The United States' Motion was filed on Friday, November 2, shortly after Judge Bush issued her order striking Plaintiffs' untimely Motion for Partial Summary Judgment in Bird Bay. See United States' Mot. at 5 (noting Judge Bush's order). Less than an hour after the United States filed its motion (and approximately three hours after Judge Bush issued an order striking a substantively-identical document in Bird Bay), Plaintiffs filed their Motion for Summary Judgment here. Plaintiffs' Memorandum was filed on November 4, and Plaintiffs' Motion for Leave was filed on November 5.

On November 5, the Court's clerk transmitted an email to counsel requesting that the parties submit "a proposed joint order regarding class certification and a proposed joint schedule" on or before November 15, 2007.

## II. ARGUMENT

### A. The Court Should Strike Plaintiffs' Motion for Partial Summary Judgment and Accompanying Pleadings As Premature or, in the Alternative, Stay Briefing Until the Court Has Resolved the United States' Pending November 2 Motion

The November 2 Motion requested that the Court, *inter alia*, approve a scheduling order that would require the Court to close the class before the parties engage in dispositive motion briefing. Such a process would be consistent with the Court's rules regarding class certification, would be consistent with the process followed in other Rails-to-Trails class action takings cases, and would also be the most efficient use of judicial and attorney resources. See United States' Mot. at 8-11.

By filing a motion for partial summary judgment now, Plaintiffs have proceeded down a grossly inefficient path. If Plaintiffs' Motion for Summary Judgment is entertained now, the government will be forced to brief liability issues without having an opportunity to learn who is asserting claims against it or what particular property interests are claimed to have been taken. Plaintiffs' approach also ensures that the United States will lack an opportunity to consider whether it is even necessary to file summary judgment briefs in this matter, or whether some liability-related issues can be resolved by negotiation. See id. at 8-11 (discussing these issues in more depth).

Rather than responding to the November 2 Motion, or permitting the Court an opportunity to consider the government's brief, Plaintiffs hurriedly submitted a dispositive motion less than an hour after the government filed the November 2 motion (and only a few hours after Judge Bush struck a similar pleading in Bird Bay). Plaintiffs' approach to the management of this case is worrisome. Although Plaintiffs' counsel has expressed a desire to

streamline this case, their actions to date have resulted in exactly the opposite result. For example, rather than working with government counsel to submit a joint class certification order and notice, Plaintiffs submitted three unilateral filings on the subject (on October 17, October 22, and October 23). See id. at 3 (discussing and responding to Plaintiffs' filings). Plaintiffs' counsel likely expended significant time and energy in preparing these unnecessary filings, which they will, no doubt, demand the government pay for if Plaintiffs are successful in this lawsuit. In response to the Court's November 5 instruction to counsel to submit a joint proposal, Plaintiffs' counsel will now expend additional time and resources doing what it should have done months ago – work jointly with government counsel.

Similarly, rather than allowing the Court an opportunity to issue a decision on whether to consolidate this matter with Bird Bay – a process Plaintiffs themselves contemplated in their First Amended Complaint – Plaintiffs have now filed nearly identical, lengthy summary judgment motions in both cases. Rather than giving the Court an opportunity to consider the United States' November 2 Motion, Plaintiffs instead simply filed a dispositive motion. It is difficult to imagine how Plaintiffs' counsel could conceive their actions as efficient.

For the reasons set forth in the United States' Motion, the Court should strike Plaintiffs' Motion for Partial Summary Judgment and the accompanying pleadings as premature. In the alternative, the Court should stay briefing on Plaintiffs' Motion until it resolves the United States' Motion to Approve Proposed Schedule.

### B. The Court Should Deny Plaintiffs' Motion for Leave

#### 1. Plaintiffs Should Not Be Allowed to File an Over-Length Memorandum

Plaintiffs' Memorandum is 54 pages long, or 14 pages longer than the Rules of this Court

permit. See RCFC 5.2(b)(1). Although much of Plaintiffs' discussion is clearly unnecessary (for example, Plaintiffs' two-page-long footnote at pages 16-18 of their Memorandum is apparently offered only as historical novelty), the United States' objection to Plaintiffs' request to exceed the page limit is based on the fact that Plaintiffs' Motion is premature. As a consequence, Plaintiffs have ensured an inefficient approach to briefing by denying any opportunity to determine whether there are any issues that the parties could resolve by negotiation. For this reason, the United States requests that the Court deny Plaintiffs' Motion for leave and strike Plaintiffs' Memorandum as violative of Rule 5.2.

If the Court grants Plaintiffs' motion to exceed the page limit, the government requests a similar accommodation to the extent such additional pages are necessary in any responsive pleading.

**2. The Rules of this Court Do Not Permit Multiple Counsels of Record**

Plaintiffs' Motion and accompanying pleadings are signed by Lindsay S.C. Brinton. As Judge Bush held in her November 2 Order, Plaintiffs' pleadings are in violation of Rules 11 and 83.1(c)(2) of the Rules of the Court of Federal Claims. See Ex. 1. Plaintiffs made no effort to correct this error when they submitted these substantively-identical pleadings in this case. The Court should, therefore, strike these documents.

Plaintiffs' Motion for Leave also requests that the Court "add Lindsday S.C. Brinton, who has been admitted to the U.S. Court of Federal Claims, as counsel of record in this matter, in addition to Mark F. (Thor) Hearne, II." Pls.' Motion for Leave at 2, ¶ 3. Rule 83.1(c)(1) of the Rules of the Court of Federal Claims states that "[t]here shall be but one attorney of record for a party in any case at any one time. . ." Accordingly, Ms. Brinton cannot be added "as

counsel of record in this matter, in addition to Mark F. ("Thor") Hearne, II." Pls.' Motion for Leave at 2, ¶ 3 (emphasis added). Plaintiffs' motion should be denied.

## III. CONCLUSION

For the reasons discussed above, the Court should strike Plaintiffs' Motion for Summary Judgment, Plaintiffs' Findings, and Plaintiffs' Memorandum because those filings are premature and in violation of the Rules of this Court. In the alternative, the Court should stay briefing on Plaintiffs' Motion for Summary Judgment until it first resolves the United States' pending November 2 Motion. In addition, the United States respectfully requests that Plaintiffs' Request for Leave be denied.

Respectfully submitted this 7th Day of November, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
MARK T. ROMLEY
WILLIAM J. SHAPIRO
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Of Counsel:

Evelyn Kitay
Surface Transportation Board
Washington, DC