# Exhibit 1

# In the United States Court of Federal Claim

No.07-426 C

(Filed November 2, 2007)

* * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| BIRD BAY EXECUTIVE GOLF COURSE, INC., et al., | * |
| *Plaintiffs*, | * |
| v. | * |
| THE UNITED STATES, | * |
| *Defendant*. | * |

* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

On October 31, 2007 and November 1, 2007, plaintiffs filed a series of documents which together purport to be plaintiffs' motion for partial summary judgment and proposed findings of uncontroverted fact. The Clerk's office referred these documents to the undersigned for a ruling. Because numerous deficiencies and filing irregularities plague these documents, the court orders these documents stricken from the record, for the following reasons.

First, plaintiffs' documents are not signed by the attorney of record, as required by RCFC 11 and 83.1(c)(2). Second, plaintiffs may not file a motion for summary judgment piecemeal on successive days; RCFC 56(h)(1) requires the motion and the findings of fact to be filed together. Third, plaintiffs' motion and memorandum total 63 pages, which, once 9 pages of tables are deducted, equals 54 pages, thus violating the page limit set by RCFC 5.2(b)(1). Fourth, plaintiffs' filings include two statements of uncontroverted fact, one filed separately, as required by RCFC 56(h)(1), and another incorporated into plaintiffs' memorandum. These statements are not identical, and will provoke confusion. Plaintiffs should include in a summary judgment memorandum arguments which cite to their statement of facts, by reference to numbered paragraphs in that separately filed document.

Finally, the court is aware that plaintiffs' counsel has presented a request to

another judge of this court to consolidate the liability issues of this case with a case before that judge. Normally, the court is able to manage its cases with a maximum of efficiency when the parties adhere to the case management procedures set forth in Appendix A of this court's rules. *See* RCFC 1 (stating that the court's "rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action"); RCFC 16(b)(2) (noting that a judge typically enters a scheduling order setting a motion schedule upon receipt of a Joint Preliminary Status Report (JPSR) filed pursuant to Appendix A case management procedures). One of the issues discussed in a JPSR is whether consolidation of cases is advantageous. *See* RCFC App. A ¶ 4(b).

By filing their motion for partial summary judgment before a JPSR has been filed in this case, plaintiffs have deprived the court of vital information which might aid in its determination, *inter alia*, as to whether efficiencies may be secured by the consolidation of any aspects of this case and *Rogers v. United States*, No. 07-273 L. Thus, the filing of a dispositive motion by plaintiffs prior to the submission of the JPSR appears to be premature and may be prejudicial to the efficient disposition of plaintiffs' claims. The court suggests, under the circumstances, that plaintiffs consider filing the JPSR prior to the re-submission of their partial motion for summary judgment as an efficient means for proposing a litigation schedule in the subject matter.

Accordingly, it is hereby **ORDERED** that:

(1) Plaintiffs' Filings of docket documents 12, 13 and 14 in the subject matter, titled, respectively, Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs' Proposed Findings of Uncontroverted Fact and Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment, filed October 31 and November 1, 2007, are **STRICKEN** from the record; and,

(2) The parties' **JPSR** deadline of **November 19, 2007** remains unchanged.

s/Lynn J. Bush
LYNN J. BUSH
Judge