## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN J. ROGERS, et. al. | |
| Plaintiffs, | Hon. Mary Ellen Coster Williams |
| v. | No. 07-273 |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## JOINT PROPOSED SCHEDULING ORDER

1. On or before **November 15, 2007**, Class Counsel shall file a List of Potential Property Owners, listing the following information about all known individuals or entities who may be entitled to participation in this class action:

    i. the name of the respective individual or entity,

    ii. the current or last known address of the individual or entity, and

    iii. the "Parcel ID" assigned to the property by the Sarasota County Appraiser's Office if available (and if not available, other identification or description) of the real property owned by the individual or entity.

2. On or before **November 12, 2007**, Class Counsel shall mail to each individual or entity identified on the List of Potential Class Members the following documents, together with an empty return envelope, addressed to Class Counsel:

    i. the Notice, in the form approved by the Court (Exhibit 1); and

    ii. a blank Entry of Appearance, in the form approved by the Court (Exhibit 2).

3. It is Plaintiffs' position (as agreed to by the Defendant and ordered by the Court in other trails cases, namely, *Illig v. U.S.* and *Miller v. U.S.*) that the cost of obtaining the List of Potential Class Members and the mailing shall be borne by the Plaintiffs, but shall be considered costs pursuant to Subchapter III of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4651-4655. Defendant states that it is not



EXHIBIT
2
tabbies

authorized to declare what will and will not be considered costs under the URA. Further, Defendant feels that the consideration of what will and will not be considered costs under the URA is not related in any manner to the scheduling of this matter and should be raised at a more appropriate time.

4. On or before **December 10, 2007**, Class Counsel shall file an affidavit certifying that the mailing has been made as provided for herein.

5. Individuals and entities who wish to opt-into this class action as a class member must submit a completed Entry of Appearance, including all attachments, to Class Counsel.

   If Class Counsel believes an Entry of Appearance does not include all required information, Class Counsel shall so notify the prospective class member and suggest that the class member correct such deficiencies. Only those individuals or entities whose completed Entry of Appearance, including all attachments, is received by Class Counsel on **January 21, 2008**, will be considered class members in this lawsuit.

6. On or before **February 1, 2008**, Class Counsel shall file the following documents:

   i. a Class Index, which shall identify each property for which an Entry of Appearance was received by Class Counsel on or before January 14, 2008. Class Counsel shall assign a separate number to every property on the Class Index. The claim numbers should be assigned such that the properties identified in the Entry of Appearance are numerically organized from one end of the railroad corridor to the other.

   ii. a Claim Book, which shall include all information provided by each class member in the Entry of Appearance, organized according to claim number.

7. Only those class members and properties identified on the Class Index and Claim Book will be considered part of this class. The class shall be closed on **February 1, 2008**.

8. Counsel for the United States shall have until **April 4, 2008**, to challenge the eligibility of any prospective class member by filing an objection to any class member based upon the Entry of Appearance and documents included with the class member's Entry of Appearance. These objections will be limited to those objections that can be determined upon a review of the Entries of Appearance and attached documents only. Such objections, if any, shall be filed by counsel for the United States on or before April 4, 2008. It is Defendant's position that all other defenses will be reserved for subsequent briefing.

9. It is Defendant's position, for the reasons articulated in the United States' Motion for Entry of Proposed Scheduling Order (Docket No. 22), that all liability-related briefing should take place after class has closed, in accordance with a future order of the Court. Plaintiffs note

that they have already filed their Motion for Partial Summary Judgment on the issue of the Defendant's threshold liabilty, and that pursuant to the October 18, 2007 telephonic status conference with the Court, any objections by the Defendant should be raised within the context of RCFC 56.

10. After **April 4, 2008**, the Court shall hold a status conference to determine further proceedings.

**IT IS SO ORDERED.**