IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et. al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Hon. Mary Ellen Coster Williams |
| | ) | |
| v. | ) | |
| | ) | No. 07-273 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO STAY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiff, Stephen J. Rogers, et. al. and for their Reply to Defendant's Motion to Strike Or, in the Alternative, to Stay Plaintiffs' Motion for Summary Judgment and Opposition to Plaintiffs' Request for Leave to File Memorandum of Law in Support of Motion for Partial Summary Judgment, hereby states as follows:

## ARGUMENT

**I. This Court has already stated that Plaintiffs were free to file their motion for partial summary judgment on the threshold issue of the government's liability.**

During the telephonic conference with the Court on October 18, 2007, the Defendant requested that this court delay any determination of the government's threshold liability until after the class had been certified and all participating class members had "opted" in. The Plaintiffs opposed any delay in the briefing of the government's threshold liability and stated their intention to present



STLDOCS 209895v1

this threshold liability issue by a motion for partial summary judgment brought under RCFC 56. The Plaintiffs understood this Court to have ruled that the Plaintiffs were entitled to file a RCFC 56 motion for partial summary judgment on the threshold liability issue. To the extent that the Defendant sought to delay resolving this issue, the Court referred the defendant to the provisions of RCFC 56 and this Court's decision in *Jade Trading v. LLC v. United States*, 65 Fed.Cl. 188 (2005).

However, almost a month later, Defendant is still litigating this settled issue.[1] Instead of following the Court's instructions and taking advantage of the remedies provided by RCFC 56 (should any be appropriate) and *Jade Trading*, the Defendant seeks to continually delay every aspect of this case by re-litigating this issue as in the current motion.

## II. Plaintiffs' Motion for Partial Summary Judgment is timely filed in accordance with the Rules of the U.S. Court of Federal Claims and is consistent with similar motions for partial summary judgment filed in comparable Trails Act taking cases.

Allowing the parties to brief the issue of the government's threshold liability prior to closing the class has proven to be the preferred method in comparable Trails Act takings cases. Not only has this Court entered orders allowing the parties to proceed in this fashion, but this Defendant has routinely agreed to such a method. (*see*, *Illig v. United States*, 98-934L, *Miller v. United States*, 03-2489L and *Moore v. United States*, 93-134L; a copy of the Joint Stipulation and Order in *Illig* is attached as Exhibit A-1 and A-2). As explained in detail during the October 18, 2007 conference with

[1] Plaintiffs note that Defendant argued this issue before the Court in the October 18, 2007 telephonic conference, as well as in its Motion to Approve Proposed Schedule, filed November 2, 2007 (Docket No. 22), and Motion to Strike Or, in the Alternative, to Stay Plaintiffs' Motion for Summary Judgment and Opposition to Plaintiffs' Request for Leave to File Memorandum of Law in Support of Motion for Partial Summary Judgment, filed November 7, 2007 (Docket No. 27). In addition, Defendant has insisted that this issue is also included in the parties' Joint Proposed Scheduling Order, filed November 8, 2007 (Docket No. 28).

the Court, this is the preferred method because if the issue of liability is decided in favor of the Defendant and against the Plaintiffs, then the class issue is rendered moot in that there would be no basis for proceeding with litigation. Alternatively, resolving this threshold issue of liability is straight-forward; the underlying question of liability is common to all potential class members and a resolution is not dependent on the nature of any single class member's claim, but instead relates to the original creation of the Seaboard Air Line Railway right-of-way in 1910. Further, by addressing and resolving this issue now (even while class notification and certification is ongoing and not waiting until that process has been completed) the final resolution of this case will not be delayed.

## III. Defendant's proposed approach for the briefing on Defendant's liability will needlessly delay resolution of this case by more than nine months and will substantially increase the litigation costs for the federal government.

Plaintiffs filed their Motion for Partial Summary Judgment on November 2, 2007. Defendant wants this Court to wait until the class is closed and certified before allowing the liability-related briefing process to begin. Based on the current version of the Proposed Scheduling Order, the RCFC, and other similar Trails Act takings cases, the Defendant's proposed delayed timeline will prolong this litigation by at least nine months,[2] all the time spending the parties' time, money, and resources, before even addressing whether the government is liable for taking the Plaintiffs' property interests. This nine month delay not only would result in a delay of justice and compensation for the Plaintiffs

[2] Based on the parties' Joint Proposed Scheduling Order, which was filed with this Court on November 8, 2008 (Docket No. 28), the Defendant will have until April 4, 2008 to challenge the eligibility of any potential class member, and sometime thereafter, the parties would meet with the Court to set a schedule. Based on Defendant's proposed schedule, the liability-related briefing would not begin until sometime after April 4, 2008. Thereafter, the parties would be permitted the time in which to file responses, sur-replies, etc. Plaintiffs estimate this process to last, at a minimum, for a period of at least 90 days (making the final date of briefing around July 4, 2008).

whose property interests were taken on April 2, 2004, but would also result in substantial additional expenses to the government in the form of interest and delay damages.

