IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SARAH ILLIG, GALE ILLIG, for Themselves and as Representatives of a Class of Similarly Situated Persons | ) | |
| Plaintiffs, | ) | No. 98-934L |
| v. | ) | Judge Bruggink |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## JOINT STIPULATIONS RELATED TO LIABILITY AND JOINT PROPOSAL REGARDING FUTURE PROCEEDINGS

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment and Defendant's response thereto. Following a review of the issues addressed in the pending motion, the parties have agreed to stipulate to several liability-related matters. Since these stipulations resolve many of the issues presently before the Court, the parties have discussed and are herein proposing a schedule for future proceedings in this case.

A. JOINT STIPULATIONS

1. On December 30, 1992, Plaintiffs Sarah Illig and Gale Illig ("Illigs") held fee simple title to Lots Q and R of a Re-Subdivision of Lots 24 to 33 inclusive of Grantwood Terrace, and Lot Q abuts the railroad right-of-way now known as Grant's Trail.

2. The land owned by the Illigs was originally part of a larger parcel of land that was owned by President Ulysses S. Grant and that was the subject of a letter dated April 6, 1872, in which President Grant authorized his agent to grant Pacific Railroad Company a right-of-way.



EXHIBIT A-1

3. Under Missouri law, the legal effect of President Grant's 1872 letter and the railroad's subsequent use of the property for the operation of a railroad was an easement by estoppel in favor of the Pacific Railroad Company and its successors-in-interest. Grantwood Village v. Missouri Pac. R.R., No. 4:94CV302 TIA, slip op. (E.D. Mo. Sept. 13, 1995), aff'd, 95 F.3d 654 (8th Cir. 1996). This easement by estoppel was limited to use of the property for railroad purposes.

4. On February 7, 1992, the MoPac submitted a Notice of Exemption under 49 C.F.R. § 1152.50 with the Interstate Commerce Commission (now the Surface Transportation Board) seeking authorization to abandon railroad service over the Carondelet Branch.

5. By letters dated January 27, 1992, and February 12, 1992, Gateway Trailnet, Inc.,a Missouri not-for-profit corporation, sought to establish railbanking and interim trail use of the right-of-way under the National Trails System Act, 16 U.S.C. § 1247(d), and 49 C.F.R. § 1152.29.

6. On March 25, 1992, the ICC issued a Notice of Interim Trail Use ("NITU") for the subject right-of-way.

7. In accordance with the NITU, Gateway Trailnet and MoPac entered into a railbanking and interim trail use agreement and, on December 30, 1992, MoPac transferred its interest in the subject right-of-way to Gateway Trailnet by a quitclaim deed.

8. MoPac has removed its rails and ties from the subject right-of-way.

9. Since December 30, 1992, the railroad easement that previously burdened the Illigs' property has been railbanked and made available for interim trail use in accordance with

the National Trails System Act, 16 U.S.C. § 1247(d). Plaintiffs maintain that the railroad easement was abandoned under Missouri state law on or before March 25, 1992. Defendant disagrees that there was an abandonment on or after that date, but the parties agree that the precise timing of any abandonment under state law is not relevant to these liability-related stipulations.

## B. JOINT PROPOSAL REGARDING FUTURE PROCEEDINGS

### 1. Plaintiffs' Pending Motion for Partial Summary Judgment

As a result of the stipulations set forth herein and this Court's prior ruling in Glosemeyer v. United States, 45 Fed. Cl. 771 (2000), the parties agree that Plaintiffs' Motion for Partial Summary Judgment should be granted as to the named plaintiffs, Sarah Illig and Gale Illig. The parties further agree that this grant of summary judgment on the question of liability will be applicable to all class members who are hereafter found–by stipulation or court order–to have held fee title on December 30, 1992, to property which is subject to the railroad easement that has been railbanked and made available for interim trail use under 16 U.S.C. § 1247(d).

### 2. Closure of the Class

In accordance with the Court's Order of December 26, 2000 (and subsequent modifications thereto), Plaintiffs have submitted the required information for each proposed class member, and all objections that could be lodged by Defendant "based upon the face of the Entries of Appearance and attached documents" have been raised and resolved.

Defendant agrees that the documents submitted by Plaintiffs establish that each proposed class member acquired an ownership interest in land abutting the subject right-of-way prior to the December 30, 1992 date of taking. However, Defendant does not agree that such

documentation conclusively establishes that the proposed class members have the same ownership interest in the subject right-of-way as the Illigs. Instead, due to the recent discovery of the ICC Schedule of Lands Owned or Used for Purposes of a Common Carrier for the subject right-of-way (previously submitted as Def's Supp. Ex. 1 in Def's Appendix of Supp. Exhibits, dated July 30, 2001 and hereinafter referred to as the "ICC Documents"), Defendant believes that additional documentation regarding title to certain parcels o property within the subject right-of-way may exist.

