**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et. al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Hon. Mary Ellen Coster Williams |
| | ) | |
| v. | ) | |
| | ) | No. 07-273 L |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RCFC 56(f) AND MEMORANDUM IN SUPPORT THEREOF**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et. al., | ) | |
| Plaintiffs, | ) | Hon. Mary Ellen Coster Williams |
| v. | ) | No. 07-273 L |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RCFC 56(f)**

Defendant, United States of America, hereby moves this Court for relief under Rule 56(f) of the Rules of the Court of Federal Claims ("RCFC"), which provides that "[s]hould it appear from the affidavits of a party opposing [a] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order depositions to be taken or discovery to be had or may make such other order as is just." Defendant respectfully requests that the Court stay proceedings on Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs' motion") (Doc. No. 23) and allow a period of discovery pursuant to RCFC 56(f). Such discovery would include, but is not limited to, title searches of the subject properties. These title searches are necessary to determine from which of two categories of deeds each named Plaintiff's property interest succeeded. The differences between these two categories of deeds is significant under Florida law. If the Court denies the instant motion, Defendant respectfully requests, in the alternative, that it be given fourteen (14) days from the date of the order containing such denial for the filing of its opposition to Plaintiffs' motion. A memorandum and declaration in support of this motion

follow.

**WHEREFORE**, Defendant respectfully requests that this Court stay proceedings on Plaintiffs' Motion for Partial Summary Judgment and allow Defendant time to conduct the discovery detailed in the following memorandum and the declaration attached as Exhibit 1 thereto.

Respectfully submitted this 3rd day of December, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
William Shapiro
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Counsel for the Defendant.

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. RCFC 56(f) IS PROPERLY INVOKED WHERE, AS IN THIS CASE, A PARTY OPPOSING A MOTION FOR SUMMARY JUDGMENT HAS NOT BEEN AFFORDED DISCOVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. DEFENDANT HAS SATISFIED THE FIVE PART TEST FOR PARTIES SEEKING RELIEF UNDER RCFC 56(f) AND SHOULD BE ALLOWED DISCOVERY PRIOR TO RESPONDING TO PLAINTIFFS' MOTION . . . . . 4

A. Defendant Satisfies the Five-Part Test for Relief Pursuant to RCFC 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1. Defendant Can Specify the Particular Factual Discovery Being Sought . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

2. Defendant Can Explain How the Discovery is Reasonably Expected to Engender a Genuine Issue of Material Fact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3. Defendant Can Demonstrate An Adequate Factual Predicated for the Belief that are Discoverable Facts Sufficient to Raise a Genuine and Material Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4. The United States Has Made Efforts to Obtain the Necessary Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5. Defendant Can Show Good Grounds for the Failure to Have Discovered the Necessary Facts Sooner . . . . . . . . . . . . . . . . . . . 10

B. Defendant's Position is Similar to that of the Nonmovant in Jade Trading, LLC v. United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

### FEDERAL CASES

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . 3

Chevron U.S.A., Inc. v. United States, 72 Fed. Cl. 817 (2006) . . . . . 4

Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp., 840 F.2d 917, 919 (Fed. Cir. 1988) . . . . . 3

Flowers v. United States, 75 Fed. Cl. 615 (2007) . . . . . 2, 3

Jade Trading, LLC v. United States, 60 Fed. Cl. 558 (2004) . . . . . 2-4, 10, 11

Mansfield v. United States, 71 Fed. Cl. 687 (2006) . . . . . 3

Opryland USA, Inc. v. Great American Music Show, 970 F.2d 847 (Fed. Cir. 1992) . . . . . 3

Theisen Vending Co. v. United States, 58 Fed. Cl. 194 (2003) . . . . . 3

Vivid Techs., Inc. v. Am. Sci. & Eng'g Inc., 200 F.3d 795 (Fed. Cir. 1999) . . . . . 4

### STATE CASES

Atlantic Coast Line Rail Co. v. Duval County, 154 So. 331 (Fla. 1934) . . . . . 7

Berger v. Riverwind Parking, LLP, 842 So.2d 918 (Fla. App. 2003) . . . . . 8

Blanton v. City of Pinellas Park, 887 So.2d 1224 (Fla. 2004) . . . . . 7, 8

H&F Land, Inc. v. Panama City-Bay County Airport and Indus. Dist., 736 So.2d 1167 (Fla. 1999) . . . . . 7

Holland v. Hattaway, 438 So.2d 456 (Fla. App. 1983) . . . . . 8

Marshall v. Hollywood, Inc., 236 So.2d 114 (Fla. 1970) . . . . . 8

Richardson v. Holdman, 33 So.2d 641, 643 (Fla. 1948) . . . . . 6

**STATE STATUTE**

Fla. Stat. § 712 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**RULES OF THE COURT OF FEDERAL CLAIMS**

