**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. and LINDA L. ROGERS, Husband and Wife, | ) | |
| et. al | ) | Hon. Mary Ellen Coster Williams |
| For Themselves and As Representatives of a Class of Similarly Situated Persons, | ) | No. 07-273 L |
| Plaintiffs, | ) | |
| vs. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR THIRTY (30) DAY EXTENSION OF TIME BY WHICH CLASS COUNSEL MUST RECEIVE ALL CLASS MEMBERS' COMPLETED ENTRIES OF APPEARANCE (AND REQUIRED DOCUMENTATION) AND SUBMIT THE CLASS INDEX AND CLAIM BOOK**

COME NOW Plaintiffs Stephen J. and Linda L. Rogers, Husband and Wife, et. al, and in support of their Motion for Thirty (30) Day Extension of Time By Which Class Counsel Must Receive All Class Members' Completed Entries of Appearance (and Required Documentation) and Submit the Class Index and Claim Book, state the following:

1. On November 21, 2007, this Court issued an Order (the "Order") certifying this matter as a class action. (Docket No. 32).

2. Pursuant to the Court's Order, Class Counsel were to file a List of Potential Property Owners on or before December 14, 2007 and to mail to each individual or entity identified on the List a legal notice and blank entry of appearance on or before December 10, 2007. (Docket No. 32).

3. Class Counsel retained Stewart Title Guaranty to conduct a review of the records of the Sarasota County Recorder of Deeds' Office and the Sarasota County Assessor's Office concerning those individuals or entities that to the best of its knowledge, on April 2, 2004, owned or may have owned an interest in the property abutting or underlying the approximately twelve mile long railroad right-of-way from Sarasota to Venice, Florida, which was subject to the Notice of Interim Trail Use issued by the Surface and Transportation Board on April 2, 2004.

4. Based upon Class Counsel's review of this title work and its limited additional research, Class Counsel filed a List of Potential Property Owners and an Affidavit certifying mailing to each of the potential property owners on November 27, 2007. (Docket Nos. 33 and 34).

5. In the process of contacting all potential property owners, Class Counsel has discovered inaccurate or outdated contact information for some of the potential property owners identified on the List of Potential Property Owners.

6. Class Counsel has attached Exhibit A which notes sixty-five (65) of the Potential Property Owners with inaccurate or outdated contact information where the Post Office returned the Notice when sent to the address noted on the List of Potential Property Owners. (*See* Exh. A: List of "Bad Addresses").

7. Class Counsel has conducted additional research to obtain the accurate and current contact information for the Potential Property Owners listed on Exhibit A and is re-sending Notice to these Potential Property Owners at the address believed to be the accurate address.

8. Since filing the List of Potential Property Owners, Class Counsel has also been advised of sixty (60) potential property owners that were not on the List of Potential Property

Owners to whom the original Notice was sent. (*See* Exh. B: List of New Potential Property Owners).

9. Class Counsel has sent the Notice as ordered by this Court to each of these new Potential Property Owners at the address specified in Exhibit B.

10. Class Counsel has been working diligently to assure that each potential property owner receive Notice as ordered by this Court.

11. To ensure that all potential property owners are adequately advised of this pending class action and have the opportunity to "opt-in" should they so desire, Class Counsel requests an additional thirty (30) days by which it must receive all class members' completed entries of appearance and submit the Class Index and Claim Book. (Currently, Class Counsel must receive the completed entries of appearance by February 11, 2008 and file the Class Index and Claim Book by February 19, 2008).

12. In fairness to the Defendant, Class Counsel also requests that the Defendant's deadline for responding to the Claim Book be extended an additional thirty (30) days to allow the Defendant to challenge the eligibility of any prospective class member by filing an objection. (Currently, the Defendant is required to file a notice of objection to a potential class member's entry of appearance by April 24, 2008).

WHEREFORE, Class Counsel respectfully requests that this Court: (a) extend the deadline by which Class Counsel must receive all completed entries of appearance and required documentation by thirty (30) days to now be on or before March 12, 2008; (b) extend the deadline for Class Counsel to submit the Class Index and Claim Book by thirty (30) days to now be on or

before March 20, 2008; and (c) extend the deadline for the Defendant to challenge the eligibility of any prospective class member by filing an objection by thirty (30) days to now be on or before May 24, 2008.

| | |
|---|---|
| Date: 2/4/08 | LATHROP & GAGE L.C.<br><br>By: /s/ Mark F. (Thor) Hearne, II<br>MARK F. (THOR) HEARNE, II<br>LINDSAY S.C. BRINTON<br>10 South Broadway, Suite 1300<br>St. Louis, MO 63102-1708<br>(314) 613-2500<br>(314) 613-2550 (fax)<br>Thornet@ix.netcom.com<br><br>ATTORNEYS FOR PLAINTIFFS |
| | |