IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et. al., | ) | |
| Plaintiffs, | ) | Hon. Mary Ellen Coster Williams |
| v. | ) | No. 07-273 L |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S INITIAL OBJECTIONS TO INDIVIDUAL CLASS CLAIMS**

Pursuant to this Court's Order of February 15, 2008, defendant hereby provides its initial objections to the 334 claims that were identified by plaintiffs in the "Claim Book" they submitted March 19, 2008. (Docket No. 40; Docket No. 42). Pursuant to the parties' agreement, as adopted by the Court in its November 21, 2007 Order and reiterated in its February 15, 2008 Order, these objections are "limited to those objections that can be determined upon a review of the Entries of Appearance and attached documents only." (Docket No. 32, Item 7; Docket No. 40, Item 7). Defendant anticipates filing a second set of initial objections following the receipt of further direction from the Court. (Docket No. 40, Item 7 ("Proceedings as to all other defenses are deferred pending further order of the court.")).[1/]

Initially, as a general objection, despite the fact that claims in the Claim Book were supposed to have been "numerically organized from one end of the railroad to the other,"

[1/] Defendant anticipates that the second set of objections will include objections that are not apparent solely from a review of the Entries of Appearance but can be demonstrated prior to a full title search of each potentially objectionable claim. Further, defendant respectfully reserves the right to lodge additional objections based on the grounds identified in this filing if such objection are warranted as more information becomes available.

(Docket No. 40), the Claim Book is instead arranged in alphabetical order by claimant name. (See Docket No. 42, Ex. A (submitting a Claim Index arranged in alphabetical order)). Accordingly, using solely the information presented in the Claim Book, it is impossible to tell where on the railroad corridor a potential claimant's property is located or, for some claims, if a potential claimant's property is, in fact, located on the railroad corridor.

## I. Claimant Was Not the Owner on the Alleged Date of Taking

After reviewing the relatively limited amount of information available in the Entries of Appearance, defendant has discerned that the bulk of its initial objections are rooted in the axiom "that only persons with a valid property interest at the time of the taking are entitled to compensation" for alleged takings. Underwood Livestock v. United States, 79 Fed. Cl. 486, 497 (2007)(quoting Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001)). Defendant objects to Claim Numbers 9, 59, 91, 106, 157, 166, 172, 203, 213, 221, 229, 237, 300, 301 and 302 on the basis that the claimant was not the owner of the subject property on the date of the alleged taking. Defendant's reasons for each objection are as follows:

**Claim 9** - The claim is submitted in the name of Alfred Art. However, according to the deeds attached to the claim, the owner on the date of the alleged taking (April 2, 2004) was the Barbara A. Art Revocable Trust. See Tab 9 of Claim Book.

**Claim 59** - The claim is submitted on behalf of the Dale A. Brown Revocable Trust with Peggy Jackson as trustee. See Tab 59 of Claim Book. This claim appears to be a duplicate of claim 38, which is an Entry of Appearance on behalf of Dale A. Brown. Additionally, reading the Warranty Deed submitted with the Entry of Appearance together with the document titled "2007 Detail Information for Parcel 0405-06-0009," it appears that Dale A. Brown, not the eponymous

trust, was the owner of the subject property on the date of the alleged taking (April 2, 2004).

**Claim 91** - This claim is submitted in the name of Sharon Gallagher. However, the Trustee's Deed submitted with the Entry of Appearance appears to show that the owner of the subject property on the date of the alleged taking (April 2, 2004) was the Sharon L. Gallagher Revocable Trust. See Tab 91 of Claim Book.

**Claim 106 -** This claim is submitted on behalf of Group W. Property/Fl. Corp. The claimant did not produce an instrument to demonstrate ownership or ownership on the date of the alleged taking.

**Claim 157 -** This claim is submitted by Charles and James Knowles. Their Entry of Appearance lists two properties, 1640 Springwood Drive and 1722 Springwood Drive, as potentially relevant to these proceedings. See Tabs 157 of Claim Book. However, the Entry notes that claimants acquired 1640 Springwood Drive in November 17, 2006, a date after the alleged date of taking in this matter (April 2, 2004). Accordingly, defendant objects to the extent claimants attempt to assert a claim for the property located at 1640 Springwood Drive.

**Claim 166 -** This claim is submitted by Isaac Lewis. However, according to the Quitclaim Deed submitted with the Entry of Appearance, Mr. Lewis did not acquire an interest in the subject property until April 8, 2005, a date after the date of the alleged taking in this matter (April 2, 2004). See Tab 166 of Claim Book.

