# Exhibit 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHEN J. ROGERS, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Hon. Mary Ellen Coster Williams<br>No. 07-273 L |
| BIRD BAY EXECUTIVE GOLF COURSE, INC., et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | Hon. Mary Ellen Coster Williams<br>No. 07-426 L |

**Declaration of Cindi A.R. Straup**

I, Cindi A.R. Straup, declare under penalty of perjury that:

1. I am the director of Axxion Administration, LLC. I have been engaged in claims administration for over ten years. I have been engaged to obtain the relevant landowner information for over forty lawsuits involving landowners who own land adjoining active and abandoned railroad corridors. These engagements included review of Valuation Maps, Valuation Schedules and tax maps.



D 0006

2. Axxion Administration, LLC was retained to conduct title examination work in Rogers v. United States and Bird Bay v. United States.

3. We were asked to determine the location of the railroad corridor ("subject corridor") identified in the Surface Transportation Board's Notice of Interim Trail Use dated April 2, 2004.

4. We determined the location of the subject corridor using parcel identification numbers and the descriptions in the original granting deeds, which were provided to us, conveying a right-of-way to the Seaboard Air Line Railway ("Seaboard") in 1910 and 1911. To accomplish this task, we also relied on Valuation Maps and Valuation Schedules compiled by the Interstate Commerce Commission. These documents reflect the location of the original granting deeds. See Tab A (providing identification of "Grantors" along the subject corridor).

5. We were also asked to identify the location of the property owned by each named plaintiff in Rogers v. United States and Bird Bay v. United States.

6. We used the deeds attached to the Rogers Amended Complaints and Bird Bay Amended Complaint, which were provided to us, and the parcel identification number for each Plaintiff's property, which were also provided to us, to determine the present-day location of the property owned by each named Plaintiff. See Tabs B-I.

7. We were then asked to overlay the present-day location of each Plaintiffs' property on the Valuation Maps, which show the location of the land granted in each of the original granting deeds. See Tabs B-I (showing color images representing present day locations and black and white underlying image representing the Valuation Map).

8. After we overlaid the present-day location of Plaintiffs' properties with the information on the Valuation Maps, we determined that 19 of the 21 properties owned by the

named Plaintiffs abut a section of the subject corridor granted to Seaboard by A.C. Honore (the "Honore deed."). See Tabs B-G. A copy of the Honore deed is attached at Tab J.

9. References to A.C. Honore on Tabs A-G correspond to portions of the subject corridor granted by the Honore deed.

10. A pictorial representation of the findings described in paragraph 8 are attached as Tabs B-G.

a. Tab B shows property owned by Palmer Ranch Holdings, Ltd. abutting a portion of the subject corridor originally granted to Seaboard by A.C. Honore.

b. Tab C shows property owned by Palmer Ranch Holdings, Ltd. abutting a portion of the subject corridor originally granted to Seaboard by A.C. Honore.

c. Tab D shows property owned by the A. Merle Clark Glueck Trusts, property owned by McCann Holdings, Ltd., property owned by Nathan and Deborah Childers and property owned by the Marlin Trusts abutting a portion of the subject corridor originally granted to Seaboard by A.C. Honore.

d. Tab E shows property owned by McCann Holdings, Ltd., property owned by JMC Real Estate Holdings, LLC and property owned by Mission Valley Golf and Country Club abutting a portion of the subject corridor originally granted to Seaboard by A.C. Honore.

e. Tab F shows property owned by JMC Real Estate Holdings, LLC, property owned by Mission Valley Golf and Country Club, property owned by Kenneth and LaOra Miles, property owned by Edward and Janice Fatica, property owned by Anne Edwards, property owned by Donald and Judith Duran, property owned by Egbert and Barbara Von Papen, property owned by Jan and Karin Hietman,



D 0008

property owned by Sue Wetzell Stitt, property owned by Denise Rizzo, property owned by Dwight and Carol Austin, property owned by Owen and Laura Harney, property owned by Kathy Becker and property owned by Steven and Linda Rogers abutting a portion of the subject corridor originally granted to Seaboard by A.C. Honore.

f. Tab G shows property owned by JMC Real Estate Holdings, LLC abutting a portion of the subject corridor originally granted to Seaboard by A.C. Honore.

