# Exhibit 5

FOUR PENN CENTER
SUITE 200
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2808
TELEPHONE 215.563.9400
FACSIMILE 215.665.9988
WWW.GGELAW.COM

ERIC M. HOCKY
DIRECT DIAL 215.320.3720
emhocky@ggelaw.com

GG&E GOLLATZ GRIFFIN & EWING
ATTORNEYS-AT-LAW

ENTERED
Office of Proceedings
DEC 1 5 2003
Part of
Public Record

DEC 15 2003

December 12, 2003
VIA: UPS Overnight

Hon. Vernon A. Williams
Secretary
Surface Transportation Board
Mercury Building, #711
1925 K Street, N.W.
Washington, DC 20423-0001

209612

ENTERED
Office of Proceedings
DEC 1 5 2003
Part of
Public Record

Re: Docket No. AB-400 (Sub-No. 3X)
Petition of Seminole Gulf Railway, L.P. for
Exemption of Abandonment in
Sarasota County, Florida

Dear Secretary Williams:

Enclosed please find for filing the original and ten (10) copies of the above-referenced Petition for Exemption. Also enclosed is a diskette with a form of Federal Register notice, and our check in the amount of $4,700 representing the filing fee.

Please time stamp the extra copy of this letter to indicate receipt, and return it to me in the stamped self-addressed envelope provided for your convenience.

Respectfully,

FEE RECEIVED
DEC 1 5 2003
SURFACE
TRANSPORTATION BOARD

ERIC M. HOCKY

ENTERED
Office of Proceedings
Part of
Public Record

Enclosures

cc: All person shown on the certificate of service.



D 0050

ENTERED
Office of Proceedings
DEC 2003
Part of
Public Record

DEC 15 2003

Before the

SURFACE TRANSPORTATION BOARD

209612

ENTERED
Office of Proceedings
Part of
Public Record

Docket No. AB-400 (Sub-No. 3X)

FILED
DEC 15 2003
SURFACE
TRANSPORTATION BOARD

**PETITION OF SEMINOLE GULF RAILWAY, L.P.
FOR EXEMPTION OF ABANDONMENT
IN SARASOTA COUNTY, FLORIDA**

FEE RECEIVED
DEC 15 2003
SURFACE
TRANSPORTATION BOARD

ERIC M. HOCKY
GOLLATZ, GRIFFIN & EWING, P.C.
Four Penn Center
Suite 200
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 563-9400
Attorneys for Seminole Gulf Railway, L.P.

Dated: December 12, 2003

Before the
**SURFACE TRANSPORTATION BOARD**

Docket No. AB-400 (Sub-No. 3X)

**PETITION OF SEMINOLE GULF RAILWAY, L.P.
FOR EXEMPTION OF ABANDONMENT
IN SARASOTA COUNTY, FLORIDA**

Seminole Gulf Railway, L.P. ("SGLR") petitions for an exemption under 49 U.S.C. §10502 from the provisions of 49 U.S.C. §10903 to enable SGLR to abandon 12.43 miles of railroad located in Sarasota County, Florida. In support of its request for exemption, SGLR represents as follows:

**BACKGROUND OF TRANSACTION**

SGLR is a common carrier by railroad subject to 49 U.S.C. Subtitle IV that operates rail lines in the State of Florida. SGLR purchased the assets comprising its lines from CSX Transportation, Inc. ("CSXT") in 1987. SGLR leases the underlying property from CSXT.[1]

SGLR has now decided to abandon a portion of its Venice Branch between milepost SW 892 outside the city limits of the City of Sarasota and milepost 904.4 near the City of Venice, Florida, a total of 12.43 miles (the "Subject Line").[2] There has been no traffic on the

[1] SGLR acquired the full common carrier obligation when it purchased the rail line, and has the full authority to abandon the line. CSXT as the owner of the underlying land is not subject to the Board's jurisdiction. *See Seminole Gulf Railway, Inc. - Abandonment Exemption - In Lee County, FL*, ICC Docket No. AB-400 (Sub-No. 2X)(served December 22, 1994), *slip op* at 5.

[2] The Subject Line also includes a "wye" track and stub (at approximately milepost SW 904.2), as well as side tracks.



D 0052

line for over 20 months, there is little likelihood of traffic coming back to the line, and there is interest in developing the right-of-way for trail use. The Subject Line is located entirely within Sarasota County, Florida, and traverses through United States ZIP Codes 34233, 34238, 34272, 34275 and 34285. A map showing the location of the Subject Line and its relation to other rail lines in the area, highways, water routes and population centers is attached hereto as Exhibit "A". Based on information in SGLR's possession, the Subject Line does not contain federally granted rights-of-way. Any documentation in petitioner's possession will be made available promptly to those requesting it.

