# Exhibit 7

KNOW ALL MEN BY THESE PRESENTS, That the undersigned, ADRIAN C. HONORE, a bachelor of Chicago, Illinois, for and in consideration of the sum of one dollar ($1.00) and other good and valuable considerations this day to him in hand paid, the receipt whereof is hereby acknowledged, does hereby remise, release and forever quit claim unto the SEABOARD AIR LINE RAILWAY, a corporation of the State of Virginia and other States, a right of way for railroad purposes over and across the following described parcels of land, lying and being in the County of Manatee, and State of Florida:

(1) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in Sections three (3) and ten (10), Township thirty-seven (37) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the north line of the northwest quarter of the northeast quarter of Section three (3), Township thirty-seven (37) South, Range eighteen (18) east, seven hundred and twenty-four (724) feet west of the northeast corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, nine thousand eight hundred and fourteen (9814) feet, more or less, across said Section three (3), and crossing the south line of said section at a point eight hundred and eighty-eight (888) feet west of the southeast corner thereof, and across the East one-half of the northeast quarter and the northeast quarter of the southeast quarter of Section ten (10), Township thirty-seven (37) south, Range eighteen (18) East, and crossing the south line of said northeast quarter of the southeast quarter of Section ten (10) at a point thirty-three (33) feet west of the southeast corner thereof, and across the S.E. 1/4 of the S.E. 1/4 of said Section ten (10) to a point on the east line thereof. The said strip of land contains twenty-two and five-tenths (22.5) acres, more or less.

(2) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in Sections fourteen (14), twenty-three (23), twenty-six (26) and thirty-five (35) Township thirty-seven (37) South, Range eighteen (18) East, and Sections two (2), one (1) and twelve (12), Township thirty-eight (38) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows;

Beginning at a point on the North line of the northwest quarter of the northwest quarter of Section fourteen (14), Township thirty-seven (37) South, Range eighteen (18) East, two hundred and fifty-two (252) feet east of the northwest corner thereof; running thence in a straight line South twelve (12) degrees, eleven (11) minutes East, thirty-five thousand

D 0084

one hundred and eighty (35,180) feet, more or less, across Sections fourteen (14), twenty-three (23), twenty-six (26) and thirty-five (35), Township thirty-seven (37) South, Range eighteen (18) East, and Sections two (2), one (1) and twelve (12), Township thirty-eight (38) South, Range eighteen (18) East, crossing the South line of the southeast quarter of the southwest quarter of Section twelve (12) at a point six hundred eighty-eight (688) feet west of the southeast corner thereof. Said strip of land contains _____ acres, more or less.

(3) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in the southeast quarter of Section thirteen (13), Section twenty-four (24) and the northeast quarter of the northeast quarter of Section twenty-five (25), Township thirty-eight (38) south, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the west line of the northwest quarter of the southeast quarter of Section thirteen (13), Township thirty-eight (38) South, Range eighteen (18) East, five hundred and sixty (560) feet, more or less, south of the northwest corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, eight thousand nine hundred and twenty-five (8925) feet, more or less, across the southeast quarter of Section thirteen (13) Section twenty-four (24), and the northeast quarterof the northeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, to a point on the south line of the said northeast quarter of the northeast quarter of Section twenty-five (25), distant five hundred sixty-five (565) feet, more or less, east of the southwest corner thereof. Said strip of land contains twenty and five tenths (20.5) acres, more or less.

(4). A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway, as located across lands, owned by the grantor herein in the northeast quarter of the southeast quarter and the northeast quarter of the southeast quarter of the southeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows:

Beginning at a point on the north line of the northeast quarter of the southeast quarter of Section twenty-five (25), Township thirty-eight (38) South, Range eighteen (18) East, four hundred and sixty-seven (467) feet west of the northeast corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, a distance of two thousand and fifteen (2015) feet, more or less, to a point on the south line of the northeast quarter of the southeast quarter of the southeast quarter of Section twenty-five (25), distant forty-five (45) feet,more or less, west of the southeast corner thereof. Said strip of land contains four and six-tenths (4.6) acres, more or less.

D 0085

TO HAVE AND TO HOLD the said premises unto the said Seaboard Air Line Railway, its successors and assigns and to its or their own proper use, benefit and behoof forever for railroad purposes.

This conveyance is made upon the express condition, however that if the Seaboard Air Line Railway shall not construct upon said land and commence the operation thereon with one year of the date hereof of a line of railroad, or, if at any time thereafter the said Seaboard Air Line Railway shall abandon said land for railroad purposes then the above described pieces and parcels of land shall ipso facto revert to and again become the property of the undersigned, his heirs, administrators and assigns.

IN TESTIMONY WHEREOF the undersigned has hereunto set his hand and seal this 5th day of November, A.D. 1910.

Adrian C Honoré (SEAL)

WITNESSES:

Parke C Archer

[illegible]

State of Illinois, )
) ss.
County of Cook. )

I hereby certify that on this 5th day of November, A.D. 1910, before me, the undersigned authority, personally appeared in the State and County aforesaid, the said Adrian C. Honore, a bachelor, personally known to me to be the individual described in and who executed the above written deed of conveyance, and for himself, acknowledged that he signed, sealed and delivered the said deed freely and voluntarily and for the uses and purposes therein stated.

