**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et al., | ) | |
| | ) | Hon. Mary Ellen Coster Williams |
| Plaintiffs, | ) | |
| | ) | No. 07-273 L |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BIRD BAY EXECUTIVE GOLF COURSE, INC., et al., | ) | |
| | ) | Hon. Mary Ellen Coster Williams |
| Plaintiffs, | ) | |
| | ) | No. 07-426 L |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT AND ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56(h) of the Rules of the Court of Federal Claims, Defendant proposes the following uncontroverted facts:

## I. History of the Subject Corridor

1. The subject corridor extends 12.43 miles, from milepost SW 892 to SW 904.2 in Sarasota County, Florida. Def.'s Ex. 4.

2. Seaboard Air Line Railway ("Seaboard") acquired the subject corridor in a

number of conveyances between 1910 and 1941. See Def.'s Ex. 1; Def.'s Ex. 2; Def.'s Ex. 3.

3. Seaboard acquired a portion of the subject corridor by deed from Adrian C. Honore on November 5, 1910. See Def.'s Ex. 7.

4. The Honore Deed "remise[d], release[d] and forever quit claim[ed] unto the SEABOARD AIR LINE RAILWAY . . . a right of way for railroad purposes." Def.'s Ex. 7.

5. The conveyance in the Honore Deed was made on "the express condition . . . [that] if at any time thereafter the said Seaboard Air Line Railway shall abandon said land for railroad purposes then the . . . [conveyed] pieces and parcels of land shall ipso facto revert to and again become the property of [Adrian C. Honore] his heirs, administrators and assigns." Def.'s Ex. 7 (emphasis in original).

6. Seaboard also acquired a portion of the subject corridor by deed from Venice-Nokomis Holding Corporation on November 10, 1941. Def's Ex. 9.

7. The Venice Deed states that Venice-Nokomis "granted, bargained, sold and conveyed . . . real estate situated in Sarasota County, Florida, described as follows: to wit . . . a strip of land 100 feet wide . . . ." Def.'s Ex. 9.

8. The Venice Deed's habendum clause states that Seaboard would own the property "together with the rights, members and appurtenances thereunto belonging or appertaining, unto the [railroad], its successors and assigns in fee simple, forever." Def.'s Ex. 9.

9. By April 2004, CSX Transportation ("CSX") had succeeded to Seaboard's ownership interest in the real property underlying the subject corridor. See Def.'s Ex. 4.

10. In April 2004, CSX was leasing the subject corridor to Seminole Gulf Railway, L.P. ("SGLR"), and SGLR was the owner of the physical assets on the subject corridor.

See Def.'s Ex. 4.

**II. Proceedings Before the STB and the Transfer of the Subject Corridor**

11. On December 15, 2003, SGLR filed a Petition for Exemption of Abandonment with the Surface Transportation Board ("STB") seeking "an exemption" to allow it to "abandon 12.43 miles of railroad located in Sarasota County, Florida." Def.'s Ex. 5.

12. SGLR, rather than CSX, filed the request for exemption because, as the lessee of the trackage on the corridor, it held a common carrier obligation to maintain service on the line. See Def.'s Ex. 4.

13. On January 20, 2004, Sarasota County filed a request for a NITU permitting interim trail use/rail banking under the Trails Act. Def.'s Ex. 4.

14. Sarasota County worked with the Trust for Public Land ("TPL") during the course of the STB process. See Def's Ex. 6.

15. On April 2, 2004, the STB issued the NITU at the request of Sarasota County, which allowed the County and SGLR to negotiate an agreement for railbanking and interim trail use pursuant to the Trails Act. See Def.'s Ex. 4.

16. On September 28, 2004, TPL and Sarasota County reached a Purchase and Sale Agreement that bound TPL to seek a purchase of the subject corridor and then sell the corridor to Sarasota County. Def.'s Ex. 6.

17. The Purchase and Sale Agreement became the "interim trail use agreement" and provided that the corridor "remain[ed] subject to the jurisdiction of the STB for purposes of reactivating rail service." Def.'s Ex. 6.

18. On December 20, 2004, CSX and the Trust for Public Land ("TPL") reached an

agreement. See Def.'s Ex. 3.

