68707

Cust No. Y-73-2

DEED 83 PAGE 451

44844

THIS INDENTURE, Made this 4" day of Jan. 1927, between B. L. E. Realty Corporation, a corporation of Florida, party of the first part; and Seaboard Air Line Railway Company, a corporation of Virginia and other States, party of the second part;

WITNESSETH, That said B. L. E. Realty Corporation, for and in consideration of the sum of Five Dollars, cash in hand paid, and for other good and valuable considerations, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, aliened, remised and released, and doth by these presents grant, bargain, sell, convey, alien, remise and release, unto the said Seaboard Air Line Railway Company, its successors and assigns, forever, all of its right, title and interest in and to the following real estate situated in Sarasota County, Florida, described as follows, to wit:

1. A strip of land 100 feet wide, that is, fifty feet on each side of center line of railway as located and constructed through the lands of the grantor in Sections 6, 7, 18 and 17, of Township 39 South, Range 19 East, Sarasota County, Florida. The location of the above mentioned center line is described as follows:

Beginning at the present center line of existing railroad where said center line crosses the channel of Curry Creek; thence in a southeasterly direction along the said present center line of railway and along the present center line produced, 5228.7 feet, more or less, to a point in the northwest quarter of the southeast quarter of Section 7, said point being a point of curve, and being 98.3 feet north of the center line of Venice Avenue, Town of Venice, Florida, as measured along the aforesaid center line of railway; thence along a 2° curve to the left 1046.7 feet to a point of tangency, said point being 948.4 feet south of the center of said Venice Avenue, as measured along aforesaid center line of railway; thence tangent to above mentioned line 7884.6 feet, more or less, to a point on the south line of Section 17, said point being 2693.9 feet east of the southwest corner of Section 17, and being the southern limit of the property herein conveyed.

2. Also a tract of land 200 feet by 1607 feet, more or less, in the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of Section 7, Township 39 South, Range 19 East, immediately adjoining on the east the above described strip of land, and bounded as follows:

Beginning at the intersection of the north line of Venice Avenue, in the Town of Venice, Florida, with the east line of the above described strip of land; thence east along the north line of Venice Avenue 203.13 feet to a point; thence northerly along a line drawn parallel to and distant 250 feet easterly from the center line of railway as above described for a distance of 1607 feet to a point; thence west for a distance of 203.13 feet more or less to a point 50 feet east of said center line of railway as above described, as measured at right angles thereto; thence

Exhibit A-1

southerly along a line drawn parallel to and distant 50 feet easterly from said center line of railway to the point of beginning.

3. Also all that certain tract of land in Section 17, Township 39 South, Range 19 East, lying between two lines fifty feet distant from and parallel to the center lines of wye track to be constructed, including all that land lying between the legs of said wye track and first above described strip of land. The center lines of said wye track are described as follows: Beginning at a point on the center line of proposed main track 5806.7 feet south of the center of said Venice Avenue, as measured along said center line of railway, said point being a point of curve for proposed wye track; thence along a 6° curve to the left 1503.8 feet to a point of tangency; thence tangent to above line 1000 feet in an easterly direction to a point, said point being the end of tail of proposed wye track; thence retrace last above described line 1000 feet to last aforesaid point of tangency, now a point of curve; thence along a 6° curve to the left, tangent to last described line 1503.8 feet to a point of tangency with center line of proposed main track, said point of tangency being 8717.4 feet, more or less, south of the center of Venice Avenue, as measured along said center line of railway.

Total 51.15 acres + additional lines

TO HAVE AND TO HOLD, together with the rights, members and appurtenances thereunto belonging or appertaining, unto the said party of the second part, its successors and assigns in fee simple, forever.

And the said party of the first part doth hereby fully warrant the title to the said lands and will defend the same against the lawful claims of all persons whomsoever.

IN TESTIMONY WHEREOF, the said party of the first part has caused these presents to be duly signed and sealed the day and year first above written.

Attest:

[signature]
Assistant Secretary.

