**TIN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STEPHEN J. ROGERS, et al., | ) | |
| | ) | |
| | ) | Hon. Mary Ellen Coster Williams |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-273 L |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| BIRD BAY EXECUTIVE GOLF COURSE, INC., et al., | ) | |
| | ) | |
| | ) | Hon. Mary Ellen Coster Williams |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-426 L |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACTS IN RESPONSE TO GOVERNMENT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

COME NOW Plaintiffs, pursuant to RCFC 56(d)(1) file with this Court their Proposed Findings of Uncontroverted Fact in Response to the Government's Cross-Motion for Summary Judgment on the issue of the federal government's liability for taking the Plaintiffs' property by operation of the Trails Act (16 U.S.C. § 1241) without paying "just compensation" as required by the Fifth Amendment to the United States Constitution. For their Proposed Findings of Uncontroverted Fact, Plaintiffs state as follows:

**A. The conveyance from Adrian C. Honore on November 5, 1910 to the Seaboard Air Line Railway pertains to all named Plaintiffs in *Rogers* and *Bird Bay*, with the exception of Bird Bay Executive Golf Course.**

1. The parties agree that in 1910, Adrian C. Honore granted a railroad right of way to the Seaboard Air Line Railway. (A copy of this conveyance is attached as Tab 1). *Bird Bay*, Govt's Responses to Plaintiffs' Proposed Findings of Uncontroverted Fact ("PFUF"), p. 2-3; *Rogers*, Govt's Responses to P's PFUF, p. 2-3.

2. The parties disagree whether this right of way conveyed by Honore "crosses over" or "abuts" the land now owned by the named Plaintiffs. *Bird Bay*, Govt's Responses to Plaintiffs' Proposed Findings of Uncontroverted Fact ("PFUF"), p. 8-30; *Rogers*, Govt's Responses to P's PFUF, p. 7-32.

3. For all named Plaintiffs in *Bird Bay* (with the exception of Bird Bay Executive Golf Course), the parties agree that the conveyance from Honore is the applicable conveyance that created the section of the right of way "crossing over" or "abutting" the Plaintiffs' land. *Bird Bay*, Govt's Responses to P's PFUF, p. 8.

4. For all named Plaintiffs in *Rogers* (with the exception of Mission Estates Homeowners' Association, Inc.), the parties agree that the instrument from Honore is the instrument that created the section of the right of way "crossing over" or "abutting" the Plaintiffs' land. *Rogers*, Govt's Responses to P's PFUF, p. 7.

5. *Rogers* Plaintiff, Mission Estates Homeowners Association, Inc. ("Mission Estates"), acquired title to its property on March 17, 2000 by the Indenture recorded in the Sarasota County Recorder of Deeds' Office by Instrument Number

2000035024 and the Plat recorded in the Sarasota County Recorder of Deeds' Office as Plat Book 39 Page 6. (A copy of the Indenture by which Mission Estates acquired its property is attached as Tab 2 and a copy of the Plat is attached as Tab 3.)

6. The Honore instrument was the instrument that created the right of way now abutting the land owned by Mission Estates Homeowners Association and the Indenture and Plat by which Mission Estates acquired its property. (See Tabs 2 and 3).

**B. The Bird Bay chain of title shows that the railroad right of way was established and in existence more than a decade before the 1927 acknowledgment of the right of way by B.L.E. Realty and the 1941 acknowledgement of the right of way by Venice-Nokomis Holding Corp.**

7. On May 31, 1910, J.H. Lord and his wife, Frane W. Lord, conveyed a fee simple estate to A. Honore. (A copy of this Indenture recorded in the Manatee County Recorder of Deeds' Office in Book 20, Page 572 is attached as Tab 4.) This conveyance did not mention any railroad right of way or other interest of the Seaboard Air Line Railway.

8. On October 2, 1911, Adrian C. Honore conveyed a fee simple estate to the Sarasota-Venice Company. Adrian C. Honore was president of the Sarasota-Venice Company. (A copy of the Indenture recorded in the Manatee County Recorder of Deeds' Office in Book 29, Page 82 is attached as Tab 5.) This indenture did not mention any railroad right of way or other interest of the Seaboard Air Line Railway.

9. On June 20, 1921, the Sarasota-Venice Company conveyed a fee simple estate to Honore Palmer and Potter Palmer. (A copy of the instrument is recorded in Sarasota County Deed Book 10, Page 40 is attached as Tab 6.)
10. The 1921 deed from Adrian Honore, as president of the Sarasota-Venice Company, to the Palmers conveyed a portion of the larger tract of property owned by Sarasota-Venice Company and included the statement that the land conveyed was subject to the existing Seaboard right of way and the deed references the right of way in its legal description as already being in existence. To wit: "West of the R R right of way and North of Venice Bay." (*See* Tab 6).
11. There is no instrument *prior* to the June 20, 1921 conveyance from Sarasota-Venice Company to the Palmers that references the Seaboard Air Line Railway right of way. (The Plaintiffs have not located any such instrument in the chain of title and the government has not presented any such instrument.)
12. The railroad line between Venice and Sarasota was in operation in 1911. According to the Sarasota County Government History Center, on October 27, 1911 "An early train wreck - the Seaboard train from Venice strikes several cows as it enters the corporate limits of town, suffering derailment." (http://www.scgov.net/CommunityServices/HistoryCenter/Historic_Sarasota/timeline2.asp (last accessed, August 6, 2008)).

