KNOW ALL M EN BY THESE PRESENTS, That the undersigned, ADRIAN C. HONORE, a bachelor of Chicago, Illinois, for and in consideration of the sum of one dollar ($1.00) and other good and valuable considerations this day to him in hand paid, the receipt whereof is hereby acknowledged, does hereby remise, release and forever quit claim unto the SEABOARD AIR LINE RAILWAY, A CORPORATION OF THE STATE OF VIRGINIA and other States, a right of way for railroad purposes over and across the following described parcels of land, lying and being in the County of Manatee, and State of Florida:

(1) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line RAilway as located across the lands owned by the grantor herein in Sections three (3) and ten (10), Township thirty-seven (37) South of Range eighteen (18) East, Manatee County, Florida; said line being described as follows: Beginning at a point on the north line of the northwest quarter of the northeast quarter of section (3), Township thirty-seven (37) South, Range eighteen (18) east, seven hundred and twenty-four (724) feet of the northeast corner thereof; running thence in a straight line south twelve (12) degrees, eleven (11) minutes east, nine thousand eight hunderd and fourteen (9814) feet, more or less, across said Section three (3), and crossing the South line of said section at a point eight hundred and eighty-eight (888) feet west of the south east corner thereof, and across the East one-half of the northeast quarter and the northeast quarter of the southeast quarter of Section ten (10), Township thirty-seven (37) south Range eighteen (18) East, and crossing the south line of said northeast quarter of the Southeast quarter of Section Ten (10) at a point thirty-three (33) feet west of the southeast corner thereof; and across the SE¼ of the SE¼ of said Section ten (10) to a point on the east line thereof. The said strip of land contains twenty-two and five-tenths (22.5) acres, more or less.

(2) A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the Seaboard Air Line Railway as located across the lands owned by the grantor herein in Sections fourteen (14), twenty-three (23), twenty-six (26) and thirty-five (35) Township thirty-seven (37) South, Range eighteen (18) East, and Sections two (2), one (1) and twelve (12), Township thirty-eight (38) South, Range eighteen (18) East, Manatee County, Florida; said center line being described as follows: Beginning at a point on the North line of the northwest quarter of the Northwest quarter of Section fourteen (14), Township thirty-seven (37) South, Range eighteen (18) East, two hundred and fifty-two (252) feet east of the northwest corner thereof; running thence in a straight line South twelve (12) degrees, eleven (11) minutes East, thirty-five thousand one hundred and eighty (35,180) feet, more or less, across Sections fourteen (14), twenty-three (23), twenty-six (26) and thirty-five (35), Township thirty-seven (37) South, Range eighteen (18) East, and Sections two (2), one (1) and twelve (12), Township thirty-eight (38) South, Range eighteen (18) East, crossing the South line of the southeast quarter of the southwest quarter

Tab 1

This convenance is made upon the express condition, however that if the Seaboard Air Line Railway shall not construct upon said land and commence the operation thereon with one year of the date hereof of a line of railroad, or, if at any time thereafter the said Seaboard Air Line Railway shall abandon said land for railroad purposes then the above described pieces and parcels of land shall ipso facto revert to and again become the property of the undersigned, his heirs, administrators and assigns.

IN TESTIMONY WHEREOF the undersign d has hereunto set his hand and seal this 5th day of November, A. D. 1910.

Witnesses: ADRIAN C. HONORE' (SEAL)

Parks C. Archer

Albert Gaw

STATE OF ILLINOIS, ) SS.
COUNTY OF COOK. )

I hereby certify that on this 5th day of November, A. D. 1910, before me, the undersigned authority, personally appeared in the State and County aforesaid, the said Adrian C. Honore, a bachelor, personally known to me to be the individual described in and who executed the above written. deed of conveyance, and for himself, acknowledged that he signed, sealed and delivere d the said deed freely and voluntarily and for the uses and purposes therein stated.

IN WITNESS WHEREOF I have hereunto set my hand and affixed my Notarial seal the day and year above written.

Frederick C. Hack
Notary Public in and for County of Cook,
State of Illinois.

My Notarial Commission exPires
on the 28th day of December, A. D. 1912.

The foregoing is a true copy of the original instrument, which was filed for record the 14th day of November, A. D. 1910 and recorded the 26th day of December, A. D. 1910.

[illegible]

Clerk.

Re 10.50 doc .70 11.20

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2000035024 2 PGS
2000 MAR 21 05:03 PM
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY, FLORIDA
MBIGGY Receipt#021979

Doc Stamp-Deed: 0.70

Record $10 50
Doc Tax $ 70

Prepared by Patrick W Ryskamp
Williams, Parker, Harrison, Dietz & Getzen
200 South Orange Avenue
Sarasota, FL 34236
(941) 366-4800

275

**INDENTURE**

**THIS INDENTURE,** made this 17th day of March 2000 by and between **MISSION ESTATES, INC.,** a Florida corporation ("Grantor"), whose address is Suite 16, 635 South Orange Avenue, Sarasota, Florida 34236, and **MISSION ESTATES HOMEOWNERS ASSOCIATION, INC.,** a Florida corporation not for profit ("Grantee"), whose address is Suite 16, 635 South Orange Avenue, Sarasota, Florida 34236

**WITNESSETH,** Grantor, in consideration of the sum of ten dollars and other valuable considerations to it in hand paid by Grantee, receipt of which is hereby acknowledged, does hereby grant, bargain, sell and convey to Grantee, its successors and assigns forever, the following described property situate in Sarasota County, Florida, to-wit:

> Tracts "A," "B," "C," and "D," MISSION ESTATES, UNIT ONE, as per plat hereof recorded in Plat Book 39, page 6, Public Records of Sarasota County, Florida.
>
> Tract "E," MISSION ESTATES, UNIT TWO, as per plat thereof recorded in Plat Book 39, page 46, Public Records of Sarasota County, Florida.

