# In the United States Court of Federal Claims

No. 07-273L
No. 07-426L
No. 08-198L
No. 10-187L
No. 10-200L
(Filed: December 20, 2010)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| STEPHEN J. ROGERS, et al., | \* |
| | \*    **Fifth Amendment Taking; Motion** |
| Plaintiffs, | \*    **for Judgment on the Pleadings;** |
| | \*    **Rule 12(c); Standing; Jurisdiction;** |
| v. | \*    **Rule 12(b)(1); Distinction Between** |
| | \*    **Motion for Judgment on the** |
| THE UNITED STATES, | \*    **Pleadings and Motion to Dismiss** |
| | \*    **for Lack of Jurisdiction.** |
| Defendant. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mark (Thor) Hearne, II, Lindsay Brinton, and Meghan Largent, Arent Fox LLP, 112 S. Hanley Drive, Suite 200, Clayton, MO 63105, for Plaintiffs.

Carol Draper and William Shapiro, United States Department of Justice, 601 D. Street, N.W., Room 3114, Washington, D.C. 20530, for Defendant.

---

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING**

---

**WILLIAMS**, Judge.

      Defendant moves the Court to enter judgment on the pleadings or in the alternative, to grant Defendant partial summary judgment with respect to the takings claims of Plaintiffs, William Breda, Jr., and Angelyn P. Breda (the "Bredas"), on the ground that the Bredas lack standing. Because the Bredas did not own property abutting or underlying the railroad corridor at the time of the taking and were not authorized to file suit on behalf of their homeowners'

association, they have not established that they possess the requisite property interest to maintain a takings suit. As such, the Bredas' claims are dismissed for lack of subject matter jurisdiction.[1]

## Background[2]

On February 18, 2000, the Bredas acquired property in Sarasota County, Florida, by a deed recorded in the Sarasota County Recorder of Deeds' Office. Pls.' Response at 1 (citing Am. Compl. Ex. F); Def.'s Mot. at 5 (same). The Bredas' property is designated by the Sarasota County Property Appraiser's Office as Parcel ID Number 0134-16-0001. First Am. Compl. Ex. F; Pls.' Response at 2; Def.'s Mot. at 5. At the time of the purported taking on April 2, 2004, the Bredas did not own property abutting or underlying the rail-trail corridor at issue in this case; nor do they currently own such property. Pls.' Response at 2; Def.'s Mot. at 1, 5-6.[3]

The Bredas brought their takings claims in this matter as members of the Silver Oak Neighborhood Association ("Homeowners' Association"). Pls.' Response at 2; Pls.' Notice Ex. A; Def.'s Mot. at 1, 7. Section 7.10 of the "Declaration of Protective Covenants, Conditions, and Restrictions for Silver Oak" ("Declaration") states:

> The NEIGHBORHOOD ASSOCIATION shall be required to obtain the approval of three-fourths (3/4) of the vote of all MEMBERS (at a duly called meeting of the MEMBERS at which a quorum is present) prior to the payment of legal or other fees to persons or entities engaged by the NEIGHBORHOOD ASSOCIATION for the purpose of suing, or making, preparing or investigating any lawsuit, or commencing any lawsuit other than for: (a) the collection of ASSESSMENTS; (b) the collection of other charges which MEMBERS are obligated to pay pursuant to the SILVER OAK DOCUMENTS; (c) the enforcement of the use and occupancy restrictions contained in the SILVER OAK DOCUMENTS; or (d) in an emergency where waiting to obtain the approval of the OWNERS creates a substantial risk of irreparable injury to all or a portion of the TOTAL LANDS.

Pls.' Notice Ex. A; see also Pls.' Response at 2. Nothing in the pleadings or the record suggests that the Bredas were authorized to file this suit on behalf of the Homeowners' Association. The Homeowners' Association has not filed a takings claim in this case. Pls.' Response at 2.

---

[1] Because standing is a jurisdictional issue, the Court treats Defendant's filing as a motion to dismiss for lack of subject matter jurisdiction. The issue of a party's standing may also be raised by a motion for summary judgment. See 15 James Wm. Moore et al., Moore's Federal Practice § 101.30[1] (3d ed. 2010).

[2] This background is derived from the first amended complaint, the motion papers, and exhibits.

[3] Plaintiffs had previously alleged that the "Breda property abuts and underlies the former SGLR railroad rail line." First Am. Compl. ¶ 35.