Plaintiffs see no reason to delay resolution of these common threshold liability issues; these issues are common to all class members and do not concern claims of individual class members.[3] As such, in an effort to prevent needless delay and resolution of this matter, and to minimize litigation costs and delay damages for the federal government, Plaintiffs urge this Court to once again reject Defendant's proposed delay of the liability-related briefing.

## CONCLUSION

Congress has been concerned about the cost of Trails Act litigation to the government and to property owners and has also expressed concern about the length of Trails Act taking cases.

Nels Ackerson[4] testified during a hearing before the House Judiciary Committee, Subcommittee on Commercial and Administrative Law titled, "Litigation and its Effect on the Rails-to-Trails Program."[5] Mr. Ackerson testified that resolution of Trails Act cases was delayed and the costs and expenses to both the government and to property owners were greatly increased because the government adopted a strategy of "aggressively litigating every issue with every land owner,

---

3 The manner in which this threshold liability is common to any and all property owners that subsequently opt-in is apparent for the limited issues presented in the Plaintiff's Motion for Partial Summary judgment. (*See*, Memorandum of Law, Docket No. 25).

4 Nels Ackerson is the Chairman of The Ackerson Group, Chartered.

5 *Litigation and its Effect on the Rails-to-Trails Program*, Hearing before the Subcommittee on Commercial and Administrative Law of the Committee on the Judiciary House of Representatives, One Hundred Seventh Congress, Second Session, June 20, 2002, Serial No. 90, available online at: http://commdocs.house.gov/committees/judiciary/hju80320.000/hju80320_0f.htm.

sometimes over and over again, and sometimes the same issue several times in the same litigation. Since the Government ultimately must pay the land owners' attorneys' fees, as well as the Justice Department's own fees and costs, everybody loses by this prolonged litigation."[6]

Assistant Attorney General Thomas J. Sansonetti testified that the Justice Department sought to explore way to "streamline the procedures" and move "quickly through the determination stage of who actually owns the reversionary interest,"[7] Plaintiff's take Mr. Sansonetti at his word. That is why the Plaintiffs have proposed a procedure in this case – including class notification, certification and initial summary judgment on the governments threshold liability – that has been agreed to by the Defendant and ordered by this Court in similar Trails Act taking cases. The Plaintiffs have proposed using the same orders, pleadings, class entry forms and notice that was agreed to by the Defendant and ordered by this Court in other cases.

In light of this, the Plaintiffs are truly perplexed why the government is continually making this process more contentious and filing motions with no apparent objective other than delaying and further complicating the proceedings.

As noted above, Plaintiffs' filing of its Motion for Partial Summary Judgment, as well as their proposed class certification, class scheduling order, class notification, and entry of appearance for class members, are directly taken from similar pleadings in other Trails Act taking cases to which the Defendant has agreed and the Court has ordered. As such, Plaintiffs see no reason to spend an undue amount of effort in getting to points that they've previously agreed to with Defendant and Plaintiffs see no reason to further delay these issues.

---

[6] *See id.*

Accordingly, the Plaintiffs ask this Court to deny the Defendant's Motion to Strike or, in the Alternative, to Stay Plaintiffs' Motion for Summary Judgment and Opposition to Plaintiffs' Request for Leave to File Memorandum of Law in Support of Motion for Partial Summary Judgment.

| | |
|---|---|
| Date: 11/8/07 | LATHROP & GAGE L.C.<br><br>By /s/ Mark F. (Thor) Hearne, II<br>MARK F. (THOR) HEARNE, II<br>LINDSAY S.C. BRINTON<br>10 South Broadway, Suite 1300<br>St. Louis, MO 63102-1708<br>(314) 613-2500<br>(314) 613-2550 (fax)<br>Thornet@ix.netcom.com<br><br>ATTORNEYS FOR PLAINTIFFS |
| | |

7 *See id.*