Accordingly, the parties request that the Court's final determination regarding class membership and closure of the class be deferred for approximately three months so that Defendant can determine whether it has any further objections related to title based upon the ICC Documents and matters referred to in, or discovered as a result of, the ICC Documents as to those properties that are identified therein as having been transferred to the railroad by an instrument of conveyance. The parties will attempt to resolve all title-related objections, but propose that the Court issue a scheduling order providing that any unresolved objections raised by Defendant will be filed by Defendant on or before January 4, 2002, and that Plaintiffs' responses shall be filed on or before February 15, 2002. If Defendant has no further objections, the parties propose to file a joint status report closing the class on or before January 4, 2002.

3. Damages Proceedings

To avoid any delay in the final resolution of this case, the parties agree that their work on the question of just compensation can proceed simultaneously with the remaining title-related work, although that work cannot be completed prior to closure of the class. For that reason, the parties propose that the Court issue a scheduling order setting the following deadlines for the disclosure of expert reports related to just compensation:

| | |
|---|---|
| Deadline for the Exchange of Expert Reports Related to Just Compensation | March 4, 2002, or 60 days following closure of the class, whichever is later. |
| Deadline for Expert Depositions | April 18, 2002, or 6 weeks following the exchange of expert reports, whichever is later. |

If a trial on the question of just compensation is required for some or all of the class members, the parties anticipate that they will be ready to proceed to trial by June 2002.

To expedite the filing of this joint submission, Plaintiffs' counsel of record has authorized the undersigned counsel of record for Defendant to sign this submission on his behalf.

Dated this 17th day of October, 2001.

Respectfully submitted,

Mark F. Hearne II by Kristine S. Tardiff

MARK F. HEARNE, II
AMY E. MARCHANT
LATHROP & GAGE, L.C.
1010 Market Street, Suite 1300
St. Louis, MO 63101-2020
Tel: (314) 613-2500
Fax: (314) 613-2550

Attorneys for Plaintiffs Sara and Gale Illig and Members of the Class

Kristine S. Tardiff

KRISTINE S. TARDIFF
U.S. Department of Justice
Environment & Natural Resources Div.
General Litigation Section
55 Pleasant Street, Room 352
Concord, NH 03301
Tel: (603) 225-1562 ext. 283
Fax: (603) 225-1577

Attorney for Defendant United States

CERTIFICATE OF SERVICE

The undersigned certifies that on this 17th day of October, 2001, a true and correct copy of the foregoing **Joint Stipulations Related to Liability and Joint Proposal Regarding Future Proceedings** was sent by facsimile and first class U.S. mail, postage prepaid, to the following counsel of record:

Mark F. Hearne, II
Amy E. Marchant
1010 Market Street
Suite 1300
St. Louis, MO 63101-2000
Fax: (314) 613-2550

Kristine S. Tardiff
KRISTINE S. TARDIFF

TARDIFF

# In the United States Court of Federal Claims

No. 98-934L
(Filed: October 22, 2001)

FILED
OCT 2 2 2001
U.S. COURT OF FEDERAL CLAIMS

******************************
SARAH ILLIG and GALE ILLIG,
for themselves, and as
representatives of a class of
similarly represented persons,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
******************************

01 OCT 23 AM 11:20
DEPARTMENT OF JUSTICE
GENERAL LITIGATION
SECTION

ORDER

The court has received the parties "Joint Stipulations Related to Liability and Joint Proposal Regarding Future Proceedings," filed October 18, 2001. In accordance with the joint stipulations and the parties' proposal, the following is ORDERED:

1. Plaintiffs' March 2, 2001 motion for partial summary judgment is granted with respect to named plaintiffs Sarah and Gale Illig. Determination of liability with respect to other individuals will await final determination of membership in the class.

2. Defendant will file any objections it has to inclusion of specific individuals in the class on or before January 4, 2002. Plaintiffs shall file any responses to any objections on or before February 15, 2002. If defendant does not file objections on or before January 4, 2002, the parties will file a joint status report by that same date proposing the closure of the class.

EXHIBIT
A-2

90-1-23-09440

3. Pending final resolution of class membership and of liability, the parties may proceed with discovery on the question of just compensation. On or before March 4, 2002, or 60 days after closure of the class, whichever is later, the parties will exchange expert reports related to just compensation. On or before April 18, 2002, or six weeks following the exchange of expert reports (whichever is later), all depositions of experts shall be concluded.

4. Further scheduling will be deferred until resolution of class membership.

ERIC G. BRUGGINK
Judge