RCFC 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

RCFC 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

RCFC 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-4, 11

**SECONDARY SOURCE**

Fla. Jur.2d Deeds § 104 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RCFC 56(f)**

**PROCEDURAL BACKGROUND**

Six individuals filed this matter on May 1, 2007, alleging a violation of the Fifth Amendment resulting from the Surface Transportation Board's issuance of a Notice of Interim Trail Use ("NITU") on April 2, 2004. See Compl., dated May 1, 2007 (Doc. No. 1). These plaintiffs brought this claim "in their individual capacity as property owners whose land has been taken by the federal government and also as a class action as representative parties on behalf of themselves and all other similarly situated landowners who own property in Sarasota County, Florida subject to the NITU." Compl. ¶ 40. Plaintiffs filed an amended complaint on June 26, 2007, which listed seven additional plaintiffs, bringing the total number of representative properties to thirteen. See Am. Compl., filed June 26, 2007 (Doc. No. 6). Plaintiffs in the Amended Complaint also stated that they intended to bring this matter as a class action. See Am. Compl. ¶ 70.

After the United States answered the Amended Complaint on August 6, 2007, Plaintiffs filed a Motion to Certify a Class Action. See Mot. to Certify Class, dated Aug. 21, 2007 (Doc. No. 12). On September 7, 2007, the United States filed a Response to Plaintiffs' Motion for Class Certification, stating that it did not oppose the granting of Plaintiffs' motion. See Resp. to Mot. to Certify Class (Doc. No. 13). On November 21, 2007, the Court entered an order certifying the class in this case. (Doc. No. 31).

The parties filed a Joint Preliminary Status Report ("JPSR") on October 9, 2007. (Doc. No. 18). In that filing, Plaintiffs stated that they believed only "limited discovery is required to address the legal issues in the initial cross motions for summary judgment." (Doc. No. 18).

Defendant stated that it was premature to propose a discovery schedule prior to the resolution of certain class related matters. (Doc. No. 18). Without discovery, for example, it is impossible to know the location of the Plaintiffs' or potential class members' respective properties, information that is critical to any liability analysis. Beyond the obligatory disclosures made pursuant to RCFC 26, no formal discovery has been conducted in this matter to date.

On November 2, 2007, Plaintiffs filed a Motion for Partial Summary Judgment. (Doc. No. 23). Two days later, on November 4, 2007, Plaintiffs filed a memorandum in support of their motion. (Doc. No. 24). On November 5, 2007, Plaintiffs filed a motion for leave to file their memorandum late and over the page limit. On November 21, 2007, the Court granted these requests and ordered Defendant to respond pursuant to the rules of this Court. (Doc. No. 32). Defendant hereby moves for relief under RCFC 56(f) and asks this Court to grant it an opportunity to conduct discovery in order to respond to Plaintiffs' Motion for Partial Summary Judgment.

## ARGUMENT

### I. RCFC 56(f) IS PROPERLY INVOKED WHERE, AS IN THIS CASE, THE PARTY OPPOSING A MOTION FOR SUMMARY JUDGMENT HAS NOT BEEN AFFORDED DISCOVERY

When a party files a motion for summary judgment, the burden of producing evidence sufficient to demonstrate the existence of genuine issues of material fact for trial shifts to the nonmoving party. See Flowers v. United States, 75 Fed. Cl. 615, 626 (2007) (discussing RCFC 56); Jade Trading, LLC v. United States, 60 Fed. Cl. 558, 565 (2004). If a nonmoving party asserts by affidavit that it lacks sufficient evidence to demonstrate the existence of disputed issues of material fact by affidavits or other evidence, that party is entitled to relief pursuant to

RCFC 56(f). See Mansfield v. United States, 71 Fed. Cl. 687, 688 n.2 (2006); Jade Trading, 60 Fed. Cl. at 559.

As RCFC 56(f) provides, "[s]hould it appear from the affidavits of a party opposing [a RCFC 56] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order . . . depositions to be taken or discovery to be had or may make such other order as is just." Further, "[t]he Supreme Court has made clear that summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery." Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp., 840 F.2d 917, 919 (Fed. Cir. 1988) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). The Federal Circuit has also recognized that "when the discovery is reasonably directed to 'facts essential to justify the party's opposition,' such discovery must be permitted or summary judgment denied." Opryland USA, Inc. v. Great American Music Show, 970 F.2d 847, 852 (Fed. Cir. 1992) (internal citation omitted). These rules are meant to provide nonmovants with protection from being "railroaded" by prematurely filed motions for summary judgment. See Celotex, 477 U.S. at 326; Opryland, 970 F.2d at 852; Jade Trading, 60 Fed. Cl. at 565. For this reason, "Rule 56(f) motions are generally favored and should be liberally granted." Jade Trading, 60 Fed. Cl. at 565 (quoting Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 197 (2003)).