**Claim 172 -** This claim is submitted on the behalf of Donald Grey Lowry. It appears from the documents submitted with the Entry of Appearance that Mr. Lowry was the owner of the subject property on the alleged date of taking (April 2, 2004). However, the Entry was submitted by George Giordano, the current owner of the subject property, who claims to be "acting on behalve [sic] of Don Lowrey [sic]." Despite this representation, Mr. Giordano did not include any proof

that he is, in fact entitled, to act on Mr. Lowry's behalf. See Tab 172 of Claim Book.

**Claim 203 -** This claim is submitted on behalf of Mission Valley Estates. The claimant did not produce an instrument to demonstrate ownership or ownership on the date of the alleged taking.

**Claim 213** - This claim is submitted in the names of Max and Elizabeth Noggle. However, according to the Warranty Deed submitted with the Entry of Appearance, the Noggle Family Revocable Trust was the owner of the subject property on the date of the alleged taking (April 2, 2004). See Tab 213 of Claim Book.

**Claim 221** - This claim is submitted on behalf of Park Trace Homeowner's Association. The claimant did not produce an instrument to demonstrate ownership or ownership on the date of the alleged taking (April 2, 2004).

**Claim 229** - This claim is submitted by Gregory L. Plyler. However, according to the Warranty Deed submitted with the Entry of Appearance, Mr. Plyler did not acquire an interest in the subject property until March 28, 2005, a date after the date of the alleged taking in this matter (April 2, 2004). See Tab 229 of Claim Book.

**Claim 237** - This claim is submitted in the names of Mark and Stephany Richmond. However, according to the Corrective Warranty Deed submitted with the Entry of Appearance, the Mark Richmond Revocable Trust was the owner of the subject property on the date of the alleged taking. See Tab 237 of Claim Book.

**Claim 300 -** This claim is submitted by John and Lynette Vanstone. However, according to the Tax Deed submitted with the Entry of Appearance, the Vanstones did not acquire an interest in the subject property until June 8, 2004, a date after the date of the alleged taking in this matter (April 2, 2004). See Tab 300 of Claim Book.

**Claim 301** - This claim is submitted by John and Lynette Vanstone. However, according to the Quitclaim Deed submitted with the Entry of Appearance, the Vanstones did not acquire an interest in the subject property until October 4, 2004, a date after the date of the alleged taking in this matter (April 2, 2004). See Tab 301 of Claim Book.

**Claim 302** - This claim is submitted by John and Lynette Vanstone. However, according to the Tax Deed submitted with the Entry of Appearance, the Vanstones did not acquire an interest in the subject property until June 13, 2004, a date after the date of the alleged taking in this matter (April 2, 2004). See Tab 302 of Claim Book.

## II. Claimant Has Provided Incomplete Ownership Information

Defendant makes ten objections based on the maxim that if a plaintiff is successful in a takings action, "compensation is due at the time of taking, [and] the owner at that time, not the owner at an earlier or later date, [should] receive[] the payment'" of just compensation. Underwood, 79 Fed. Cl. at 497 (quoting United States v. Dow, 357 U.S. 17 (1958)(quoting Danforth v. United States, 424 U.S. 271 (1939))). In reviewing the relatively limited amount of information available in the Entries of Appearance, defendant discerned that a person or entity other than the named claimant held an interest in the allegedly affected property on the date of the alleged taking. Accordingly, defendant objects to Claim Numbers 8, 22, 28, 33, 65, 92, 122, 129, 247 and 272 to the extent they seek just compensation for the alleged taking of a property interest that they did not own. Defendant's reasons for each objection are as follows:

**Claim 8** - On the date of the alleged taking (April 2, 2004) claimant's ex-husband, Bradley S. Anderson, appears to have been a co-owner of the property. See Tab 8 of Claim Book. Although claimant attaches a copy of the marital settlement agreement, in which the Anderson's agreed that claimant would receive the marital home, it is not clear that this agreement is

sufficient to vitiate Mr. Anderson's potential interest in the property on the date of the alleged taking (April 2, 2004).

**Claim 22** - The claim is submitted in the name of James Battaglia alone. However, it appears from the Warranty Deed submitted with the Entry of Appearance that Kathryn R. Johnson was also an owner of the subject property on the date of the alleged taking (April 2, 2004). See Tab 22 of Claim Book.

**Claim 28** - The claim was submitted in the name of Marie L. Bergh. However, Mrs. Berg passed away on November 22, 2004 and the Entry of Appearance was submitted by two of her children, Joanne A. Ward and Anne L. Melville. See Tab 28 of Claim Book. The Entry of Appearance states that Mrs. Bergh "willed her property to her six children: Joanne A. Ward, Anne L. Melville, Sharon L. Spaulding, Kathleen A. Halpin, Theresa M. Wright and John A. Bergh, Jr." Id. Claimant has submitted proof that Ms. Ward and Ms. Melville are authorized to administer the estate of Mrs. Bergh, but has not submitted any documentation that Ms. Ward and Ms. Melville act on behalf of the other four children to whom Mrs. Bergh's property interest was devised.