11. We also determined that one named Plaintiff, Bird Bay Executive Golf Course, Inc., owns property that abuts a section of the subject corridor that was granted to Seaboard in 1927 via an Indenture from B.L.E. Realty Corp. and granted again, to Seaboard's receivership estate, by the Venice-Nokomis Holding Corp. in 1941. See Tabs H-I. A copy of the deed from B.L.E. Realty Corp. to Seaboard is attached at Tab K. A copy of the deed from Venice-Nokomis Holding Corp. is attached at Tab L.

12. Tab H and Tab I show property owned by Bird Bay Executive Golf Course abutting a portion of the subject corridor granted to Seaboard by Venice-Nokomis Holding Corp.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2 Day of June 2008 at Dallas Texas.

Cindi A.R. Straup

# TAB A

Rogers v. United States
Sarasota County, Florida
VAL Map and Grantor Information

*Record Date: April 2, 2004*




D 0011

# TAB B

D 0012

**Rogers v. United States**
**Sarasota County, Florida**
**VAL Map and Grantor Information**

*Record Date: April 2, 2004*



# TAB C

D 0013

**Rogers v. United States**
**Sarasota County, Florida**
**VAL Map and Grantor Information**

*Record Date: April 2, 2004*



# TAB D

D 0014

**Rogers v. United States**
**Sarasota County, Florida**
**VAL Map and Grantor Information**

*Record Date: April 2, 2004*



# TAB E

D 0015

**Rogers v. United States**
**Sarasota County, Florida**
**VAL Map and Grantor Information**

*Record Date: April 2, 2004*



# TAB F

D 0016

**Rogers v. United States**
**Sarasota County, Florida**
**VAL Map and Grantor Information**

*Record Date: April 2, 2004*



# TAB G

D 0017

**Rogers v. United States**
**Sarasota County, Florida**
**VAL Map and Grantor Information**

*Record Date: April 2, 2004*



# TAB H

D 0018

**Rogers v. United States**
**Sarasota County, Florida**
**VAL Map and Grantor Information**

*Record Date: April 2, 2004*



# TAB I

D 0019

**Rogers v. United States**
**Sarasota County, Florida**
**VAL Map and Grantor Information**

*Record Date: April 2, 2004*



# TAB J

KNOW ALL MEN BY THESE PRESENTS, That the undersigned, ADRIAN C. HONORE, a bachelor of Chicago, Illinois, for and in consideration of the sum of one dollar ($1.00) and other good and valuable considerations this day to him in hand paid, the receipt whereof is hereby acknowledged, does hereby remise, release and forever quit claim unto the SEABOARD AIR LINE RAILWAY, A CORPORATION OF THE STATE OF VIRGINIA and other States, a right of way for railroad purposes over and across the following described parcels of land, lying and being in the County of Manatee, and State of Florida;

(1) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line RAilway as located across the lands owned by the grantor herein in Sections three (3) and ten (10), Township thirty-seven (37) South of Range eighteen (18) East, Manatee County, Florida; said line being described as follows: Beginning at a point on the north line of the northwest quarter of the northeast quarter of section (3), Township thirty-seven (37) South, Range eighteen (18) east, seven hundred and twenty-four (724) feet of the northeast corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, nine thousand eight hunderd and fourteen (9814) feet, more or less, across said Section three (3), and crossing the South line of said section at a point eight hundred and eighty-eight (888) feet west of the south east corner thereof, and across the East one-half of the northeast quarter and the northeast quarter of the southeast quarter of Section ten (10), Township thirty-seven (37) south Range eighteen (18) East, and crossing the south line of said northeast quarter of the Southeast quarter of Section Ten (10) at a point thirty-three (33) feet west of the southeast corner thereof, and across the SE¼ of the SE¼ of said Section ten (10) to a point on the east line thereof. The said strip of land contains twenty-two and five-tenths (22.5) acres, more or less.

(2) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in Sections fourteen (14), twenty-three (23), twenty-six (26) and thirty-five (35) Township thirty-seven (37) South, Range eighteen (18) East, and Sections two (2), one (1) and twelve (12), Township thirty-eight (38) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows: Beginning at a point on the North line of the northwest quarter of the Northwest quarter of Section fourteen (14), Township thirty-seven (37) South, Range eighteen (18) East, two hundre... and fifty-two (252) feet east of the northwest corner thereof; running thence in a straight line South twelve (12) degrees, eleven (11) minutes East, thirty-five thousand one hundred and eighty (35,180) feet, more or less, across Sections fourteen (14), twenty-three (23), twenty-six (26) and thirty-five (35), Township thirty-seven (37) South, Range eighteen (18) East, and Sections two (2), one (1) and twelve (12), Township thirty-eight (38) South, Range eighteen (18) East, crossing the South line of the southeast quarter of the southwest quarter

128

of Section twelve (12) at a point six hundred eighty-eight (688) feet west of the southeast corner thereof. Said strip of land contains______acres, more or less.