SGLR, together with CSXT as the underlying landowner, have granted The Trust for Public Land an option to acquire the rail line for conversion to a trail. All parties are anxious for SGLR to abandon the Subject Line so that the right-of-way can be developed for public use.

Since the Subject Line has had no rail traffic for the last 20 months and only a few cars prior to that, the abandonment of the Subject Line is not yet eligible for the class exemption for out of service rail lines pursuant to the provisions of 49 C.F.R. §1152.50. Because of the local interest in developing the right-of-way for trail use, SGLR does not want to wait until the two year class exemption period expires. However, because of the limited scope of the abandonment and the minimal effects on shippers, the abandonment is still eligible for an exemption pursuant to 49 U.S.C. §10502.

## CURRENT STATUS OF THE SUBJECT LINE

No trains have operated on the Subject Line since March 14, 2002.[3] All of the former shippers have moved elsewhere or use other arrangements for their traffic; all of the shippers which received traffic from the one public delivery track on the Subject Line are still receiving cars in rail service from SGLR at locations on its other lines. Because of residential and recreational development of the land along the right-of-way there are few, if any, parcels available for industrial development for new rail shippers.

## ABANDONMENT OF THE SUBJECT LINE SHOULD BE EXEMPTED

The abandonment of the Subject Line by SGLR would require authorization pursuant to 49 U.S.C. §10903 unless the exemption requested herein is granted. The Board is directed by 49 U.S.C. §10502 to grant an exemption if it finds that (1) regulation is not necessary to carry out the rail transportation policy of 49 U.S.C. §10101, and (2) either the transaction is limited in scope or regulation is not needed to protect shippers from the abuse of market power.

In a series of decisions, the Interstate Commerce Commission found that the abandonment of rail lines on which no traffic originated or terminated for at least two years should be exempt from regulation under then 49 U.S.C. §10505 (now §10502). *Exemption of Out of Service Rail Lines*, 366 ICC 885 (1983); *Exemption of Out of Service Rail Lines*, 1 ICC 2d 55 (1984), as modified by 2 ICC 2d 146 (1986).[4] SGLR's proposed abandonment falls just shy

---

[3] There have been no rail movements over the last three miles of the Subject Line for over 10 years.

[4] This exemption is now codified at 49 C.F.R. §1152 Subpart F.

of the two year class exemption critera having had no local service for 20 months. However, for the same reasons that those decisions found that out of service rail lines satisfy the exemption criteria, the Board should find that abandonment of the Subject Line should be exempted and should use the same shortened time periods as provided for class exemptions. The specific reasons for such finding are discussed below.

This abandonment of approximately 12.43 miles of rail line located all in one county does not require detailed scrutiny to carry out the rail policies of 49 U.S.C. §10101, and is in keeping with the Board's overall policy of removing unnecessary regulatory barriers from carriers. It is clear from the lack of traffic, and the development of the area around the Subject Line that there is little likelihood of there ever being a future demand for local rail service over the Subject Line. Approval of the exemption under 49 U.S.C. §10502 will enable SGLR to abandon the Subject Line and make better use of its resources without the extensive costs and delays that would otherwise occur if an application were required to be filed under Section 10903, and is in keeping with the following rail policies described in 49 U.S.C. §10101:

* * *

> (2) to minimize the need for Federal regulatory control over the rail transportation system and to require fair and expeditious regulatory decisions when regulation is required;

* * *

> (3) to promote a safe and efficient rail transportation system by allowing rail carriers to earn adequate revenues...

* * *

> (5) to foster sound economic conditions in transportation...

* * *

(7) to reduce regulatory barriers to entry into and exit from the industry...

* * *

(9) to encourage honest and efficient management of railroads;

* * *

(15) to provide for the expeditious handling and resolution of all proceedings.

Moreover, the grant of the exemption will not be inconsistent with any of the 15 items which have been made a part of rail transportation policy by 49 U.S.C. §10101.

The scope of the exemption requested is limited and will have no direct impact on shippers or other rail carriers. The transaction involves only 12.43 miles of rail line at the end of a branch line.[5]

Since the proposed transaction is of limited scope, it is not necessary for the Board to consider whether shippers need to be protected from abuse of market power. However, even if the Board were to consider market power, it is clear that shippers do not need to be protected from its abuse since there are no shippers remaining on the Subject Line, and no prospects of future shippers. Shippers in the region have the alternatives of being served by rail from public tracks off other SGLR lines in the area, or by motor carrier. Accordingly, regulation is not needed to protect shippers from abuse of market power.