IN WITNESS WHEREOF I have hereunto set my hand and affixed my Notarial Seal the day and year above written.

Frederick C Hack
Notary Public in and for County of Cook, State of Illinois

My Notarial Commission expires on the 28th day of December A.D.1913.

# Exhibit 8

68707

Cust No. Y-73-2

DEED 83 PAGE 451 44844

THIS INDENTURE, Made this 4 day of Apr., 1927, between B. L. E. Realty Corporation, a corporation of Florida, party of the first part; and Seaboard Air Line Railway Company, a corporation of Virginia and other States, party of the second part;

WITNESSETH, That said B. L. E. Realty Corporation, for and in consideration of the sum of Five Dollars, cash in hand paid, and for other good and valuable considerations, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, aliened, remised and released, and doth by these presents grant, bargain, sell, convey, alien, remise and release, unto the said Seaboard Air Line Railway Company, its successors and assigns, forever, all of its right, title and interest in and to the following real estate situated in Sarasota County, Florida, described as follows, to wit:

1. A strip of land 100 feet wide, that is, fifty feet on each side of center line of railway as located and constructed through the lands of the grantor in Sections 6, 7, 18 and 17, of Township 39 South, Range 19 East, Sarasota County, Florida. The location of the above mentioned center line is described as follows:
Beginning at the present center line of existing railroad where said center line crosses the channel of Curry Creek; thence in a southeasterly direction along the said present center line of railway and along the present center line produced, 5228.7 feet, more or less, to a point in the northwest quarter of the southeast quarter of Section 7, said point being a point of curve, and being 98.3 feet north of the center line of Venice Avenue, Town of Venice, Florida, as measured along the aforesaid center line of railway; thence along a 2° curve to the left 1046.7 feet to a point of tangency, said point being 948.4 feet south of the center of said Venice Avenue, as measured along aforesaid center line of railway; thence tangent to above mentioned line 7884.6 feet, more or less, to a point on the south line of Section 17, said point being 2692.9 feet east of the southwest corner of Section 17, and being the southern limit of the property herein conveyed.

2. Also a tract of land 200 feet by 1607 feet, more or less, in the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of Section 7, Township 39 South, Range 19 East, immediately adjoining on the east the above described strip of land, and bounded as follows:
Beginning at the intersection of the north line of Venice Avenue, in the Town of Venice, Florida, with the east line of the above described strip of land; thence east along the north line of Venice Avenue 203.13 feet to a point; thence northerly along a line drawn parallel to and distant 250 feet easterly from the center line of railway as above described for a distance of 1607 feet to a point; thence west for a distance of 203.13 feet more or less to a point 50 feet east of said center line of railway as above described, as measured at right angles thereto; thence

D 0087

southerly along a line drawn parallel to and distant 50 feet easterly from said center line of railway to the point of beginning.

3. Also all that certain tract of land in Section 17, Township 39 South, Range 19 East, lying between two lines fifty feet distant from and parallel to the center lines of wye track to be constructed, including all that land lying between the legs of said wye track and first above described strip of land. The center lines of said wye track are described as follows: Beginning at a point on the center line of proposed main track 6806.7 feet south of the center of said Venice Avenue, as measured along said center line of railway, said point being a point of curve for proposed wye track; thence along a 6° curve to the left 1503.8 feet to a point of tangency; thence tangent to above line 1000 feet in an easterly direction to a point, said point being the end of tail of proposed wye track; thence retrace last above described line 1000 feet to last aforesaid point of tangency, now a point of curve; thence along a 6° curve to the left, tangent to last described line 1503.8 feet to a point of tangency with center line of proposed main track, said point of tangency being 8717.4 feet, more or less, south of the center of Venice Avenue, as measured along said center line of railway.

TO HAVE AND TO HOLD, together with the rights, members and appurtenances thereunto belonging or appertaining, unto the said party of the second part, its successors and assigns in fee simple, forever.

Total 51.15 acres + additional [illegible]

And the said party of the first part doth hereby fully warrant the title to the said lands and will defend the same against the lawful claims of all persons whomsoever.

IN TESTIMONY WHEREOF, the said party of the first part has caused these presents to be duly signed and sealed the day and year first above written.

Attest: [signature]

Assistant Secretary.

B. [illegible] REALTY CORPORATION

By [signature]

Vice-President

Signed, Sealed and Delivered in the presence of:

M. J. O'Donnell

B. [signature]

# Exhibit 9

DEED 176 PAGE 442 97078

LD 68707
11-10-41
agc

THIS DEED, made this 10th day of November, 1941, between Venice-Nokomis Holding Corporation, a corporation of Florida, party of the first part; and Seaboard Air Line Railway Company, a corporation of Virginia and other States, party of the second part;

W I T N E S S E T H:



That for and in consideration of the sum of One Dollar, cash in hand paid, and of other good and valuable considerations, the receipt of which is hereby acknowledged, the party of the first part has granted, bargained, sold and conveyed, and does by these presents grant, bargain, sell and convey, unto the party of the second part, its successors and assigns, to be held, used and disposed of as a part of the receivership estate and in accordance with such further orders and decrees as may be entered by the United States District Court in the Consolidated Cause of Guaranty Trust Company of New York and Merrel P. Callaway, as Trustees, et al. against Seaboard Air Line Railway Company et al., the following real estate situated in Sarasota County, Florida, described as follows, to-wit:

1. A strip of land 100 feet wide, that is, fifty feet on each side of center line of railway as now located and constructed through the lands of the grantor in Sections 6, 7, 18 and 17, of Township 39 south, Range 19 east, Sarasota County, Florida. The location of the above mentioned center line is described as follows:

Beginning at the center line of the main track of Seaboard Air Line Railway Company where said center line crosses the channel of Curry Creek; thence in a southeasterly direction along the said center line of railway 5228.7 feet, more or less, to a point in the northwest quarter of the south-east quarter of Section 7, said point being a point of curve, and being 98.3 feet, more or less, north of the center line of Venice Avenue, Town of Venice, Florida, as measured along the aforesaid center line of railway; thence along a 2° curve to the left 1046.7 feet to a point of tangency, said point being 948.4 feet, more or less, south of the center of said Venice Avenue, as measured along aforesaid center line of railway; thence tangent to above mentioned line 7884.6 feet, more or less, to a point on the south line of Section 17, said point being 2692.9 feet, more or less, east of the southwest corner of Section 17, and being the southern limit of the property herein conveyed.

2. Also a tract of land 200 feet by 1607 feet, more or less, in the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of Section 7, Township 39 south, Range 19 east, immediately adjoining on the east the above described strip of land, and bounded as follows:

Beginning at the intersection of the north line of Venice Avenue, in the Town of Venice, Florida, with the east line of the above described strip of land; thence east along the north line of Venice Avenue 203.13 feet to a point; thence northerly along a line drawn parallel to and distant 250 feet easterly from the center line of railway as above described for a distance of 1607 feet to a point; thence west for a distance of 203.13 feet, to a point 50 feet east of said center line of railway as above described, as measured at right angles thereto; thence southerly along a line drawn parallel to and distant 50 feet easterly from said center line of railway to the point of beginning.

OFF 138 PAGE 493 62058

DEED 176 PAGE 443

-2-

LD 68707
11-10-41
ago

3. Also all that certain tract of land in Section 17, Township 39 south, Range 19 east, lying between two lines fifty feet distant from and parallel to the center lines of a wye track as same is now located and constructed, including all that land lying between the legs of said wye track and first above described strip of land. The center lines of said wye track are described as follows:

Beginning at a point on the center line of aforesaid main track 6806.7 feet, more or less, south of the center of said Venice Avenue, as measured along said center line of railway, said point being a point of curve for said wye track; thence along a 6° curve to the left 1503.8 feet, more or less, to a point of tangency; thence tangent to above line 1000 feet in an easterly direction to a point, said point being the end of tail of said wye track; thence retrace last above described line 1000 feet to last aforesaid point of tangency, now a point of curve; thence along a 6° curve to the left, tangent to last described line 1503.8 feet, more or less, to a point of tangency with center line of said main track, said point of tangency being 8717.4 feet, more or less, south of the center of Venice Avenue, as measured along said center line of railway.

TO HAVE AND TO HOLD, together with all and singular the rights, members, hereditaments and appurtenances thereunto belonging or in any wise incident or appertaining, unto the party of the second part, its successors and assigns, in fee simple forever, but subject to be held, used and disposed of as a part of the receivership estate as aforesaid.

IN TESTIMONY WHEREOF, Witness the following signatures and seals, the day and year first above written.

Attest:

James T. Moore
Secretary.
Custodian thereof.

VENICE-NOKOMIS HOLDING CORPORATION

By Fred H. Albee President.

Signed, sealed and delivered in the presence of:

Arthur B. Bezerk
A. L. Blalock

D 0090

STATE OF Florida . )
County OF Sarasota. ) ; DEED 176 PAGE 444

Personally appeared before me this 10th day of November, 1941, Fred H. Albee and James T. Blalock, to me well known to be the persons described in and who executed the foregoing instrument as President and Secretary, respectively, of Venice-Nokomis Holding Corporation, a corporation, and to me well known to be the President and the Secretary, respectively, of said corporation, who severally acknowledged that they executed the foregoing instrument as such President and Secretary, respectively, for and on behalf of said corporation, and as its act and deed, for the uses and purposes therein expressed; that they did so under and by virtue of authority conferred upon them by the Board of Directors of said corporation, and that the seal annexed thereto is the genuine seal of said corporation and was affixed thereto by the said Secretary, he being the proper custodian thereof.

Witness my hand and official seal, the date aforesaid.

Alonzo L. Blalock
Notary Public,

ALONZO L. BLALOCK NOTARY PUBLIC STATE OF FLORIDA AT LARGE

My commission expires Notary Public, State of Florida at large. My commission expires June 8, 1943.

FILED FOR RECORD May 4 1942 at 3:45 o'clock P M AND RECORDED May 7 1942 J. R. PEACOCK CLERK

D 0091