19. Under the agreement, CSX quitclaimed its interest in the subject corridor to TPL. See Def.'s Ex. 3.

20. The agreement between CSX and TPL expressly acknowledged that despite the transfer, the subject corridor remained "subject to the jurisdiction of the STB for purposes of reactivating rail service." See Def.'s Ex. 3.

21. Pursuant to the Purchase and Sale Agreement between Sarasota County and TPL, the subject corridor was later conveyed to Sarasota County. Def's Ex. 6.

22. After acquiring the subject corridor, Sarasota County constructed an interim public recreational trail on the property.

23. Sarasota County is legally responsible for the corridor until such time as rail service is reintroduced. Def's Ex. 6.

**III. The Named Plaintiffs' Property**

24. The portion of the subject corridor abutting the property owned by Plaintiffs Stephen and Linda Rogers was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

25. The portion of the subject corridor abutting the property owned by Plaintiffs Dwight and Carolyn Austin was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

26. The portion of the subject corridor abutting the property owned by Plaintiff Kathy Becker was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

27. The portion of the subject corridor abutting the property owned by Plaintiffs Donald and Judith Duran was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

28. The portion of the subject corridor abutting the property owned by Plaintiff Anne Edwards was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

29. The portion of the subject corridor abutting the property owned by Plaintiffs Edward and Janice Fatica was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

30. The portion of the subject corridor abutting the property owned by Plaintiffs Owen and Laura Harney was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

31. The portion of the subject corridor abutting the property owned by Plaintiffs Jan and Karin Heitmann was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

32. The portion of the subject corridor abutting the property owned by Plaintiffs Kenneth and LaOra Miles was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

33. The portion of the subject corridor abutting the property owned by Plaintiff Denise Rizzo was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

34. The portion of the subject corridor abutting the property owned by Plaintiff Sue

Wetzell Stitt was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

35. The portion of the subject corridor abutting the property owned by Plaintiffs Egbert and Barbara Von Papen was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

36. The portion of the subject corridor abutting the property owned by Plaintiffs Nathan and Deborah Childers was acquired by Seaboard in the Honore Deed. See Def's Ex. 2 ¶ 10(c); Def.'s Ex. 2 at Tab D.

37. The portion of the subject corridor abutting the property owned by Plaintiff A. Merle Clark Glueck Trust was acquired by Seaboard in the Honore Deed. See Def's Ex. 2 ¶ 10(c); Def.'s Ex. 2 at Tab D.

38. The portion of the subject corridor abutting the property owned by Plaintiff Mission Valley Golf and Country Club was acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶ 10(e); Def.'s Ex. 2 at Tab F.

39. The portion of the subject corridor abutting the property owned by Plaintiff Marlin Trusts was acquired by Seaboard in the Honore Deed. See Def's Ex. 2 ¶ 10(c); Def.'s Ex. 2 at Tab D.

40. The portions of the subject corridor abutting the properties owned by Plaintiff Palmer Ranch Holdings, Ltd. were acquired by Seaboard in the Honore Deed. See Def's Ex. 2 ¶¶ 10(a), 10(b); Def.'s Ex. 2 at Tab B, Tab C.

41. The portions of the subject corridor abutting the properties owned by Plaintiff McCann Holdings, Ltd. were acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 at ¶¶

10(c), 10(d); Def.'s Ex. 2 at Tab D, Tab E.

42. The portions of the subject corridor abutting the properties owned by Plaintiff JMC - Real Estate Holdings, LLC were acquired by Seaboard in the Honore Deed. See Def.'s Ex. 2 ¶¶ 10(d), 10(e), 10(f); Def.'s Ex. 2 at Tab E, Tab F, Tab G.

43. The portion of the subject corridor abutting the property owned by Plaintiff Bird Bay Executive Golf Course, Inc. was granted to Seaboard in the Venice Deed. See Def.'s Ex. 2 at ¶ 11, Tab I.

Respectfully submitted this 6th Day of June, 2008,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
William Shapiro
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Counsel for the Defendant.

Of Counsel:
Evelyn Kitay
Surface Transportation Board
Washington, DC