B. L. M. REALTY CORPORATION

By [signature]
Vice-President

Signed, Sealed and Delivered in the presence of:

M. J. O'Donnell

B. [signature]

DEED 176 PAGE 442 97078

LD 68707
11-10-41
agc

THIS DEED, made this 10th day of November, 1941, between Venice-Nokomis Holding Corporation, a corporation of Florida, party of the first part; and Seaboard Air Line Railway Company, a corporation of Virginia and other States, party of the second part;

W I T N E S S E T H:



That for and in consideration of the sum of One Dollar, cash in hand paid, and of other good and valuable considerations, the receipt of which is hereby acknowledged, the party of the first part has granted, bargained, sold and conveyed, and does by these presents grant, bargain, sell and convey, unto the party of the second part, its successors and assigns, to be held, used and disposed of as a part of the receivership estate and in accordance with such further orders and decrees as may be entered by the United States District Court in the Consolidated Cause of Guaranty Trust Company of New York and Merrel P. Callaway, as Trustees, et al. against Seaboard Air Line Railway Company et al., the following real estate situated in Sarasota County, Florida, described as follows, to-wit:

1. A strip of land 100 feet wide, that is, fifty feet on each side of center line of railway as now located and constructed through the lands of the grantor in Sections 6, 7, 18 and 17, of Township 39 south, Range 19 east, Sarasota County, Florida. The location of the above mentioned center line is described as follows:

Beginning at the center line of the main track of Seaboard Air Line Railway Company where said center line crosses the channel of Curry Creek; thence in a southeasterly direction along the said center line of railway 5228.7 feet, more or less, to a point in the northwest quarter of the southeast quarter of Section 7, said point being a point of curve, and being 98.3 feet, more or less, north of the center line of Venice Avenue, Town of Venice, Florida, as measured along the aforesaid center line of railway; thence along a 2° curve to the left 1046.7 feet to a point of tangency, said point being 948.4 feet, more or less, south of the center of said Venice Avenue, as measured along aforesaid center line of railway; thence tangent to above mentioned line 7884.6 feet, more or less, to a point on the south line of Section 17, said point being 2692.9 feet, more or less, east of the southwest corner of Section 17, and being the southern limit of the property herein conveyed.

2. Also a tract of land 200 feet by 1607 feet, more or less, in the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of Section 7, Township 39 south, Range 19 east, immediately adjoining on the east the above described strip of land, and bounded as follows:

Beginning at the intersection of the north line of Venice Avenue, in the Town of Venice, Florida, with the east line of the above described strip of land; thence east along the north line of Venice Avenue 203.13 feet to a point; thence northerly along a line drawn parallel to and distant 250 feet easterly from the center line of railway as above described for a distance of 1607 feet to a point; thence west for a distance of 203.13 feet, to a point 50 feet east of said center line of railway as above described, as measured at right angles thereto; thence southerly along a line drawn parallel to and distant 50 feet easterly from said center line of railway to the point of beginning.

Exhibit
A-2

DEED 176 PAGE 443

-2-

LD 68707
11-10-41
ago

3. Also all that certain tract of land in Section 17, Township 39 south, Range 19 east, lying between two lines fifty feet distant from and parallel to the center lines of a wye track as same is now located and constructed, including all that land lying between the legs of said wye track and first above described strip of land. The center lines of said wye track are described as follows:

Beginning at a point on the center line of aforesaid main track 6806.7 feet, more or less, south of the center of said Venice Avenue, as measured along said center line of railway, said point being a point of curve for said wye track; thence along a 6° curve to the left 1503.8 feet, more or less, to a point of tangency; thence tangent to above line 1000 feet in an easterly direction to a point, said point being the end of tail of said wye track; thence retrace last above described line 1000 feet to last aforesaid point of tangency, now a point of curve; thence along a 6° curve to the left, tangent to last described line 1503.8 feet, more or less, to a point of tangency with center line of said main track, said point of tangency being 8717.4 feet, more or less, south of the center of Venice Avenue, as measured along said center line of railway.

TO HAVE AND TO HOLD, together with all and singular the rights, members, hereditaments and appurtenances thereunto belonging or in any wise incident or appertaining, unto the party of the second part, its successors and assigns, in fee simple forever, but subject to be held, used and disposed of as a part of the receivership estate as aforesaid.

IN TESTIMONY WHEREOF, Witness the following signatures and seals, the day and year first above written.

Attest:

James T. Morrow
Secretary.

VENICE-NOKOMIS HOLDING CORPORATION

By Fred H. Albee
President.