**C. The original Seaboard Air Line Railway right of way has since been abandoned and is currently being used by Sarasota County as a paved hiking and biking trail.**

13. "Pursuant to Sarasota County Ordinance No. 07-102, The Legacy Trail is a public greenway Trail and is considered park land." *See* Tab 7, Resolution of the Board of County Commissioners of Sarasota County, Florida, Resolution No. 2008.

14. "In December 2006, Gibbs & Register Inc. of Winter Haven was awarded the contract to design and build the rails-to-trails project along the former railroad corridor connecting Sarasota to Venice." *See* Tab 8, "The Legacy Trail, Sarasota County Rails-to-Trails Project," September 2007. "Design was completed in May 2007." *See id.*

15. "Seven trail head connections are included in the construction of the 10.6 miles of trail. Access at the intersecting streets and crossing signals and/or flashing beacons are also included." *See id.*

16. "Conduit for communication lines, force main and reuse water main are included for portions of the trail." *See id.*

17. There are several other utilities planned for the trail. ("Telecommunication conduits are planned for the entire length of the trail. A force main is planned from Bay Street to the Central County Water Reclamation Facility off McIntosh Road. A reuse water main is planned for Central Sarasota Parkway to the water reclamation facility.") *See id.*

18. Sarasota County is planning to add a concession stand to the southern trailhead of The Legacy Trail.[1] *See* Tab 9, "County Seeking Concessionaire for Venice Train Depot," scgovNEWS, April 8, 2008.

19. Sarasota County intends to convert Venice Train Depot into a concession stand. *See id.*

20. As part of the construction of The Legacy Trail, "six of the eight trestles along the trail also are being replaced or repaired as part of the $14.7 million construction project." *See* Tab 10, "Paving of The Legacy Trail Begins Next Week," scgovNEWS, Jan. 11, 2008.

**D. Neither Seminole Gulf Railroad, CSX, nor any other railroad has paid property taxes on the right of way since the right of way was conveyed to Sarasota County for use as a public-access recreational trail.**

21. The 12.43 mile long abandoned right of way which is now "The Legacy Trail" is comprised of fourteen parcel identification numbers (0134-01-0003, 0162-07-0005, 0405-03-0021, 0427-05-0012, 0429-01-0027, 0140-01-0003, 0382-13-0006, 0164-01-0010, 0153-03-0002, 0151-00-2020, 0407-02-0005, 0138-01-0002, 0383-04-0008, 0121-01-0002).

22. Sarasota County shows itself as the party responsible for any tax obligation for each of these fourteen parcel identification numbers which comprises The Legacy Trail. (As a government entity Sarasota County is exempt from the obligation to pay itself real estate taxes.)(*see* Tab 11, the property tax receipts for each of the

[1] "This is an opportunity for someone to operate a business at a key spot on The Legacy Trail." *See* Tab 12, "County Seeking Concessionaire for Venice Train Depot," scgovNEWS, April 8, 2008.

fourteen parcel identification numbers showing Sarasota County as the legal entity responsible for the property taxes for each parcel).

23. No railroad, including Seminole Gulf and CSX, has paid property taxes on any part of the abandoned railroad right of way since the property was conveyed to The Trust for Public Land, and subsequently, Sarasota County. *See id.*

**E. The location of each Plaintiff's property relative to the right of way and the instrument by which the relevant segment of the right of way was created.**

24. Wilson Miller, a Sarasota Florida land surveying and mapping firm, has prepared maps accurately showing the location of each Plaintiff's land relative to the portion of the former Seaboard right of way and referencing the instrument by which the respective segment of the right of way was established or acknowledged in the chain of title. These maps are attached as Tab 12.[2]

| | |
|---|---|
| Date: August 6, 2008 | LATHROP & GAGE L.C.<br><br>By /s/ Mark F. (Thor) Hearne, II<br>MARK F. (THOR) HEARNE, II<br>LINDSAY S.C. BRINTON<br>MEGHAN S. LARGENT<br>10 South Broadway, Suite 1300<br>St. Louis, MO 63102-1708<br>(314) 613-2500<br>(314) 613-2550 (fax)<br>Thornet@ix.netcom.com<br><br>ATTORNEYS FOR PLAINTIFFS |

[2] The referenced exhibits are attached as an 8 inch by 11 inch sheet and large sheets have been separately filed with the Court and provided to the government.