(collectively the "Property"), together with all appurtenances, privileges, rights, interests, obligations, reversions, remainders and easements thereunto appertaining

Conveyance of title to the Property is subject to the following exceptions, covenants, limitations, reservations, and conditions, to-wit:

1. Taxes for the year 2000 and subsequent years.

2 Zoning and other governmental regulations.

3 Declaration of Restrictions for Mission Estates recorded in Official Records Book 2994, page 2264, as amended by instruments recorded in the Official Records as Instrument # 1998076727, Instrument # 1998127381, and Instrument # 1998135332, Public Records of Sarasota County, Florida (the "Mission Estates Restrictions").

4 Easements, covenants, conditions, reservations, and restrictions of record

5. Usage and development of the Property shall be restricted as follows:

> Tracts "A," "B," "C," "D," and "E," are part of the "Common Areas" for Mission Estates pursuant to the Mission Estates Restrictions, the use and development of which shall be governed by the Mission Estates Restrictions.

6. No dwelling units shall be constructed on any portion of the Property.

7 Conveyance of the Property to Grantee is subject to all rights of Grantor and other persons and entities set forth in, or arising under, the Mission Estate Restrictions.

Grantee, by the acceptance of this conveyance and by agreement with Grantor, hereby expressly assumes the obligations of and agrees to be bound by all of the covenants, terms, provisions, and conditions set forth in this Indenture, and in the Mission Estate Restrictions, with respect to the Property.

The provisions hereof shall bind and inure to the benefit of the parties hereto and their successors and assigns

2000035024

TAB 2

**IN WITNESS WHEREOF**, Grantor has caused this Indenture to be executed in its name the date above written.

WITNESSES

Signature of Witness
J MICHAEL HARTENSTINE
Print Name of Witness

Signature of Witness
Patrick W. Ryskamp
Print Name of Witness

MISSION ESTATES, INC.

By: ______
Robert A. Richardson
As its President

STATE OF FLORIDA
COUNTY OF SARASOTA

I HEREBY CERTIFY that on this 19th day of March 2000, before me, an officer duly authorized to take acknowledgments in the state and county named above, personally appeared Robert A. Richardson, as President of Mission Estates, Inc., a Florida corporation, to me known to be the person described in and who executed the foregoing instrument, and he acknowledged that he executed the foregoing instrument for and on behalf of the corporation and the partnership as such officer for the purposes therein expressed and that he was duly authorized by the corporation and the partnership to do so.

PATRICK W RYSKAMP
Notary Public State of Florida
My comm expires Nov 28, 2003
Comm No CC 891088

(Notary Seal)

Signature of Notary Public

Patrick W. Ryskamp
Print Name of Notary Public

I am a Notary Public of the State of Florida
and my commission expires on ______

FWR-388381 1

RECORDER'S MEMO: Legibility of writing, typing, or printing for reproductive purpose may be unsatisfactory in this document when received

# MISSION ESTATES
# UNIT ONE

A SUBDIVISION IN
SECTIONS 24 & 25, TOWNSHIP 38 SOUTH, RANGE 18 EAST
AND
SECTIONS 19 & 30, TOWNSHIP 38 SOUTH, RANGE 19 EAST
SARASOTA COUNTY, FLORIDA

PLAT BOOK 39 PAGE 6
SHEET 1 OF 9

97084382

LEGAL DESCRIPTION: MISSION ESTATES

A PORTION OF SECTIONS 24 AND 25, TOWNSHIP 38 SOUTH, RANGE 18 EAST, AND SECTIONS 19 AND 30, TOWNSHIP 38 SOUTH, RANGE 19 EAST, SARASOTA COUNTY, FLORIDA BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT THE NORTHEAST CORNER OF TRACT 58, MISSION VALLEY ESTATES, SECTION "A", AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 11, PAGES 2, 2A AND 2B, PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA, SAID POINT BEING ON THE NORTHWESTERLY RIGHT OF WAY LINE OF MISSION VALLEY BOULEVARD, A 100 FOOT RIGHT OF WAY, AS SHOWN ON THE PLAT OF MISSION VALLEY ESTATES SECTION "B-1", AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 13, PAGES 7, 7A AND 7B, PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA, SAID POINT ALSO BEING ON A CURVE WHOSE RADIUS BEARS S89°08'47"E., A DISTANCE OF 1065.63 FEET; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 01°36'45", A DISTANCE OF 30.01 FEET FOR A POINT OF BEGINNING; THENCE N.89°58'00"W., PARALLEL TO THE NORTH LINE OF SAID MISSION VALLEY ESTATES, SECTION "A" AND 30 FEET NORTH THEREFROM, A DISTANCE OF 2225.52 FEET TO THE EASTERLY RIGHT OF WAY LINE OF SEABOARD GULF RAILWAY, A 100 FOOT WIDE RIGHT OF WAY; THENCE N.11°37'22"W., ALONG SAID EASTERLY RIGHT OF WAY LINE A DISTANCE OF 1450.27 FEET; THENCE N.78°22'30"E., A DISTANCE OF 104.51 FEET; THENCE N.80°35'35"E., A DISTANCE OF 30.14 FEET; THENCE N.78°22'20"E., A DISTANCE OF 103.08 FEET TO A POINT ON A CURVE WHOSE RADIUS BEARS N.87°25'45"E., A DISTANCE OF 307.08 FEET; THENCE NORTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 00°24'50", A DISTANCE OF 2.22 FEET TO A POINT ON SAID CURVE; THENCE N.87°50'35"E., A DISTANCE OF 152.08 FEET TO A POINT ON A CURVE WHOSE RADIUS BEARS N.87°50'35"E., A DISTANCE OF 155.00 FEET; THENCE SOUTHEASTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 17°13'29", A DISTANCE OF 46.60 FEET TO A POINT ON SAID CURVE; THENCE N.70°37'06"E., A DISTANCE OF 156.81 FEET TO A POINT ON THE BOUNDARY OF LANDS OF MISSION VALLEY GOLF AND COUNTRY CLUB, INC.; THENCE ALONG SAID BOUNDARY OF LANDS OF MISSION VALLEY GOLF AND COUNTRY CLUB, INC. THE FOLLOWING NINE COURSES AND DISTANCES: S.12°58'34"W., A DISTANCE OF 3.86 FEET; THENCE S.34°25'30"E., A DISTANCE OF 630.02 FEET; THENCE S.46°58'21"E., A DISTANCE OF 191.58 FEET; THENCE S.58°40'34"E., A DISTANCE OF 326.51 FEET; THENCE S.80°13'25"W., A DISTANCE OF 329.61 FEET; THENCE S.00°13'36"W., A DISTANCE OF 334.81 FEET; THENCE S.89°58'32"E., A DISTANCE OF 1029.54 FEET TO A POINT ON A CURVE WHOSE RADIUS BEARS S.74°21'38"E., A DISTANCE OF 1385.63 FEET; THENCE NORTHEASTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 16°15'07", A DISTANCE OF 385.87 FEET; THENCE S.55°37'14"E., A DISTANCE OF 330.43 FEET TO A POINT ON THE AFOREMENTIONED NORTHWESTERLY RIGHT OF WAY LINE OF MISSION VALLEY BOULEVARD, SAID POINT ALSO BEING ON A CURVE WHOSE RADIUS BEARS S.58°53'19"E., A DISTANCE OF 1065.63 FEET; THENCE SOUTHWESTERLY ALONG THE ARC OF SAID CURVE THROUGH A CENTRAL ANGLE OF 28°38'41", A DISTANCE OF 532.70 FEET TO THE POINT OF BEGINNING.