## Discussion

This matter comes before the Court on Defendant's motion for judgment on the pleadings. Defendant invokes Rule 12(c), which states that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." In this Court's view, Rule 12(c) is not the appropriate procedural vehicle to address this issue for two reasons. First, because standing is a jurisdictional issue, the proper motion is one to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). See, e.g., Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (recognizing that standing is a jurisdictional issue). Second, because the parties refer to matters outside the pleadings, disposition under Rule 12(c) is not warranted. Under Rule 12(b)(1), when the movant challenges the truth of jurisdictional facts alleged in the complaint, the Court may consider relevant evidence to resolve the factual dispute. Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged."); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) ("If a motion to dismiss for lack of subject matter jurisdiction, however, challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute."); Schultz v. United States, 92 Fed. Cl. 213, 214 nn.1-2, 218 (2010). As such, to resolve a Rule 12(b)(1) motion, the Court may consider matters outside the pleadings and if appropriate, conduct an evidentiary hearing. Id.

Here, the Bredas initially alleged in their complaint that their property did abut and underlie the railroad line, but then changed that allegation in their response to Defendant's motion to dismiss, acknowledging that their property did not in fact abut or underlie the railroad corridor. These facts are now undisputed based upon representations outside the pleadings, making disposition under Rule 12(c) inappropriate. Compare First. Am. Compl. ¶ 35 with Pls.' Response at 2.

The standard of review for Rule 12(c) motions is identical to that for Rule 12(b)(6) motions. See, e.g., Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009). The complaint must contain facts sufficient to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (construing Rule 8 of the Federal Rules of Civil Procedure, which is identical to RCFC 8). To determine whether a complaint states a plausible claim for relief, a court must engage in a context-specific analysis and "draw on its judicial experience and common sense." Id. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

While a Rule 12(b)(6) motion may be brought in lieu of answering a complaint, a Rule 12(c) motion may not be brought until the pleadings are closed. As Defendant recognizes, the Court could convert Defendant's Rule 12(c) motion to a motion for summary judgment. However, in light of the clear precept that standing is jurisdictional, it is preferable to consider the matter under Rule 12(b)(1).

Plaintiffs bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence before the Court proceeds to the merits of the action. Reynolds, 846 F.2d at 748;

BearingPoint, Inc. v. United States, 77 Fed. Cl. 189, 193 (2007).  When determining jurisdiction, the Court must accept as true all undisputed allegations of fact made by the non-moving party and draw all reasonable inferences from those facts in the non-moving party's favor.  Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).  If subject matter jurisdiction cannot be established, the Court must dismiss the complaint.  RCFC 12(h)(3); Naskar v. United States, 82 Fed. Cl. 319, 320 (2008).

To establish standing, a plaintiff must show that he or she has suffered:  (i) an "'injury-in-fact,'" i.e., an "invasion of a legally protected interest that is concrete and particularized and 'actual or imminent, 'not conjectural' or 'hypothetical'"; (ii) a causal connection between the injury and the conduct complained of that is "'fairly'" traceable to the defendant's challenged action and not a consequence of the independent action of a third party not before the Court; and (iii) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations omitted).[4]  As the party invoking federal jurisdiction, the Bredas bear the burden of establishing these elements "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."  Lujan, 504 U.S. at 561 (citations omitted); see also 15 James Wm. Moore et al., Moore's Federal Practice § 101.31 (3d ed. 2010).

The Bredas lack standing to bring takings claims under the Fifth Amendment for the following reasons.  First, Plaintiffs concede that the Bredas' property does not abut or underlie the rail-trail corridor at issue in this case.  Second, Section 7.10 of the Declaration makes clear that the Bredas may only sue on behalf of the Homeowners' Association if they obtain the approval of three-fourths of the vote of the members "at a duly called meeting" of the members where "a quorum is present."  Pls.' Notice Ex. A.  However, the Bredas have not alleged that they obtained the requisite approval to sue on behalf of the Homeowners' Association and further represent that the Homeowners' Association has not filed a takings claim in this case.  As such, Plaintiffs have failed to satisfy their burden to prove that the Bredas have standing to pursue takings claims in this matter.

### Conclusion

Defendant's motion is **GRANTED**.  The Clerk of Court is directed to dismiss all claims of the Bredas and to restyle the caption of the case docketed as 10-187L as Entwistle v. United States.

                                          s/Mary Ellen Coster Williams
                                          **MARY ELLEN COSTER WILLIAMS**
                                          **JUDGE**

---

[4] Although the United States Court of Federal Claims is an Article I court, it applies the same standing requirements enforced by federal courts created under Article III.  Weeks-Marine, Inc. v. United States, 575 F.3d 1352, 1359 (Fed. Cir. 2009).