To garner relief under RCFC 56(f), the non-moving party must do more than baldly assert its need for discovery. See Flowers, 75 Fed. Cl. at 626. Rather, the party moving for discovery should state with some amount of precision the materials it hopes to obtain and exactly how those materials can be expected to aid in opposing summary judgment. See id. "In short,

the facts that the [RCFC 56(f)] movant seeks to discover must be foreseeably capable of breathing life into his claim or defense. Evaluating the potential significance of unknown facts in regard to unadjudicated issues is something of a metaphysical exercise. Consequently, the threshold of materiality at this stage of a case is necessarily low." Vivid Techs., Inc. v. Am. Sci. & Eng'g Inc., 200 F.3d 795, 809 (Fed. Cir. 1999) (citing Resolution Trust v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1207 (1st Cir. 1994)).

## II. DEFENDANT HAS SATISFIED THE FIVE PART TEST FOR PARTIES SEEKING RELIEF UNDER RCFC 56(f) AND SHOULD BE ALLOWED DISCOVERY PRIOR TO RESPONDING TO PLAINTIFFS' MOTION.

To ensure that nonmovants have met their burden under 56(f), this Court has in recent years required a party seeking relief pursuant to RCFC 56(f) to satisfy a five part test. This test requires the nonmoving party seeking discovery to:

> (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts and (5) show good grounds for the failure to have discovered those facts sooner.

Jade Trading, 60 Fed. Cl. at 565. See also Chevron U.S.A., Inc. v. United States, 72 Fed. Cl. 817, 819 (2006).

### A. Defendant Satisfies the Five-Part Test for Relief Pursuant to RCFC 56(f).

As detailed below, and in the declaration attached as Exhibit 1, Defendant's request satisfies all five elements of the test required of a nonmoving party seeking relief pursuant to RCFC 56(f). Accordingly, proceedings on Plaintiffs' motion should be stayed and Defendant should be allowed an opportunity to conduct discovery in the form of title searches and

document gathering prior to making a response to Plaintiffs' motion.

(1) Defendant can specify the particular factual discovery being sought.

For the reasons described infra in section II.A.2, Defendant seeks to conduct full historical title searches of the properties owned by the named Plaintiffs and a full historical title search of the chain of title from the Seaboard Air Line Railroad ("Seaboard") (to which the original grants at issue in this case were made) to the Seminole Gulf Railway (which Plaintiffs allege abandoned the railroad right-of-way on April 2, 2004). Defendant also seeks the historical documents that would be associated with such title transactions in order to assemble a complete picture of the circumstances surrounding the title issues in this case.

(2) Defendant can explain how the discovery is reasonably expected to engender a genuine issue of material fact.

Defendant has two bases for expecting that the discovery it seeks will "engender a genuine issue of material fact." First, in their Proposed Findings of Uncontroverted Fact ("PFUF"), Plaintiffs state that "eight property owners granted the Seaboard Air Line Railway ("Seaboard") easements for a right-of-way upon which to operate a railroad across their property. These easements expressly limited the right to use the property to the operation of a railroad." However, a review of the nine deeds, which are attached to the PFUF, betrays more variation among the deeds than Plaintiffs' proposed facts reveal. While Plaintiffs accurately quote three of the right-of-way deeds (the Potter, Honore and Webber deeds are discussed and attached to the PFUF as Tabs A-C respectively) ("Palmer, Honore and Webber"), they merely give the name of the grantor for the remaining six deeds (the Frazee, Phillips, Knight I, Knight II, Hutchings and Blackburn deeds are attached to the PFUF as Tabs D-I respectively) ("deeds

D-I") and summarily conclude that the interests conveyed in those deeds "expressly limited the right to use the property to the operation of a railroad." PFUF at 2. Upon examination of deeds D-I, it becomes apparent, however, that those deeds neither limited the grants made therein to railroad purposes nor made any provision for a possibility of reverter, as was found in the Palmer, Honore and Webber deeds. See, e.g., PFUF, Tab D (granting to Seaboard "all . . . right, title and interest of any nature whatsoever in and to the following property . . . TOGETHER WITH all and singular the tenements, heriditaments and appurtenances thereunto belonging or appertaining, and every right, title or interest, legal or equitable, of the said parties of the first part;" PFUF, Tab I (granting to Seaboard "all . . . right, title and interest of any nature whatsoever in and to the following property . . . TOGETHER WITH all and singular the tenements, heriditaments and appurtenances thereunto belonging or appertaining, and every right, title or interest, legal or equitable, of the said parties of the first part.").