**Claim 33** - The claim is submitted in the name of Betty Jo Boren alone. However, it appears from the Warranty Deed submitted with the Entry of Appearance that James L. Boren was also an owner of the property on the date of the alleged taking (April 2, 2004). See Tab 33 of Claim Book.

**Claim 65** - The claim is submitted in the name of Helen DeLeo alone. However, an August 26, 2002 Quit-Claim deed submitted with the Entry of Appearance purports to evidence the transfer of a life estate in the subject property to Ms. DeLeo with the remainder belonging to Scott Charles Haggerty. See Tab 65 of Claim Book. This is a date prior to the date of the alleged

taking (April 2, 2004), but there is no explanation of the significance of Mr. Haggerty's interest and no claim submitted in Mr. Haggerty's name.

**Claim 92** - This claim is submitted in the name of Michelle C. Garcia/Valente alone. However, the Warranty Deed submitted with the Entry of Appearance suggests that Carlos E. Garcia also owned an interest in the subject property on the date of the alleged taking (April 2, 2004). See Tab 92 of Claim Book.

**Claim 122** - This claim is submitted in the name of Lara Hatch alone. However, the Warranty Deed submitted with the Entry of Appearance apparently shows that Ms. Hatch owns the property as joint tenant with one Suzanne Smith. See Tab 122 of Claim Book. In fact, Ms. Smith's name is also on the tax notice submitted with the Entry.

**Claim 129** - This claim is submitted by Colleen G. Hersem, SC Property Tax Ventures and CMG Sarasota, LLC. However, the only instrument attached to the Entry of Appearance is a Quit Claim Deed from Tom Hersem to Colleen Hersem on October 7, 2003. See Tab 129 of Claim Book. Defendant objects to this claim because claimants, other than Ms. Hersem, did not provide instruments documenting their respective ownership interests.

**Claim 247** - This claim is submitted in the name of William R. Sautter alone. However, the Warranty Deed submitted with the Entry of Appearance apparently demonstrates that Mr. Sautter acquired the subject property as a tenant in common with Thomas H. Lewis, Jr.. See Tab 247 of Claim Book.

**Claim 272** - This claim is submitted in the name of Stephen stiller alone. However, the Warranty Deed submitted with the Entry of Appearance apparently demonstrates that Mr. Stiller acquired the subject property as a tenant in common with his father, Howard M. Stiller. See Tab 272 of Claim Book. On the date of the alleged taking (April 2, 2004), Howard Stiller was also a

record owner of the allegedly affected property.

## III. Miscellaneous Objections

While defendant attempted to categorize its objections, some issues remain that are pertinent only to individual claims. Defendant objects to Claim Numbers 38, 59, 106 and 172 on miscellaneous grounds.[2/] Defendant's reasons for each objection are as follows:

**Claim 38** - The claim is submitted in the name of Dale A. Brown with Peggy Jackson as trustee. See Tab 38 of Claim Book. This claim appears to be a duplicated of claim 59, which is an Entry of Appearance on behalf of the Dale A. Brown Revocable Trust. Id.

**Claim 59** - The claim is submitted on behalf of the Dale A. Brown Revocable Trust with Peggy Jackson as trustee. See Tab 59 of Claim Book. This claim appears to be a duplicate of claim 38, which is an Entry of Appearance on behalf of Dale A. Brown. Additionally, reading the Warranty Deed submitted with the Entry of Appearance and the document titled "2007 Detail Information for Parcel 0405-06-0009" together, it appears that Dale A. Brown, not the eponymous trust, was the owner of the subject property on the date of the alleged taking (April 2, 2004).

**Claim 106** - This claim is submitted on behalf of Group W. Property/Fl. Corp. The claimant did not produce an instrument to demonstrate ownership or ownership on the date of the alleged taking.

**Claim 172** - This claim is submitted on the behalf of Donald Grey Lowry. It appears from the documents submitted with the Entry of Appearance that Mr. Lowry was the owner of the subject property on the alleged date of taking (April 2, 2004). However, the Entry was submitted by

---

[2/] Defendant notes that it objects to Claim Numbers 59, 106 and 172 on other grounds.

George Giordano, the current owner of the subject property, who claims to be "acting on behalve [sic] of Don Lowrey [sic]." Despite this representation, Mr. Giordano did not include any proof that he is, in fact entitled, to act on Mr. Lowry's behalf. See Tab 172 of Claim Book.

**CONCLUSION**

Defendant respectfully submits these initial objections and awaits further instruction from the Court on the filing of additional, pre-title search, initial objections.

Respectfully submitted this 23rd day of May, 2008,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
William Shapiro
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Counsel for the Defendant.

Of Counsel:
Evelyn Kitay
Surface Transportation Board
Washington, DC