(3) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in the southeast quarter of Section thirteen (13), Section Twenty-four (24) and the northeast quarter of the northeast quarter of Section Twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the west line of the northwest quarter of the southeast quarter of Section thirteen (13), Township thirty-eight (38) South, Range eighteen (18) East, five hundred and sixty (560) feet, more or less, south of the northwest corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, eight thousand nine hundred and twenty-five (8925) feet, more or less, across the southeast quarter of Section thirteen (13) Section twenty-four (24), and the Northeast quarter of the northeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, to a point on the south line of the said northeast quarter of the northeast quarter of Section twenty-five (25), distant five hundred sixty-five (565) feet, more or less, east of the southwest corner thereof. Said strip of land contains twenty and five tenths (20.5) acres, more or less.

(4) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air line Railway, as located across lands, owned by the grantor herein in the northeast quarter of the southeast quarter and the northeast quarter of the southeast quarter of the southeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the north line of the northeast quarter of the southeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, four hundred and sixty-seven (467) feet west of the northeast corner thereof; running thence in a straight line south twelve (12) Degrees, eleven (11) minutes east, a distance of two thousand and fifteen (2015) feet, more or less, to a point on the south line of the northeast quarter of the southeast quarter of the southeast quarter of Section twenty-five (25), distant forty-five (45) feet, more or less, west of the southeast corner thereof. Said strip of land contains four and sixtenths (4.6) acres, more or less. -

TO HAVE AND TO HOLD the said premises unto the said Seaboard Air Line Railway, its successors and assigns and to its or their own proper use, benefit and behoof forever for railroad purposes. -

D 0021

This convenance is made upon the express condition, however that if the Seaboard Air Line Railway shall not construct upon said land and commence the operation thereon with one year of the date hereof of a line of railroad, or, if at any time thereafter the said Seaboard Air Line Railway shall abandon said land for railroad purposes then the above described pieces and parcels of land shall ipso facto revert to and again become the property of the undersigned, his heirs, administrators and assigns.

IN TESTIMONY WHEREOF the undersign d has hereunto set his hand and seal this 5th day of November, A. D. 1910.

Witnesses:

ADRIAN C. HONORE' (SEAL)

Parks C. Archer

Albert Gaw

STATE OF ILLINOIS, }
SS.
COUNTY OF COOK. }

I hereby certify that on this 5th day of November, A. D. 1910, before me, the undersigned authority, personally appeared in the State and County aforesaid, the said Adrian C. Honore, a bachelor, personally known to me to be the individual described in and who executed the above written deed of conveyance, and for himself, acknowledged that he signed, sealed and delivered the said deed freely and voluntarily and for the uses and purposes therein stated.

IN WITNESS WHEREOF I have hereunto set my hand and affixed my Notarial seal the day and year above written.

Frederick C. Hack
Notary Public in and for County of Cook,
State of Illinois.

My Notarial Commission expires
on the 28th day of December, A. D. 1912.

The foregoing is a true copy of the original instrument, which was filed for record the 14th day of November, A. D. 1910 and recorded the 26th day of December, A. D. 1910.

Clerk.

# TAB K

C&S 68707

Cust No. Y-73.2

DEED 83 PAGE 451 44844

THIS INDENTURE, Made this 4 day of Apr., 1927, between B. L. E. Realty Corporation, a corporation of Florida, party of the first part; and Seaboard Air Line Railway Company, a corporation of Virginia and other States, party of the second part;

WITNESSETH, That said B. L. E. Realty Corporation, for and in consideration of the sum of Five Dollars, cash in hand paid, and for other good and valuable considerations, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, aliened, remised and released, and doth by these presents grant, bargain, sell, convey, alien, remise and release, unto the said Seaboard Air Line Railway Company, its successors and assigns, forever, all of its right, title and interest in and to the following real estate situated in Sarasota County, Florida, described as follows, to wit:

1. A strip of land 100 feet wide, that is, fifty feet on each side of center line of railway as located and constructed through the lands of the grantor in Sections 6, 7, 18 and 17, of Township 39 South, Range 19 East, Sarasota County, Florida. The location of the above mentioned center line is described as follows:
Beginning at the present center line of existing railroad where said center line crosses the channel of Curry Creek; thence in a southeasterly direction along the said present center line of railway and along the present center line produced, 5228.7 feet, more or less, to a point in the northwest quarter of the southeast quarter of Section 7, said point being a point of curve, and being 98.3 feet north of the center line of Venice Avenue, Town of Venice, Florida, as measured along the aforesaid center line of railway; thence along a 2° curve to the left 1046.7 feet to a point of tangency, said point being 948.4 feet south of the center of said Venice Avenue, as measured along aforesaid center line of railway; thence tangent to above mentioned line 7884.6 feet, more or less, to a point on the south line of Section 17, said point being 2692.9 feet east of the southwest corner of Section 17, and being the southern limit of the property herein conveyed.

APPROVED AS TO FORM

2. Also a tract of land 200 feet by 1607 feet, more or less, in the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of Section 7, Township 39 South, Range 19 East, immediately adjoining on the east the above described strip of land, and bounded as follows:
Beginning at the intersection of the north line of Venice Avenue, in the Town of Venice, Florida, with the east line of the above described strip of land; thence east along the north line of Venice Avenue 203.13 feet to a point; thence northerly along a line drawn parallel to and distant 250 feet easterly from the center line of railway as above described for a distance of 1607 feet to a point; thence west for a distance of 203.13 feet more or less to a point 50 feet east of said center line of railway as above described, as measured at right angles thereto; thence

southerly along a line drawn parallel to and distant 50 feet easterly from said center line of railway to the point of beginning.

3. Also all that certain tract of land in Section 17, Township 39 South, Range 19 East, lying between two lines fifty feet distant from and parallel to the center lines of wye track to be constructed, including all that land lying between the legs of said wye track and first above described strip of land. The center lines of said wye track are described as follows: Beginning at a point on the center line of proposed main track 6806.7 feet south of the center of said Venice Avenue, as measured along said center line of railway, said point being a point of curve for proposed wye track; thence along a 6° curve to the left 1503.8 feet to a point of tangency; thence tangent to above line 1000 feet in an easterly direction to a point, said point being the end of tail of proposed wye track; thence retrace last above described line 1000 feet to last aforesaid point of tangency, now a point of curve; thence along a 6° curve to the left, tangent to last described line 1503.8 feet to a point of tangency with center line of proposed main track, said point of tangency being 8717.4 feet, more or less, south of the center of Venice Avenue, as measured along said center line of railway.

Total 51.15 acres + additional area

TO HAVE AND TO HOLD, together with the rights, members and appurtenances thereunto belonging or appertaining, unto the said party of the second part, its successors and assigns in fee simple, forever.

And the said party of the first part doth hereby fully warrant the title to the said lands and will defend the same against the lawful claims of all persons whomsoever.

IN TESTIMONY WHEREOF, the said party of the first part has caused these presents to be duly signed and sealed the day and year first above written.

Attest: R. Wrenn
Assistant Secretary.

B. L. M. REALTY CORPORATION.
By Charles J. [signature]
Vice-President

Signed, Sealed and Delivered in the presence of:
M. J. O'Donnell
B. [signature]

# TAB L

DEED 176 PAGE 442 97078

LD 68707
11-10-41
agc

THIS DEED, made this 10th day of November, 1941, between Venice-Nokomis Holding Corporation, a corporation of Florida, party of the first part; and Seaboard Air Line Railway Company, a corporation of Virginia and other States, party of the second part;

WITNESSETH:

FLORIDA ... 0 ... CENTS

That for and in consideration of the sum of One Dollar, cash in hand paid, and of other good and valuable considerations, the receipt of which is hereby acknowledged, the party of the first part has granted, bargained, sold and conveyed, and does by these presents grant, bargain, sell and convey, unto the party of the second part, its successors and assigns, to be held, used and disposed of as a part of the receivership estate and in accordance with such further orders and decrees as may be entered by the United States District Court in the Consolidated Cause of Guaranty Trust Company of New York and Merrel P. Callaway, as Trustees, et al. against Seaboard Air Line Railway Company et al., the following real estate situated in Sarasota County, Florida, described as follows, to-wit:

1. A strip of land 100 feet wide, that is, fifty feet on each side of center line of railway as now located and constructed through the lands of the grantor in Sections 6, 7, 18 and 17, of Township 39 south, Range 19 east, Sarasota County, Florida. The location of the above mentioned center line is described as follows:

Beginning at the center line of the main track of Seaboard Air Line Railway Company where said center line crosses the channel of Curry Creek; thence in a southeasterly direction along the said center line of railway 5228.7 feet, more or less, to a point in the northwest quarter of the south-east quarter of Section 7, said point being a point of curve, and being 98.3 feet, more or less, north of the center line of Venice Avenue, Town of Venice, Florida, as measured along the aforesaid center line of railway; thence along a 2° curve to the left 1046.7 feet to a point of tangency, said point being 948.4 feet, more or less, south of the center of said Venice Avenue, as measured along aforesaid center line of railway; thence tangent to above mentioned line 7884.6 feet, more or less, to a point on the south line of Section 17, said point being 2692.9 feet, more or less, east of the southwest corner of Section 17, and being the southern limit of the property herein conveyed.

2. Also a tract of land 200 feet by 1607 feet, more or less, in the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of Section 7, Township 39 south, Range 19 east, immediately adjoining on the east the above described strip of land, and bounded as follows:

Beginning at the intersection of the north line of Venice Avenue, in the Town of Venice, Florida, with the east line of the above described strip of land; thence east along the north line of Venice Avenue 203.13 feet to a point; thence northerly along a line drawn parallel to and distant 250 feet easterly from the center line of railway as above described for a distance of 1607 feet to a point; thence west for a distance of 203.13 feet, to a point 50 feet east of said center line of railway as above described, as measured at right angles thereto; thence southerly along a line drawn parallel to and distant 50 feet easterly from said center line of railway to the point of beginning.

DEED 176 PAGE 443

-2-

LD 68707
11-10-41
ago

3. Also all that certain tract of land in Section 17, Township 39 south, Range 19 east, lying between two lines fifty feet distant from and parallel to the center lines of a wye track as same is now located and constructed, including all that land lying between the legs of said wye track and first above described strip of land. The center lines of said wye track are described as follows:

Beginning at a point on the center line of aforesaid main track 6806.7 feet, more or less, south of the center of said Venice Avenue, as measured along said center line of railway, said point being a point of curve for said wye track; thence along a 6° curve to the left 1503.8 feet, more or less, to a point of tangency; thence tangent to above line 1000 feet in an easterly direction to a point, said point being the end of tail of said wye track; thence retrace last above described line 1000 feet to last aforesaid point of tangency, now a point of curve; thence along a 6° curve to the left, tangent to last described line 1503.8 feet, more or less, to a point of tangency with center line of said main track, said point of tangency being 8717.4 feet, more or less, south of the center of Venice Avenue, as measured along said center line of railway.

TO HAVE AND TO HOLD, together with all and singular the rights, members, hereditaments and appurtenances thereunto belonging or in any wise incident or appertaining, unto the party of the second part, its successors and assigns, in fee simple forever, but subject to be held, used and disposed of as a part of the receivership estate as aforesaid.

IN TESTIMONY WHEREOF, Witness the following signatures and seals, the day and year first above written.

Attest:

James T. [signature]
Secretary.
Custodian thereof.

VENICE-NOKOMIS HOLDING CORPORATION

By [signature] President.

Signed, sealed and delivered in the presence of:

[signature]
[signature]

STATE OF Florida. }
County OF Sarasota. } : DEED 176 PAGE 444

Personally appeared before me this 10th day of November, 1941, Fred H. Albee and James T. Blalock, to me well known to be the persons described in and who executed the foregoing instrument as President and Secretary, respectively, of Venice-Nokomis Holding Corporation, a corporation, and to me well known to be the President and the Secretary, respectively, of said corporation, who severally acknowledged that they executed the foregoing instrument as such President and Secretary, respectively, for and on behalf of said corporation, and as its act and deed, for the uses and purposes therein expressed; that they did so under and by virtue of authority conferred upon them by the Board of Directors of said corporation, and that the seal annexed thereto is the genuine seal of said corporation and was affixed thereto by the said Secretary, he being the proper custodian thereof.

Witness my hand and official seal, the date aforesaid.

Alonzo L. Blalock
Notary Public,

ALONZO L. BLALOCK ★ NOTARY PUBLIC ★ STATE OF FLORIDA AT LARGE

My commission expires Notary Public, State of Florida at large. My commission expires June 8, 1943.

FILED FOR RECORD
May 4 1942
at 3:45 o'clock P M
AND RECORDED
May 7 1942
J. R. PEACOCK
CLERK

D 0027