Further the public will benefit from the benefit because the right-of-way will be developed for public recreational use.

---

[5] Thus, there is also no affect on any overhead traffic.

No formal complaint by a user of rail service on the Subject Line, or a state or local government entity acting on behalf of such a user, regarding cessation of service over the Subject Line either is pending with the Board or any U.S. District Court or has been decided in favor of a complainant within the last two years.

**ADDITIONAL INFORMATION**

SGLR provides the following additional information that would be required under 49 C.F.R. 1152.50(d)(2) and 1152.22 if this Petition were filed under the Board's class exemption:

(a)(1) The exact name of applicant is: Seminole Gulf Railway, L.P.

(a)(2) SGLR is a common carrier by railroad subject to 49 U.S.C. Subtitle IV, chapter 105.

(a)(3) SGLR seeks to abandon the Subject Line. SGLR owns the track, improvements and roadbed structure comprising the Subject Line, but does not hold title to the underlying land. SGLR leases the land from CSXT, the former rail operator of the line. It is the intention of SGLR and CSXT to sell the Subject Line for trail use pursuant to an existing option agreement with The Trust for Public Land.

(a)(4) A map of the Subject Line is attached as Exhibit A.

(a)(7) The representative of SGLR to whom correspondence should be sent is Eric M. Hocky, Esq., Gollatz, Griffin & Ewing, P.C., Four Penn Center, Suite 200, 1600 John F. Kennedy Blvd., Philadelphia, PA 19103.

(a)(8) The Subject Line traverses through United States ZIP Codes 34233, 34238, 34272, 34275 and 34285.

(e)(4) SGLR believes that the Subject Line is suitable for use for other public purposes, in particular for trail use. The Subject Line is 12.43 miles in length and connects growing residential and recreational areas that abut the right-of-way for its entire length.

SGLR proposes to consummate the abandonment at the earliest possible date permitted by the Board.

## EMPLOYEE PROTECTION

Although no employees of SGLR are expected to be affected by the abandonment, SGLR recognizes that this abandonment will be made subject to the employee protective conditions in *Oregon Short Line Railroad Co.--Abandonment--Goshen*, 360 ICC 91 (1979).

## ENVIRONMENTAL AND HISTORIC REPORTS

The Environmental/Historic Report, required by 49 C.F.R. §1121.3(a) and §1152.60, was filed with the Board on November 20, 2003, and was served on additional agencies in accordance with the requirements of 49 C.F.R. §§1105.7 and 1105.8. Since that report was filed, SGLR has received a few additional responses, copies of which are attached as Exhibit "B". None of the additional responses raise any environmental or historic concerns about the abandonment.

## NOTICE

Approximately 20 days prior to the filing of this Petition, SGLR notified, in writing, those agencies and shippers referenced in 49 C.F.R. §1152.20[6] , as well as those required under 49 C.F.R. §§1152.60(d) and 1152.50 (d), of its intent to file this Petition. Copies of these notices are attached as Exhibit "C". Further, as shown in the Environmental/Historic Report, SGLR has also complied with the notice requirements of 49 C.F.R. §1105.11, and with the publication requirements 49 C.F.R. §1105.12.

Finally, pursuant to the provisions of 49 C.F.R. §1152.60(c), B&P has attached, as Exhibit "D", a draft *Federal Register* notice of its petition to be published by the Board within 20 days of the petition's filing with the Board. SGLR is also submitting a copy of the draft notice on a computer diskette compatible with the Board's current word processing capabilities.

[6] SGLR's employees are not represented, and therefore notice was not sent to any labor organizations.

## CONCLUSION

For the foregoing reasons, SGLR requests that the Board, under 49 U.S.C. §10502, exempt the abandonment of the Subject Line from regulation under 49 U.S.C. §10903, and handle the exemption on the timing for class exemptions.

Respectfully submitted,

ERIC M. HOCKY
GOLLATZ, GRIFFIN & EWING, P.C.
Four Penn Center
Suite 200
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 563-9400
Attorneys for Seminole Gulf Railway, L.P.

Dated: December 12, 2003

## VERIFICATION

I, Gordon H. Fay, President of Seminole Gulf Railway, Inc., as general partner of Seminole Gulf Railway, L.P., verify under penalty of perjury that the foregoing is true and correct. Further, I certify that I am qualified and authorized to file this Verification.

Dated: December 12, 2003.

Gordon H. Fay