Signed, sealed and delivered in the presence of:

Gertie B. Blezeck
A. L. Blalock

STATE OF Florida. } DEED 176 PAGE 444
County OF Sarasota. }

Personally appeared before me this 10th day of November, 1941, Fred H. Albee and James T. Blalock, to me well known to be the persons described in and who executed the foregoing instrument as President and Secretary, respectively, of Venice-Nokomis Holding Corporation, a corporation, and to me well known to be the President and the Secretary, respectively, of said corporation, who severally acknowledged that they executed the foregoing instrument as such President and Secretary, respectively, for and on behalf of said corporation, and as its act and deed, for the uses and purposes therein expressed; that they did so under and by virtue of authority conferred upon them by the Board of Directors of said corporation, and that the seal annexed thereto is the genuine seal of said corporation and was affixed thereto by the said Secretary, he being the proper custodian thereof.

Witness my hand and official seal, the date aforesaid.

Alonzo L. Blalock
Notary Public,

My commission expires Notary Public, State of Florida at large. My commission expires June 8, 1943.

FILED FOR RECORD
May 4 1942
at 3:45 o'clock P M
AND RECORDED
May 7 1942
J. R. PEACOCK
CLERK

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SARAH ILLIG, for Herself and as Representative of a Class of Similarly Situated Persons,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 98-934L<br>Judge Bruggink |

**DEFENDANT'S NOTICE OF WITHDRAWAL OF SUMMARY JUDGMENT MOTION**

Defendant hereby respectfully submits this notice of withdrawal of the alternative argument presented as a motion for summary judgment, dated March 22, 1999, and discussed at pages 21-26 of defendant's supporting memorandum, and supported by proposed fact findings at paragraphs 1-6.

Subsequent to receiving title information which established that the documents in plaintiff's chain of title did not support plaintiff's claim of ownership for an underlying fee interest in the subject railroad right-of-way (ROW) area, defendant became aware of Missouri state case law which appears to support the existence of a presumption of law in plaintiff's favor. That is, notwithstanding plaintiff's failure to establish ownership over the ROW area via title documentation, a presumption of law appears to support a claim for such rights merely by virtue of ownership of property adjacent to the ROW. This presumption was applied, for example in Koviak v. Union



Exhibit B

Elec. Co., 442 S.W.2d 934, 938-39 (Mo. 1969), where the court ruled that underlying fee title to a railroad ROW area passed "by operation of law" to the owner of property abutting the ROW area, notwithstanding the fact that the conveyance to the landowner set forth a metes and bounds description which extended only to the border of the ROW area. The policy driving this anomalous interpretation of otherwise plain metes and bounds descriptions of property has been set forth as follows:

> The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public easement in them, and which then become valuable by reason of an abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases.

Paine v. Consumers' Forwarding & Storage Co., 71 F. 626, 632 (6th Cir. 1895). The Missouri Supreme Court in Koviak confirmed the presumption, noting:

> The reasons for this rule are enunciated in the Snoddy case, [], where it is said that: "* * * the rule stands on the ground of policy, and a presumption raised by the law to carry out the policy * * * The rule is of the utmost importance, and is necessary to prevent afterthought strifes and litigation, like the one now in hand, over detached strips and gores of land, generally of no value to anyone save the lot owner."

Koviak, 442 S.W.2d at 937 (quoting state Snoddy v. Bolen, 24 S.W. 932, 934 (1894)). Given the status of defendant's information

regarding plaintiff's property interest, and the presumption afforded to plaintiff by state law, defendant, as an officer of the Court, believes it is appropriate at this time to withdraw its alternative argument regarding the deficiency in plaintiff's chain of title regarding the subject ROW area.

Accordingly, defendant hereby withdraws its motion for summary judgment, dated March 22, 1999, the discussion of that motion at pages 21-26 of the supporting memorandum, and the facts set forth at paragraphs 1-6 of defendant's proposed findings of fact.[1]

Date: April 20, 1999.

Respectfully submitted,

THOMAS L. HALKOWSKI
Environment & Natural Res. Div.
Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
(202) 305-0240 FAX x0274
Attorney for Defendant

OF COUNSEL:
Evelyn Kitay
Office of the Gen'l Counsel
Surface Transportation Board
Washington, D.C.

---

[1] Defendant also notes that prior to submitting a notice of withdrawal, this matter required review and approval by supervisory personnel. Nonetheless, when it became apparent that defendant would likely withdraw its argument regarding the property interest issue, plaintiff's counsel was contacted on April 8, 1999, and so advised. While defendant intended to submit the withdrawal prior to the due date for plaintiff's response, defendant was unable to do so. On April 16, 1999, prior to the submission of their unopposed motion for an extension of time, plaintiff's counsel was advised that defendant had still intended to submit its notice of withdrawal as soon as possible and that a copy would be faxed to plaintiff.