CONTAINING 45.87 ACRES MORE OR LESS




LOCATION MAP
N.T.S.

## EASEMENT DESCRIPTIONS

### LOT LINE EASEMENTS

UNLESS OTHERWISE INDICATED, EASEMENTS OF 10 FEET IN WIDTH ALONG EACH FRONT AND REAR LOT LINE AND 5 FEET IN WIDTH ALONG EACH SIDE LOT LINE ARE HEREBY CREATED AND PROVIDED FOR THE PURPOSE OF ACCOMMODATING OVERHEAD, SURFACE, AND UNDERGROUND UTILITIES AND DRAINAGE. WHERE AN AREA GREATER THAN ONE LOT IS USED AS A BUILDING SITE, THE OUTSIDE BOUNDARY OF SAID SITE SHALL BE SUBJECT TO THE LOT LINE EASEMENTS. ALL PLATTED UTILITY EASEMENTS HEREON SHALL ALSO BE FOR THE CONSTRUCTION, INSTALLATION, MAINTENANCE, AND OPERATION OF CABLE TELEVISION SERVICES IN ACCORDANCE WITH SECTION 177.091(28) FLORIDA STATUTES.

### DRAINAGE EASEMENTS

MISSION ESTATES, INC., DOES HEREBY GRANT TO MISSION ESTATES HOMEOWNERS ASSOCIATION, INC., A NONEXCLUSIVE EASEMENT FOR STORMWATER DRAINAGE AND RETENTION PURPOSES OVER, UNDER AND ACROSS EACH AREA DEPICTED ON THIS PLAT AS A "PRIVATE DRAINAGE EASEMENT" OR "PUBLIC DRAINAGE EASEMENT".

### UTILITY EASEMENTS

MISSION ESTATES, INC., DOES HEREBY GRANT EXCLUSIVE UTILITY EASEMENTS TO SARASOTA COUNTY, FLORIDA POWER AND LIGHT COMPANY, GENERAL TELEPHONE COMPANY, AND OTHER AUTHORIZED UTILITY COMPANIES FOR THE INSTALLATION AND MAINTENANCE OF UNDERGROUND POWER, GAS, TELEPHONE, WATER, SEWER, ELECTRIC, CABLE TELEVISION, AND OTHER UTILITIES LINES AND FACILITIES OVER, UNDER, AND ACROSS EACH AREA DEPICTED ON THIS PLAT AS A "UTILITY EASEMENT".

### ENTRANCE EASEMENTS

MISSION ESTATES, INC., DOES HEREBY RESERVE FOR ITSELF, ITS SUCCESSORS AND ASSIGNS, A NONEXCLUSIVE EASEMENT FOR INSTALLATION AND MAINTENANCE OF WALLS, SIGNS, LIGHTING, LANDSCAPING, IRRIGATION, WELLS, AND RELATED EQUIPMENT AND FACILITIES OVER, UNDER, AND ACROSS EACH AREA DEPICTED ON THIS PLAT AS AN "ENTRANCE EASEMENT".

### EMERGENCY ACCESS EASEMENTS

MISSION ESTATES, INC., DOES HEREBY GRANT A NONEXCLUSIVE EASEMENT TO SARASOTA COUNTY FOR ACCESS BY ALL EMERGENCY AND LAW ENFORCEMENT PERSONNEL OVER THE AREA DEPICTED ON THIS PLAT AS "EMERGENCY ACCESS EASEMENT".

### MAINTENANCE ACCESS EASEMENTS

MISSION ESTATES, INC., DOES HEREBY GRANT A NONEXCLUSIVE EASEMENT TO MISSION ESTATES HOMEOWNERS ASSOCIATION, INC. FOR ACCESS OVER AND ACROSS EACH AREA DEPICTED ON THIS PLAT AS A "MAINTENANCE ACCESS EASEMENT" AS NECESSARY TO MAINTAIN THE DRAINAGE AND STORMWATER RETENTION AREAS AND FACILITIES OF THE SUBDIVISION.