Under Florida law, the distinction between these two categories of deeds may prove to be crucial as the Palmer, Honore and Webber deeds appear to have conveyed a fee simple determinable or a fee simple subject to a condition subsequent to Seaboard, see Richardson v. Holdman, 33 So.2d 641, 643 (Fla. 1948) (holding that a right-of-way grant to a railroad that stated "should the [grantee] cease to use the foregoing land for railroad purposes, then and in that event the title to said property shall revert and vest in the [grantor] and his heirs and assigns" conveyed a fee simple determinable), while deeds D-I appear to have conveyed fee simple absolute to Seaboard. See Atlantic Coast Line Rail Co. v. Duval County, 154 So. 331, 332 (Fla. 1934) ( "[a] railroad right of way in this state is not a mere easement or user for railroad purposes. Like other property it is acquired by purchase or condemnation and vests a fee in the

company acquiring it which cannot be divested except as the law provides.”). This dichotomy is likely to create an issue of material fact because the analysis of the interests held by the named Plaintiffs individually will be affected by whether their ownership succeeds from the Palmer, Honore and Webber lines of deeds or from the lines that succeed from deeds D-I. For this reason, Defendant needs time to conduct discovery in the form of title searches on the properties of each named Plaintiff from the date of the alleged taking back to original 1910 granting deeds.

Defendant’s second expected basis for establishing a genuine issue of material fact arises from the Florida Marketable Record Title Act, Fla. Stat. § 712.01 et seq. (West 2000) (“MRTA”). The MRTA is a “comprehensive act that contains elements of a curative act, a statue of limitations, and a recording act.” Fla. Jur.2d Deeds § 104 (2005) (citing Blanton v. City of Pinellas Park, 887 So.2d 1224 (Fla. 2004)). The purpose of the MRTA is, in part, to clearly define marketability by extinguishing old interests of record not specifically claimed or reserved. See H&F Land, Inc. v. Panama City-Bay County Airport and Indus. Dist., 736 So.2d 1167 (Fla. 1999) (“receded from” on other grounds in Blanton, 887 So.2d at 1224). To this end, section 712.02 of the MRTA provides that “[a]ny person . . . vested with any estate in land of record for 30 years or more, shall have a marketable record title . . . free and clear of all claims.” Subject to the matters stated in section 712.03 of the MRTA, “such marketable record title shall be free and clear of all estates, interests, claims, or charges whatsoever, the existence of which depends on any act, title transaction, event or omission that occurred prior to the effective date of the root of title.” Blanton, 887 So.2d at 1228. Due to this expansive language and the requirement that the act be “liberally construed,” Fla. Stat. § 712.10, the MRTA has had powerful, if sometimes harsh, consequences. For example, the MRTA has been used to validate the chain of title

ensuing from a forged or "wild." deed. See Holland v. Hattaway, 438 So.2d 456 (Fla. App. 1983) ("Therefore, MRTA can even confer marketability to a chain of title arising out of a forged or wild deed."); Marshall v. Hollywood, Inc., 236 So.2d 114 (Fla. 1970) (holding against estate of deceased stockholder, under MRTA, where estate was seeking to recover property from a corporation that acquired an interest adverse to the estate by forged deed). The MRTA has also been used to strip subdivisions of their use restrictions when they were not re-recorded in the manner specified within the act. Berger v. Riverwind Parking, LLP, 842 So.2d 918 (Fla. App. 2003) ("Clearly MRTA extinguishes all limitations imposed by the initial recorded restrictions as to all lots . . . because they are over 30 years old and predate the root of title.").

In light of the possible application of the MRTA and the language differences among the original granting deeds, Defendant believes that investigations of the chain of title from Seaboard to CSX and from the original grantees to the named Plaintiffs are likely to yield facts relevant to its defense of Plaintiffs' Motion for Partial Summary Judgment.

(3) Defendant can demonstrate an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue.

Based on the analysis in Section II.A.2, Defendant is confident that it will find material facts to aid its opposition to Plaintiffs' Motion for Partial Summary Judgment. Further, it is clear that the facts Defendant seeks to find exist and are discoverable, provided the Court grants time for the undertaking. All of the deeds Defendant seeks should be located in the records of Sarasota County, Florida or Manatee County, Florida. Additionally, based on prior conversations with third parties, Defendant believes that the historical documentary evidence it

seeks should be located with either of two third parties, the Trust for Public Land or the Sarasota County government. With time for discovery, Defendant can obtain these items to assist it in responding to Plaintiffs' motion.