### PUBLIC UTILITY LIFT STATION EASEMENTS

MISSION ESTATES, INC., DOES HEREBY GRANT A NONEXCLUSIVE EASEMENT TO SARASOTA COUNTY FOR THE INSTALLATION AND MAINTENANCE OF A SEWER LIFT STATION AND RELATED FACILITIES OVER, UNDER, AND ACROSS THE AREA DEPICTED ON THIS THIS PLAT AS "PUBLIC UTILITY LIFT STATION EASEMENT".

## NOTICES

1. THE SUBDIVISION LIES WITHIN FLOOD ZONE "C", AS PER SARASOTA COUNTY FLOOD INSURANCE RATE MAP, PANEL # 125144 0230 D, DATED MAY 1, 1984.
2. ELEVATIONS ARE BASED ON SARASOTA COUNTY BENCHMARK 4349 (SQUARE CUT IN S.E. END OF CONC. CULVERT PIPE AT S.W. CORNER OF INTERSECTION OF MISSION VALLEY BLVD. AND McINTOSH BLVD.) ELEVATION= 10.45, N.G.V.D. 1929 DATUM.
3. NO DIRECT ACCESS OR DRIVEWAY OVER ANY AREA DEPICTED ON THIS PLAT AS AN "ENTRANCE EASEMENT" CONNECTING MISSION VALLEY BOULEVARD TO LOT 1 OR LOT 3 SHALL BE PERMITTED.
4. TRACTS A, B, AND C, BEING WETLAND PRESERVE, WETLAND BUFFER, AND OPEN SPACE AREAS, ARE PART OF THE "COMMON AREAS" FOR THE SUBDIVISION UNDER THE TERMS OF THE DECLARATION OF RESTRICTIONS FOR MISSION ESTATES (THE "MISSION ESTATES RESTRICTIONS"), WHICH SHALL BE MAINTAINED BY MISSION ESTATES HOMEOWNERS ASSOCIATION, INC., AND THE USE OF WHICH SHALL BE GOVERNED BY THE MISSION ESTATES RESTRICTIONS.
5. TRACT D, BEING AN OPEN SPACE AND STORMWATER RETENTION AREA, IS PART OF THE "COMMON AREAS" FOR THE SUBDIVISION UNDER THE TERMS OF THE MISSION ESTATES RESTRICTIONS, WHICH SHALL BE MAINTAINED BY MISSION ESTATES HOMEOWNERS ASSOCIATION, INC., AND THE USE OF WHICH SHALL BE GOVERNED BY THE MISSION ESTATES RESTRICTIONS.
6. EXCEPT FOR ACTIVITIES THAT MAY OTHERWISE BE PERMITTED BY THE SOUTHWEST FLORIDA WATER MANAGEMENT DISTRICT AND SARASOTA COUNTY, NO ACTIVITIES, INCLUDING FILLING, EXCAVATING, REMOVAL OF VEGETATION (BOTH TREES AND UNDERSTORY), AND STORAGE OF MATERIALS, MAY BE UNDERTAKEN OR PERFORMED WITHIN ANY AREA DEPICTED ON THIS PLAT AS A "WETLAND PRESERVE" OR "WETLAND BUFFER".
7. NO BUILDING, WALLS, OR OTHER STRUCTURES (EXCLUDING OPEN MESH FENCES) SHALL BE INSTALLED OR MAINTAINED ON ANY AREA DEPICTED ON THIS PLAT AS A "LANDSCAPE BUFFER".
8. THE MISSION ESTATES RESTRICTIONS ARE RECORDED IN OFFICIAL RECORDS BOOK 2994, PAGE 2364, PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA.
9. A TEMPORARY CUL-DE-SAC AND UTILITY EASEMENT IN FAVOR OF SARASOTA COUNTY, IS RECORDED IN OFFICIAL RECORDS BOOK 2994 PAGE 2384, PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA.
10. MORTGAGEE CONSENT TO DEDICATION IN OFFICIAL RECORD BOOK 2994 PAGE 2386, PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA.

BOB CROSS
PROFESSIONAL LAND SURVEYING
5004 STATE ROAD #64
POST OFFICE BOX 20755
BRADENTON, FLORIDA 34203
(941) 745-1512

### CERTIFICATE OF APPROVAL OF BOARD OF COUNTY COMMISSION

STATE OF FLORIDA :
: SS
COUNTY OF SARASOTA:

IT IS HEREBY CERTIFIED THAT THIS PLAT HAS BEEN OFFICIALLY APPROVED FOR RECORD BY THE BOARD OF COUNTY COMMISSIONERS OF SARASOTA COUNTY, FLORIDA THE 22nd DAY OF July A.D. 19 97

APPROVED:

COUNTY ATTORNEY

CHAIRMAN
BOARD OF COUNTY COMMISSION

COUNTY ENGINEER

### CERTIFICATE OF APPROVAL OF THE COUNTY CLERK

STATE OF FLORIDA :
: SS
COUNTY OF SARASOTA :

I, KAREN E. RUSHING, COUNTY CLERK OF SARASOTA COUNTY, FLORIDA, HEREBY CERTIFY THAT THIS PLAT HAS BEEN EXAMINED AND THAT IT COMPLIES IN FORM WITH ALL THE REQUIREMENTS OF THE STATUTES OF FLORIDA PERTAINING TO MAPS AND PLATS, AND THAT THIS PLAT HAS BEEN FILED FOR RECORD IN THE PLAT BOOK 39 PAGES 6-14 PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA THIS 23 DAY OF July AD 19 97.