(4) The United States has made efforts to obtain the necessary facts.

In the relatively short time since Defendant filed its answer in this matter, it has attempted to discover what facts it could through informal discovery. With regard to the title searches, Defendant began the process of engaging LECG, a firm that does title-related work on a contractual basis, to do the title searches that are necessary to defend against Plaintiffs' motion. This contract has been consummated, but work was not begun because Defendant believes that is premature to begin title inspections prior to identifying all of the potential class members in this case. See JPSR ¶ 5. However, as a result of this Court's order of November 21, LECG stands ready to do the title work that is necessary to Defendant's response to Plaintiff's motion.

Defendant has been in contact with the Trust for Public Land ("TPL") and officials in Sarasota County in attempts to acquire historical documentary evidence pertaining to the right-of-way at issue here and its use as a recreational trail. Thus far neither effort has been successful. At this time, Defendant anticipates that it may need to issue formal subpoenas to obtain the relevant documents.

As demonstrated, time for discovery would allow Defendant to overcome the hurdles which have, until now, prevented it from discovering the facts described in Sections II.A.1 - II.A.3.

(5) Defendant can show good grounds for the failure to have discovered the necessary facts sooner.

The overarching reason Defendant has not transmitted any formal discovery to obtain relevant information is that this case was only recently filed and no order setting a discovery schedule had been entered prior to the filing of Plaintiffs' motion. The parties agree that at least limited discovery is needed to resolve the liability issues in this case,[1/] see JPSR at ¶ 5 (Doc. No. 18), but, other than the obligatory RCFC 26 disclosures, none has yet been had. Additionally, Defendant's efforts were slowed by the hopes that its informal discovery efforts with third parties would be more fruitful. See supra Sec. II.A.4.

Further, Defendant was not in possession of all of the 1910 granting deeds until Plaintiffs filed their Motion for Partial Summary Judgment on November 2. Accordingly, the questions raised by the differences among those deeds have only recently become apparent to Defendant and there has not been sufficient time to do discovery consistent with such questions.

B. Defendant's Position Is Similar to That of the Nonmovant in Jade Trading, LLC v. United States.

If this motion is denied, Defendant would be forced to defend against Plaintiffs' motion based on little more than the documents which it received as initial disclosures from Plaintiffs and the documents attached to Plaintiffs' motion. This Court analyzed an analogous situation in

---

[1/] The only dispute is over the timing of the discovery. See JPSR at ¶ 5 (Doc. No. 18). Defendant again proposes that any discovery the Court sees fit to grant extend past the date for the closing of the class in this matter. As described supra Sec. II.A.2, the seminal deed in each property owner's chain of title may very well be determinative of whether or not that owner has a valid claim in this lawsuit. By allowing discovery to stay open until after the class has closed, the resources of the parties and the Court will be preserved because the parties will be able to identify invalid areas of claimants and preemptively avoid wasting effort evaluating such claims.

Jade Trading, LLC and found that the grant of summary judgment in such a situation would be error. 60 Fed. Cl. at 565. In that case, Jade Trading, LLC asked this Court to deny the defendant's discovery efforts and grant summary judgment over the defendant's RCFC 56(f) motion. Id. This request was based on the affidavit of a party friendly to the corporation. Id. The Court responded that so ruling "without giving [d]efendant the opportunity for adequate discovery, would 'railroad' [d]efendant by preventing it from developing its case and prematurely resolving on motion, a matter that precedent suggests dictates trial." Id. Plaintiffs here are essentially asking the Court to reach the opposite conclusion on similar facts. They have presented their case, and now want this Court to rule without giving Defendant a chance to defend with anything other than documents provided by Plaintiffs. Ruling in this posture would "railroad" Defendant "by preventing it from developing its case . . . ." The conclusion that Defendant would be "railroaded" is made even stronger by the fact that defendant in Jade Trading had already obtained some discovery at the time it filed its RCFC 56(f) motion. In comparison, Defendant here has not had the chance for formal discovery to date. See id. at 564-65.

## CONCLUSION

As demonstrated, Defendant has satisfied the requirements necessary to obtain relief under RCFC 56(f). Accordingly, Defendant respectfully requests that this Court stay proceedings on Plaintiffs' Motion for Partial Summary Judgment and allow Defendant time to conduct the discovery detailed above.

Respectfully submitted this 3rd day of December, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
William Shapiro
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Counsel for the Defendant.

Of Counsel:
Evelyn Kitay
Surface Transportation Board
Washington, DC