COUNTY CLERK
SARASOTA COUNTY, FLORIDA

### CERTIFICATE OF OWNERSHIP AND DEDICATION

STATE OF FLORIDA: )
:SS
COUNTY OF SARASOTA: )

MISSION ESTATES, INC., A FLORIDA CORPORATION, BY ITS DULY ELECTED PRESIDENT, ROBERT A. RICHARDSON, ACTING BY AND WITH THE AUTHORITY OF ITS BOARD OF DIRECTORS, CERTIFIES OWNERSHIP BY SAID CORPORATION OF MISSION ESTATES, UNIT ONE, SHOWN AND DESCRIBED HEREON.

PUBLIC

SAID CORPORATION DOES HEREBY DEDICATE AND SET APART ALL OF THE STREETS, PUBLIC DRAINAGE EASEMENTS, PUBLIC UTILITY LIFT STATION EASEMENTS, UTILITY EASEMENTS, AND EMERGENCY ACCESS EASEMENTS SHOWN AND DESCRIBED ON THIS PLAT FOR SAID USES AND PURPOSES TO THE COUNTY OF SARASOTA FOREVER.

PRIVATE

SAID CORPORATION DOES HEREBY DEDICATE AND SET APART THE PRIVATE DRAINAGE EASEMENTS, LOT LINE DRAINAGE EASEMENTS, ENTRANCE EASEMENTS, AND MAINTENANCE ACCESS EASEMENTS SHOWN AND DESCRIBED ON THIS PLAT FOR SAID USES AND PURPOSES TO MISSION ESTATES HOMEOWNERS ASSOCIATION, INC., AND DOES FURTHER HEREBY DEDICATE AND SET APART THE UTILITY EASEMENTS AND LOT LINE UTILITY EASEMENTS SHOWN AND DESCRIBED ON THIS PLAT FOR SAID USES AND PURPOSES TO AUTHORIZED UTILITY COMPANIES PROVIDING POWER, GAS, TELEPHONE, WATER, SEWER, ELECTRIC, CABLE TELEVISION, AND OTHER UTILITIES SERVICES TO THE SUBDIVISION, SUCH DEDICATIONS BEING SUBJECT TO ANY RIGHTS DEDICATED TO THE COUNTY OF SARASOTA BY THIS PLAT.

IN WITNESS WHEREOF, THE UNDERSIGNED HAS CAUSED THIS CERTIFICATE TO BE EXECUTED IN ITS NAME THIS 16 DAY OF July AD 19 97

BY: Robert A. Richardson
ROBERT A. RICHARDSON, PRESIDENT

WITNESS: (SIGNATURE) (SIGNATURE)
J. Michael Hartshorne (PRINT NAME) Lizabeth Berg (PRINT NAME)

### NOTARY ACKNOWLEDGEMENT

STATE OF FLORIDA: )
:SS
COUNTY OF SARASOTA: )

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS 16 DAY OF July AD19 97 BY ROBERT A. RICHARDSON, AS PRESIDENT OF MISSION ESTATES, INC., A FLORIDA CORPORATION, ON BEHALF OF THE CORPORATION, WHO IS PERSONALLY KNOWN TO ME AND WHO DID NOT TAKE AN OATH.

NOTARY PUBLIC STATE OF FLORIDA AT LARGE

MY COMMISSION EXPIRES: 10-4-98

(STAMP)

### CERTIFICATE OF SURVEYOR

I, THE UNDERSIGNED PROFESSIONAL LAND SURVEYOR, HEREBY CERTIFY THAT THIS PLAT IS A TRUE AND CORRECT REPRESENTATION OF THE LANDS SURVEYED, THAT THE SURVEY WAS MADE UNDER MY RESPONSIBLE DIRECTION AND SUPERVISION, THAT THE SURVEY DATA COMPLIES WITH ALL REQUIREMENTS OF CHAPTER 177, FLORIDA STATUTES AND THE SARASOTA COUNTY LAND DEVELOPMENT REGULATIONS, AS AMENDED, AND THAT THE PERMANENT REFERENCE MONUMENTS (PRM'S) WERE INSTALLED ON 7-8-97. THE PERMANENT CONTROL POINTS (PCP'S) AND BENCH MARKS (BM'S) INSTALLATION DATE WILL BE CERTIFIED BY RECORDED AFFIDAVIT.

DATE OF CERTIFICATION 7-15-97

SIGNATURE

P.L.S.

PROFESSIONAL LAND SURVEYOR
FLORIDA CERTIFICATE NO. 4451
( SURVEYORS SEAL)

TAB
3


RECORDER'S MEMO: Legibility of writing, typing, or printing for reproductive purpose may be unsatisfactory in this document when received
MISSION ESTATES
UNIT ONE
A SUBDIVISION IN
SECTIONS 24 & 25, TOWNSHIP 38 SOUTH, RANGE 18 EAST
AND
SECTIONS 19 & 30, TOWNSHIP 38 SOUTH, RANGE 19 EAST
SARASOTA COUNTY, FLORIDA
PLAT BOOK 39 PAGE 6-A
SHEET 2 OF 9
NOTICE:
THERE MAY BE ADDITIONAL RESTRICTIONS NOT RECORDED ON THIS PLAT THAT MAY BE FOUND IN THE PUBLIC RECORDS OF THIS COUNTY.
BEARINGS SHOWN HEREON ARE BASED ON THE NORTH LINE OF MISSION VALLEY SECTION A BEING N.89°59'00"W.
INDEX MAP
LANDS OF MISSION VALLEY GOLF AND COUNTRY CLUB, INC.
FUTURE
MISSION ESTATES
UNIT TWO
MATCH SHEET 9
MATCH SHEET 8
MATCH SHEET 7
MATCH SHEET 6
MATCH SHEET 5
MATCH SHEET 4
MATCH SHEET 3
GRAPHIC SCALE
0 100 200 400 600
Curve number (D)
Radius= 155.00
Delta= 17°13'29"
Arc= 46.60
Tangent= 23.48
Chord= 46.42
Chord Brg. S.10°46'10"E.
Curve number (C)
Radius= 307.08
Delta= 00°24'50"
Arc= 2.22
Tangent= 1.11
Chord= 2.22
Chord Brg. N.02°21'50"W.
BENCHMARK TABLE
BENCHMARK 360-D, TOP OF NAIL #6432 AT CENTERLINE PI EL.= 13.14
BENCHMARK 360-E, TOP OF 4"CONC.MON.PRM#4451 EL.= 13.29
BENCHMARK 163-C, TOP OF 4"CONC.MON.PRM#4451 EL.= 13.07
BENCHMARK 163-D, TOP OF 4"CONC.MON.PRM#4451 EL.= 12.97
BENCHMARK 163-E, TOP OF 4"CONC.MON.PRM#4451 EL.= 12.26
LEGEND
• CONCRETE MONUMENT (PRM #4451) SET C.M.S. UNLESS NOTED OTHERWISE
• PERMANENT CONTROL POINT #6432 SET. P.C.P. UNLESS NOTED OTHERWISE
° 5/8" IRON ROD #6432 SET.
P.R.M. PERMANENT REFERENCE MONUMENT
(NR) NON-RADIAL LINE
(R) RADIAL
P.C. POINT OF CURVATURE
P.T. POINT OF TANGENCY
P.I. POINT OF INTERSECTION
P.R.C. POINT OF REVERSE CURVE
SQ. FT. SQUARE FEET
P.O.C. POINT ON CURVATURE
P.C.C. POINT OF COMPOUND CURVE
BLS BOUNDARY LINE
CELT CONSERVATION EASEMENT LINE
CENTERLINE
O.R.B. OFFICIAL RECORD BOOK
P.B. PLAT BOOK
P.G.S. PAGES
MON MONUMENT
BENCHMARK 163-D
BENCHMARK 163-C
BENCHMARK 163-E
BENCHMARK 360-E
BENCHMARK 360-D
50' LANDSCAPE BUFFER
S.54°25'30"E. 630.02'
S.46°58'21"E. 191.58'
326.51'
329.61' S.60°03'25"W.
WETLAND PRESERVE
TRACT "C"
TRACT "B"
Curve number 1
Radius= 1395.63
Delta= 16°15'07"
Arc= 395.87
Tangent= 199.27
Chord= 394.54
Chord Brg. N.23°45'56"E.
S.55°37'14"E. 330.43'
S.58°53'19"E. 1065.63' (R)
MISSION VALLEY ESTATES SECTION "B-1" PB. 13, PGS. 7-7B
Curve number 2
Radius= 1065.63
Delta= 28°38'41"
Arc= 532.76
Tangent= 272.07
Chord= 527.22
Chord Brg. S.16°47'21"W.
POINT OF BEGINNING
S.89°59'32"E.
CAPISTRANO DRIVE
N.89°59'00"W. 2225.52'
MORGAN CIRCLE
POINT OF COMMENCEMENT N.E.CORNER TRACT 58
MISSION VALLEY ESTATES SECTION "A"
N.11°37'22"W. 2411.81' OVERALL
N.11°37'22"W.
100'
BOB CROSS
PROFESSIONAL LAND SURVEYING
5004 STATE ROAD 64
POST OFFICE BOX 20755
(941) 746-1512

572

**This Indenture,** made this 31st day of May in the year of our Lord Nineteen Hundred and Ten between J. H. Lord and Francie M. Lord his wife of the County of Manatee, State of Florida, of the first part, and W. C. Mercer of Chicago, Illinois of the second part, WITNESSETH: That the said parties of the first part, for and in consideration of the sum of One dollar and other valuable considerations Dollars, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, and sold, and do by these presents grant, bargain, sell, and convey unto the said party of the second part, his heirs and assigns, forever, the following described tract or parcel of land, to wit: An undivided one third (1/3) interest in all the following described lands: [illegible handwritten legal description of sections, townships and ranges] all in township 38 South Range 19 East; ... all in township 39 South, Range 18 East; ... all in township 39 South, range 19 East; Subject to existing, & all turpentine lease.

15, 16, 21, 22, 27, 28, 29, 30, 31, 32 - 38 - 19

1, 12, 13 - 39 - 18

5, 6, 7, 8, 17, 18, 19, 20, 28, 29, 30, 31, 32, 33 - 39 - 19

containing 9,780.18 acres, more or less, and lying and being in the County of Manatee in said State of Florida, together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, dower, and right of dower, property, possession, claim, and demand whatsoever, in law and in equity, of the said parties of the first part of, in and to the same, with the appurtenances.

TO HAVE AND TO HOLD, unto the said party of the second part, his heirs and assigns, forever, in fee simple; and the said J. H. Lord and Francie M. Lord his wife for themselves and their heirs the above described and hereby granted, and released premises, and every part and parcel thereof, with the appurtenances, unto the said party of the second part, and his heirs and assigns, against the said parties of the first part, and their heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same, or any part thereof, shall and will warrant and by these presents forever defend.

In Testimony Whereof, the said parties of the first part have hereunto set their hands and seals, the day and year above written.

Signed, sealed and delivered in our presence:

K. F. Downing

E. C. Mercer

J. H. Lord (Seal)

Francie M. Lord (Seal)

State of Illinois }
County of Cook County. } on this 31st day of May A. D. 1910

before me personally came J. H. Lord

and Francie M. Lord his wife, to me known to be the persons described in and who executed the foregoing Deed of Conveyance, and severally acknowledged the execution of the same as their free act and deed for the uses and purposes therein specified, and the said Francie M. Lord

the wife of the said J. H. Lord on an examination taken and made separately and apart from her said husband, did acknowledge that she made herself a party to the said deed for the purpose of renouncing and relinquishing her dower and right of dower in and to the lands, tenements, and hereditaments therein described and thereby granted and released, and that such relinquishment of dower was made by her freely and voluntarily, and without any compulsion, apprehension, fear or constraint of or from her husband.

Witness my hand and official seal the date aforesaid.

My commission expires March 17, 1913

(Notarial Seal)

Katherine F. Downing
Notary Public Cook County, Ill.

The above is a true copy of the original deed, which was filed on the 6th day of June, 1910, and was recorded on the 7th day of June, 1910.

Clerk.

Deed Record 20, Manatee County, Fla. Page 12,911

Tab 4

THIS INDENTURE, made this 2nd day of October, A. D. 1911, between Adrian C. Honore' a bachelor, of Chicago, County of Cook and State of Illinois, party of the first part, and Sarasota-Venice Company, a corporation of the State of Florida, party of the second part, WITNESSETH:

That the said party of the first part, for and in consideration of the sum of one dollar ($1) and other good and valuable considerations to him in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, and sold and does by these presents grant, bargain, sell and convey unto the said party of the second part, its successors and assigns, forever, the following property in Manatee County, Florida, to-wit:
An undivided one half interest in & to the following described lands to-wit:

The southeast quarter of the southwest quarter, the north half of the southwest quarter, and the northwest quarter of Section fifteen (15); the east half of Section sixteen (16); the east half of the northeast quarter, the southeast quarter, and the south half of the southwest quarter of Section twenty-one (21); the north half of the northeast quarter, and the west half of Section twenty-two (22); the northwest quarter of the northwest quarter of Section twenty-seven (27); the northeast quarter of the northeast quarter, the west half of the northeast quarter, and the northwest quarter of Section twenty-eight (28); the northeast quarter and the west half of Section twenty-nine (29); the southeast quarter of the northeast quarter, the southeast quarter, and the southeast quarter of the southwest quarter of Section thirty (30); the northeast quarter, the northwest quarter of the southeast quarter, the north half of the southwest quarter, the south half of the northwest quarter, and the northeast quarter of the northwest quarter of Section thirty-one (31); the southeast quarter of the southwest quarter and the west half of the northwest quarter of Section thirty-two (32); all in Township thirty-eight (38) South, Range nineteen (19) East;

Also, Lot one (1) in Section one (1); the east half of Section twelve (12); the east half of the northeast quarter of Section thirteen (13); all in Township thirty-nine (39) South, Range eighteen (18) East;

Also the east half, the south half of the southwest quarter, the northeast quarter of the southwest quarter, and the east half of the northwest quarter of Section five (5); the south half of the northeast quarter, the southeast quarter of the southeast quarter, and lots two (2) and three (3) in Section six (6); the northeast quarter of the northeast quarter, the west half of the northeast quarter, the southeast quarter, and the west half of Section seven (7); all of Section eight (8); all of Section seventeen (17); all of Section eighteen (18); the east half, the southeast quarter of the southwest quarter, and the north half of the northwest quarter of Section nineteen (19); all of Section twenty (20); the

Tab
5

north half of Section twenty-eight (28); the east half, the north half of the southwest quarter, and the northwest quarter of Section twenty-Nine (29); the northeast quarter, the northeast quarter of the southeast quarter, and lots one (1) and two (2) in Section thirty (30); all of fractional Section thirty-one (31); the south half of the northeast quarter, the southeast quarter, the fractional southwest quarter, the south half of the northwest quarter, and the northwest quarter of the northwest quarter of Section thirty-two (32); the northeast quarter of the northeast quarter, the south half of the northeast quarter, and the south half of Section thirtythree; all in Township thirty-nine (39) South, Range nineteen (19) East.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and all estate, right, title, interest, dower or right of dower, property, possession, claim and demand whatsoever, in law or in equity, of the said party of the first part of, in and to the same, with the appurtenances.

TO HAVE AND TO HOLD unto the said party of the second part, its successors and assigns, forever in fee simple. And the said party of the first part for himself and his heirs, the above described and hereby granted and released premises, and every part and parcel thereof, with the appurtenances, unto the said party of the second part, its successors and assigns, against said party of the first part and his heirs, and against all and every person or persons whomsoever lawfully claiming or to claim the same, or any part thereof, shall and will warrant, and by these presents forever defend.

This conveyance is made subject to existing turpentine lease recorded in book 10 of the public records of Manatee County, Florida, at Page 626.

IN TESTIMONY WHEREOF the said party of the first part has hereunto set his hand and seal the day and year first above written.

Signed, Sealed and delivered in the presence of: Adrian C. Honore' (SEAL)

Frederick C Hack

M. H. Whitney

STATE OF ILLINOIS, COUNTY OF COOK)SS.

On this second day of October, A. D. 1911 before me personally came Adrian C. Honore', a bachelor, to me known to be the person described in and who executed the foregoing deed of conveyance and acknowledged the execution of the same as his free act and deed for the uses and purposes therein specified.

Witness my hand and seal the date aforesaid.

Frank P. Page
Notary Public in and for the County of Cook, in the State of Illinois.

RECORD VERIFIED.

My commission expires on the 8th day of February, A. D. 1914. (NOTARIAL SEAL)

The foregoing is a true copy of the original instrument, which was filed for record the 14th and recorded the 16th of October, A. D. 1911.

Clerk.

W DEED

THIS INDENTURE, made this 20th day of June A. D., 1921, between the SARASOTA-VENICE COMPANY, a corporation, organized and existing under the laws of the State of Florida, party of the first part, and HONORE' PALMER and POTTER PALMER, of Chicago, Illinois, Trustees under the Will of Bertha Honore' Palmer, deceased, parties of the second part:

WITNESSETH: That the said party of the first part for and in consideration of the sum of One Dollar and other good and valuable considerations to it in hand paid by the parties of the second part, the receipt of which is hereby acknowledged, has granted, bargained, and sold to the said parties of the second part, their heirs and assigns, forever, the following described land in Sarasota County, Florida, to-wit:

The East Half (E½); East Half (E½) of the Northwest Quarter (NW¼); the Northeast quarter (NE¼) of the Northeast quarter (NE¼) of the Southwest Quarter (SW¼); the South half (S½) of the Northeast Quarter (NE¼) of the Southwest quarter (SW¼); the Southeast quarter (SE¼) of the Southwest quarter (SW¼); the South Half (S½) of the Southwest quarter (SW¼) of the Southwest quarter (SW¼) - Section Five (5).

The South Half (S½) of the Northeast quarter (NE¼), less the South Half (S½) of the Southeast quarter (SE¼) of the Southeast quarter (SE¼) of the Northeast quarter (NE¼); the Southeast quarter (SE¼) of the Southeast quarter (SE¼); Lot Three (3) U. S., except that part deeded to M.T.L. Evans and except Seaboard Air Line Railroad right-of-way, Section Six (6).

The North Half (N½) of the Northeast quarter (NE¼); the Southwest quarter (SW¼) of the Northeast quarter (NE¼); the Northwest quarter (NW¼) of the Southeast quarter (SE¼); the South Half (S½) of the Southeast quarter (SE¼); the Southwest quarter (SW¼); the East Half (E½) of the Northwest quarter (NW¼); the East Half of the Northwest quarter (E½ of NW¼) of the Northwest quarter (NW¼); the Northeast quarter of the Southwest quarter (SW¼) of the Northwest quarter (NW¼) and the South Half (S½) of the Southwest quarter (SW¼) of the Northwest quarter (NW¼) of Section Seven (7), except that portion of the NW¼ West of the R R right of way and North of Venice Bay deeded to M.T.L.Evans. The North Half (N½) of the North Half (N½) of Section Eight (8).

All of Section Sixteen (16)

(All of Section Seventeen (17))

The East Half (E½); the Northwest quarter (NW¼); the East Half (E½) of the Southwest quarter (SW¼); the East Half (E½) of the Northwest quarter (NW¼) of the Southwest quarter (SW¼) of Section Eighteen (18).

The East Half (E½); the Northeast quarter (NE¼) of the Northwest quarter (NW¼); the Southeast quarter (SE¼) of the Southwest quarter (SW¼) of Section Nineteen (19).

All of Section Twenty (20)

The North Half (N½) of Section Twenty-eight (28).

The East Half; the Northwest quarter (NW¼); the North Half (N½) of the Southwest quarter (SW¼) of Section Twenty-nine (29).

0406-07-0001

Tab 6

The Northeast Quarter ($NE\frac{1}{4}$); the Northeast Quarter ($NE\frac{1}{4}$) of the Southeast Quarter ($SE\frac{1}{4}$); and Lots One (1) and Two (2) U. S., Section 30.

Lot One (1) U. S., or all of Fractional Section Thirty-one (31), and all of fractional Section Thirty-two (32), except the North Half ($N\frac{1}{2}$) of the Northeast Quarter ($NE\frac{1}{4}$), and the Northeast Quarter ($NE\frac{1}{2}$) of the Northwest Quarter ($NW\frac{1}{4}$).

The Northeast Quarter ($NE\frac{1}{4}$) of the Northeast Quarter ($NE\frac{1}{4}$); the South Half ($S\frac{1}{2}$) of the Northeast Quarter ($NE\frac{1}{4}$) and the South Half ($S\frac{1}{2}$) of Section Thirty-three (33).

(All of the above lands lying in Township Thirty-nine (39) South, Range Nineteen (19) East, Manatee County, Florida.)

The West Half ($W\frac{1}{2}$) of the Northeast Quarter ($NE\frac{1}{4}$); the South Half ($S\frac{1}{2}$) of the Southeast Quarter ($SE\frac{1}{4}$) of the Northeast Quarter ($NE\frac{1}{4}$), and the Southeast Quarter ($SE\frac{1}{4}$) of Section Twelve (12).

The East Half ($E\frac{1}{2}$) of the Northeast Quarter ($NE\frac{1}{4}$) of the Northeast Quarter ($NE\frac{1}{4}$) of Section Thirteen (13).

Township Thirty-nine (39) South, Range Eighteen (18) East, containing six thousand five hundred ninety-four and 33/100 (6,594.33) Acres, more or less.

And the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, the said party of the first part has caused its corporate name to be hereunto signed by its President and its corporate seal to be hereto affixed the day and year first above written.

Signed, Sealed and Delivered, in our presence:

H. P. Jensen. (Corporate Seal)

F. H. Guenther.

SARASOTA-VENICE COMPANY

By Adrian C. Honore (SEAL)
President.

($104.00 Revenue Stamps attached and cancelled.)

STATE OF FLORIDA, }
COUNTY OF SARASOTA. }

I hereby certify that on this day personally appeared before me, an official duly authorized to administer oaths and take acknowledgments, ADRIAN C. HONORE, president of SARASOTA-VENICE COMPANY, a corporation, to me well known to be the person described in and who executed the within ~~assignment~~ Deed, and duly acknowledged before me that he executed the same for the purposes therein expressed as the act and deed of said corporation.

IN WITNESS WHEREOF I have hereunto set my hand and affixed my official seal at Sarasota, said County and State, this 20th day of June A. D. 1921.

(Notarial Seal)
My Commission expires June 15, 1924.

F. H. Guenther.
Notary Public.

I hereby certify that the above and foregoing is a true and correct copy of the Original, which was filed for record on the 22nd, day of August, A. D. 1921, at 3:00 o'clock P. M. and was recorded on the 26th, day of August, A. D. 1921.

Clerk Circuit Court, Sarasota County, State of Florida.

RECORD VERIFIED